UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., and INSTITUTE FOR FISHERIES RESOURCES,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF THE INTERIOR, and UNITED STATES BUREAU OF RECLAMATION,**<br><br>Defendants. | 1:16-cv-00307 LJO MJS<br><br>**MEMORANDUM DECISION AND ORDER GRANTING WESTLANDS, SAN LUIS, AND PANOCHE WATER DISTRICTS' UNOPPOSED MOTION TO INTERVENE (Doc.18)** |

## I. INTRODUCTION/BACKGROUND

This suit concerns the United States Bureau of Reclamation's ("Reclamation") Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") adopted for six water service contracts. The project, known as the *Central Valley Project Interim Renewal Contract for Westlands Water District, Santa Clara Water District, and Pajaro Valley Water Management Agency* 2016-2018 ("interim contracts"), authorizes two years of water delivery from Reclamation's Central Valley Project ("CVP") to the interim contractors. North Coast Rivers Alliance, California Sportfishing Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab Boat Owners Association, Inc., and Institute for Fisheries Resources (collectively, "Plaintiffs") allege that Reclamation's EA and FONSI violate the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, because the EA and FONSI lack meaningful environmental review and erroneously conclude

that the interim contracts will have no effect on the environment. Doc. 2.

Plaintiffs name as defendants in this action the United States Department of the Interior ("Interior"), and Reclamation, the federal agency within Interior charged with managing the CVP and approving CVP contracts (collectively, "Federal Defendants").

On May 20, 2016, Westlands Water District ("Westlands"), San Luis Water District, and Panoche Water District (collectively, "Applicants") moved to intervene in this matter as of right or in the alternative for permissive intervention. Doc. 18. Federal Defendants do not oppose Applicants' intervention. Doc. 20.

## II. INTERVENTION AS OF RIGHT.

**A.     Applicants.**

Westlands is a California water district that contracts with Reclamation to receive water through the CVP. Declaration of Jose Gutierrez, Doc. 18-2, at ¶ 2. It is a party to several of the contracts Plaintiffs seek to enjoin. Doc. 18-1, at 2. Westlands services an area of approximately 600,000 acres on the west side of the San Joaquin Valley in Fresno and Kings Counties. Doc. 18-2, at ¶ 2. Its total contractual entitlement from the CVP under the interim renewal contract is 1,195,383 acre feet ("AF") per year. *Id.* at ¶ 10. Westlands allocates water to more than 600 family-owned farms within its service area. *Id.* at ¶ 3.

San Luis Water District is located on the western side of the San Joaquin Valley near the City of Los Banos, in both Merced and Fresno Counties. Declaration of Lon Martin, Doc. 18-3 at ¶ 2. San Luis Water Districts' only long-term water supply for the 64,000 acres within its service area is made available through contracts with Reclamation that are substantially similar to the contracts at issue. The CVP provides a maximum of 125,080 AF per year to the San Luis Water District from the Delta-Mendota Canal ("DMC") and San Luis Canal ("SLC"). *Id.* The District does not own any groundwater wells and has no other long-term contracts for surface water or groundwater supplies. *Id.* at ¶ 4.

Panoche Water District is also located on the western side of the San Joaquin Valley in both

Merced and Fresno Counties. It contracts with Reclamation to receive a maximum of 94,000 AF of CVP water per year supplied by the DMC or SLC through contracts with Reclamation that are substantially similar to the contracts at issue. Declaration of Dennis Falaschi, Doc. 18-4, at ¶ 3. Panoche also has a water supply contract with the Central California Irrigation District and Firebaugh Canal Water District, which provides 3,000 acre feet per year in supplemental water to Panoche through 2033. The purpose of the supplemental contract is to respond to anticipated and ongoing shortages in the CVP contract supply. *Id.* at ¶ 4. The supplemental contract does not increase total water deliveries within Panoche above 94,000 acre feet. *Id.*

Applicants move to intervene as of right or, in the alternative, to permissively intervene.

**B.    Intervention as of Right.**

    **1.    Legal Standard.**

Intervention is governed by Federal Rule of Civil Procedure 24. To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, nonconclusory allegations in the motion . . . as true absent sham, frivolity or other objections." *S.W. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 820 (9th Cir. 2001). A four-part test is used to evaluate a motion for intervention of right:

    (1)    the motion must be timely;

    (2)    the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

    (3)    the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

    (4)    the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc.,* 630 F.3d at 1177.

### 2. **Timeliness.**

In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Applicants moved to intervene on May 20, 2016, approximately a month and a half before the July 8, 2016 deadline for Defendants to respond to the Complaint. Therefore, there can be no debate that the motion is timely.

### 3. **Significant Protectable Interests/Impairment of Interests.**

Here, it is practical to treat the third and fourth factors together. To demonstrate a "significantly protectable interest," a prospective intervenor must establish that "the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *S.W. Ctr.*, 268 F.3d at 818. Finally, intervention of right is only appropriate where disposition of this action may, as a practical matter, impair or impede Applicants' abilities to protect their interests. This requirement demands only a showing that the applicant "would be substantially affected in a practical sense by the determination made in an action." *Id.* at 822.

In the present action, Reclamation and Westlands are contracting parties to several of the interim contracts Plaintiffs challenge. Westlands has contracted for nearly 1,200,000 AF of water annually. Doc. 18-2, at ¶ 10. San Luis Water and Panoche Water Districts likewise contract with Reclamation through interim renewal contracts for water deliveries similar to Westlands' contracts. Doc. 18-3, at ¶ 3; Doc. 18-4, at ¶ 3. Should Plaintiffs prevail, Applicants' interim renewal contracts providing for water delivery may be invalidated. Applicants possess contractually protected interests in deliveries from the CVP. In light of the potential adverse consequences to Applicants' interests if Plaintiffs obtain the relief they seek, the Court concludes that Applicants have satisfied the third and fourth prongs of the intervention

as of right test.

### 4. Existing Parties' Ability to Represent Applicants' Interests.

The remaining issue is whether Applicants' interests are adequately protected by other parties. In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

(1) whether the existing parties will undoubtedly make all of the applicant's arguments;

(2) whether the existing parties are capable of and willing to make the applicant's arguments; and

(3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate and that the burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

It is "well-settled precedent in this circuit" that "[w]here an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens*, 131 F.3d at 1305. This presumption is triggered here because Applicants and Federal Defendants share a similar objective of upholding Reclamation's interim renewal contracts with contracting parties. However, the presumption is rebuttable upon a showing that the applicant and the existing parties "do not have sufficiently congruent interests." *S.W. Ctr.*, 268 F.3d at 823.

Applicants' interests diverge from existing Federal Defendants, who, as operators of the entire CVP, have responsibilities to protect multiple interests. *See Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding federal defendant with interest in management of a resource did not have interests identical to an entity with economic interests in the use of that resource). Moreover, Applicants are particularly concerned that imposing additional constraints upon

Reclamation's discretion would increase the likelihood that Reclamation would impose shortages upon Applicants, a concern that, while assuredly shared by Reclamation, is not of equal import to or impact upon Reclamation itself.

Applicants satisfy all of the requirements for intervention as a matter of right. It is not necessary to address Applicants' alternative request for permissive intervention.

### III. CONCLUSION

Applicants' motion to intervene as a defendant as a matter of right is GRANTED, conditioned upon strictly limiting their participation solely to issues about which they can provide <u>non-repetitive</u>, <u>unique</u> information and/or arguments.

IT IS SO ORDERED.

Dated: **June 13, 2016**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE