# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORTH COAST RIVERS ALLIANCE, *et al*.,** | 1:16-cv-00307-LJO-MJS |
| **Plaintiffs,** | **SECOND ORDER FOR SUPPLEMENTAL BRIEFING RE REQUEST FOR VOLUNTARY REMAND (Doc. 28)** |
| v. | |
| **UNITED STATES DEPARTMENT OF THE INTERIOR, *et al*.,** | |
| **Defendants,** | |
| **WESTLANDS WATER DISTRICT, *et al*.,** | |
| **Intervenor-Defendants.** | |

   This case concerns approval by the United States Department of the Interior and its member agency, the United States Bureau of Reclamation (collectively, "Federal Defendants," "Reclamation," or the "Bureau"), of six interim renewal contracts which authorize delivery of water from March 1, 2016 through February 28, 2018 from federal reclamation facilities to certain water districts served by the federal Central Valley Project ("CVP") and provide for repayment of capital construction costs, as well as operational and maintenance expenses associated with CVP facilities ("2016-18 Interim Contracts"). Doc. 1 (Complaint); Doc 18-2 at 12 & 22 of 67. A coalition of environmental organizations led by the North Coast Rivers Alliance (collectively, "Plaintiffs"), allege, among other things, that Federal

1

Defendants issued a deficient Environmental Assessment ("EA") and associated Finding of No Significant Impact ("FONSI") prior to approval of the Interim Contracts, in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*.

Before the Court for decision is Federal Defendants' request for voluntary remand without vacatur. Doc. 28. Plaintiffs oppose voluntary remand and, in the alternative, request vacatur of both the EA and the Interim Contracts. Doc. 44. On September 23, 2016, the Court issued an Order for Supplemental Briefing, requesting further input on specific issues related to the parties' requests. Doc. 41 ("Briefing Order"). Federal Defendants and Defendant Intervenors[1] filed a joint statement in response to the request for supplemental briefing, Doc. 42, and Plaintiffs followed with a response. Doc. 44. Having reviewed the Parties' filings in light of the entire record, the Court requests further supplemental briefing on the following issue.

Federal Defendants assert that "[i]t would be difficult to vacate the EA without causing at least some of the harms that would follow from vacating the contracts," Doc. 42 at 7, but offer no explanation or support for this assertion. In order to evaluate the equitable factors relevant to determining whether vacatur is appropriate, the Court requires additional information on this subject. Therefore, Federal Defendants are directed to file a supplemental brief no longer than three pages in length (not including any necessary supporting documents or declarations) explaining why vacatur of the EA would cause harms that might be associated with vacating the 2016-18 Interim Contracts. This supplemental brief should take into consideration the fact that in related cases, ongoing water deliveries pursuant to the Operation Criteria and Plan ("OCAP") governing combined operations of the CVP and State Water Project ("SWP") have continued pending completion/revision of relevant NEPA documents. *See, e.g., San Luis & Delta Mendota Water Auth. v. Salazar*, 1:09-cv-00407 LJO BAM. If Defendant Intervenors believe they have unique arguments to make on the issue, they may also file a supplemental brief no

---

[1] On June 14, 2016, the Court granted the unopposed motion to intervene filed by Westlands Water District, San Luis Water District, and Panoche Water District. Doc. 21.

longer than three pages in length. Any such briefs must be filed no later than November 29, 2016. Thereafter, Plaintiffs shall have three days to file a response that may equal the combined length of the briefs filed by Defendants.

IT IS SO ORDERED.

    Dated:   **November 18, 2016**          /s/ Lawrence J. O'Neill
                                                  UNITED STATES CHIEF DISTRICT JUDGE