# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORTH COAST RIVERS ALLIANCE**, *et al.*, <br><br> **Plaintiffs**, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF THE INTERIOR**, *et al.*, <br><br> **Defendants**, <br><br> **WESTLANDS WATER DISTRICT**, *et al.*, <br><br> **Intervenor-Defendants.** | 1:16-cv-00307-LJO-SKO <br><br> **ORDER REQUESTING SUPPLEMENTAL BRIEFING RE LONG-TERM CONTRACT NEPA REVIEW PROCESS** |

This case concerns approval by the United States Department of the Interior and its member agency, the United States Bureau of Reclamation (collectively, "Federal Defendants," "Reclamation," or the "Bureau"), of six interim renewal contracts that authorize delivery of water from March 1, 2016, through February 28, 2018, from federal reclamation facilities to certain water districts served by the federal Central Valley Project ("CVP") ("2016-18 Interim Contracts"). Doc. 64 (First Amended and Supplemental Complaint ("FASC")). The 2016-18 Interim Contracts at issue in this case provide water service to Westlands Water District, Santa Clara Valley Water District, and Pajaro Valley Water Management Agency (collectively, "Interim Contractors"). *See* FASC at ¶ 2. A coalition of environmental organizations led by the North Coast Rivers Alliance (collectively, "Plaintiffs") allege in the FASC's first claim for relief that Federal Defendants issued a deficient Revised Environmental Assessment ("EA") and associated Finding of No Significant Impact ("FONSI") prior to approval of the Interim Contracts, in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. FASC at ¶¶ 45-65.

1

The second claim for relief alleges that Reclamation violated NEPA by failing to prepare an Environmental Impact Statement ("EIS") for the 2016-18 Interim Contracts. *Id*. at ¶¶ 56-59. Currently pending before this Court are cross motions for summary judgment on the merits of remaining claims in this case. ECF Nos. 85, 90, 92.

This case is one of several active, highly complex environmental cases on this Court's docket. The Court normally works to resolve motions in these matters in the order in which they were submitted. Having recently resolved cross-motions in an earlier-filed, related matter, *Natural Resources Defense Council v. Bernhardt*, 1:05-CV-1207-LJO EPG, 2019WL937872 (E.D. Cal. Feb. 26, 2019), the Court plans in the coming days to turn in earnest to the pending motions in the above-captioned case. However, in light of the potential cascading impact of the February 26, 2019 decision in *Bernhardt* on regulatory actions pertaining to the long-term CVP contracts, the Court requests an update from Federal Defendants on the status of any NEPA compliance for the long-term contracts corresponding to the Interim Contracts at issue in this case. To be plain, the Court makes this request because it does not have time to spare and must avoid allocating scarce judicial resources toward the resolution of matters that may be mooted in the near future.[1] Federal Defendants are directed to provide this information to the Court in the form of a brief status report to be filed on or before March 12, 2019. Depending on the content of that status report, the Court may request a response from Plaintiffs or further briefing.

IT IS SO ORDERED.

    Dated: __**February 28, 2019**__          _____/s/ Lawrence J. O'Neill_____
                                                        UNITED STATES CHIEF DISTRICT JUDGE

---

[1] On the present record, in light of the Ninth Circuit's ruling in *Pac. Coast Fed'n of Fishermen's Ass'ns v. U.S. Dep't of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), the claims in this case do not appear to be moot, even though the relevant contract period has expired, because "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." *Id*.