# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORTH COAST RIVERS ALLIANCE**, *et al.*, | 1:16-cv-00307-LJO-SKO |
| **Plaintiffs**, | **ORDER REQUESTING ADDITIONAL SUPPLEMENTAL FILING RE MOOTNESS** |
| v. | |
| **UNITED STATES DEPARTMENT OF THE INTERIOR**, *et al.*, | |
| **Defendants**, | |
| **WESTLANDS WATER DISTRICT**, *et al.*, | |
| **Intervenor-Defendants**. | |

This case concerns approval by the United States Department of the Interior and its member agency, the United States Bureau of Reclamation (collectively, "Federal Defendants," "Reclamation," or the "Bureau"), of six interim renewal contracts that authorize delivery of water from March 1, 2016, through February 28, 2018, from federal reclamation facilities to certain water districts served by the federal Central Valley Project ("CVP") ("2016-18 Interim Contracts"). ECF No. 64 (First Amended and Supplemental Complaint ("FASC")). The 2016-18 Interim Contracts at issue in this case provide water service to Westlands Water District ("Westlands"), Santa Clara Valley Water District ("Santa Clara"), and Pajaro Valley Water Management Agency ("Pajaro") (collectively, "Interim Contractors"). *See* FASC at ¶ 2. A coalition of environmental organizations led by the North Coast Rivers Alliance (collectively, "Plaintiffs") allege in the FASC's first claim for relief that Federal Defendants issued a

1

deficient Revised Environmental Assessment ("EA") and associated Finding of No Significant Impact ("FONSI") prior to approval of the 2016-18 Interim Contracts, in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. FASC at ¶¶ 45-65. The second claim for relief alleges that Reclamation violated NEPA by failing to prepare an Environmental Impact Statement ("EIS") for the 2016-18 Interim Contracts. *Id*. at ¶¶ 56-59. Currently pending before this Court are cross motions for summary judgment on the merits of remaining claims in this case. ECF Nos. 85, 90, 92.

The Court recently requested a report from Federal Defendants concerning "the status of any NEPA compliance for the long-term contracts corresponding to the Interim Contracts at issue in this case." ECF No. 99. The Court made this request "because it does not have time to spare and must avoid allocating scarce judicial resources toward the resolution of matters that may be mooted in the near future." *Id*. Federal Defendants filed a status report in which they assert:

> As of this filing, Reclamation no longer intends to pursue the issuance of new long-term water service contracts to Westlands under the authority of [Central Valley Project Improvement Act ("CVPIA"), Pub. L. No. 102-575,] § 3404. Rather, based on the authority and direction provided in the 2016 Water Infrastructure Improvements of the Nation ("WIIN") Act, Pub. L. 114-322, § 4011, Reclamation intends to convert Westlands' existing water service contracts into repayment contracts (which include existing water delivery provisions).
>
> Section 4011 of the WIIN Act directs the Secretary of the Interior, upon the request of a contractor with a long-term water service contract, to convert that contract to a repayment contract under specified terms. Westlands Water District has requested conversion of the water-service contracts corresponding to the Interim Contracts to repayment contracts under the WIIN Act. Reclamation thus construes the conversion of the contracts under the direction of the WIIN Act as a non-discretionary action that is not subject to the requirements of NEPA.
>
> At this time, Reclamation cannot be certain when the WIIN Act conversion of any of Westlands' contracts might be completed, except that Reclamation would need to complete any such conversion before the authority provided by the WIIN Act expires on December 16, 2021. See WIIN Act, § 4013.

*Id*. at ¶¶ 3-5.

2

The report raises more questions than it answers. The Court cannot tell whether Federal Defendants are being deliberately cryptic or whether the Court simply failed to make clear the underlying threshold jurisdictional question(s) that must be answered. This case <u>already is technically moot</u> because the 2016-18 Interim Contracts have expired. However, pursuant to the Ninth Circuit's ruling in *Pacific Coast Federation of Fishermen's Associations v. U.S. Dep't of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." What the Court needs information on now is whether this mootness <u>exception</u> still applies to the contracts at issue in this case. Even though Federal Defendants do not appear to be encouraging the Court to revisit the matter, mootness is a jurisdictional issue the Court must nonetheless address *sua sponte*. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) (raising *sua sponte* mootness and the capable of repetition yet evading review exception because it is a question of subject matter jurisdiction); *see also Ackley v. W. Conference of Teamsters*, 958 F.2d 1463, 1469 (9th Cir. 1992) ("It is the defendant, not the plaintiff, who must demonstrate that the alleged wrong will not recur."). "A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied." *Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977).

Among other things, Federal Defendants' status report indicates that future contracts between Reclamation and Westlands will not be executed under CVPIA § 3404; they will instead be converted into repayment contracts pursuant to the WIIN Act. In addition, the status report states that Reclamation "construes the conversion of the contracts under the direction of the WIIN Act as a non-discretionary action that is not subject to the requirements of NEPA." But, what exactly Federal Defendants mean by this is unclear. Do they mean to suggest the Westlands contracts will no longer be subjected to any NEPA review? If so, without expressing any opinion as to the merits of that assertion, adopting such an

approach would have consequences for the mootness analysis here, at least with respect to Westlands' contracts. If some form of NEPA review is contemplated for those contracts, other questions raised by the status report include whether Reclamation plans to tier any such review off the CVPIA Programmatic Environmental Impact Statement, an approach adopted in the NEPA document challenged here, AR 102, and one that forms the basis for several of Plaintiffs' arguments on summary judgment. *See generally* ECF No. 85-1. In addition, Federal Defendants' status report does not address Reclamations plans for the Santa Clara or Pajaro contracts.

Accordingly, Federal Defendants are instructed to submit yet another supplemental filing addressing directly the question of whether the disputes presented in this case are capable of repetition. In responding, they must consider the nature of the claims and the entire scope of this lawsuit, including the fact that the NEPA review challenged here purports to cover the Santa Clara and Pajaro Interim Contracts. If Federal Defendants are unable to answer these questions with clarity at this time, they must explain why they are unable to do so and when such information is likely to become available. Depending on the information provided, the Court may consider staying this matter until additional information becomes available. This is not a game of hide the ball. Federal Defendants are reminded that they are Officers of, and presently joined in a controversy before, this Court. The Court requires this information to address critical jurisdictional issues.

Federal Defendants are directed to supplement their filing regarding mootness on or before April 4, 2019. Thereafter, Plaintiffs shall have fourteen days to file a response.

IT IS SO ORDERED.

Dated: **March 19, 2019**       **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE