UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants, <br><br> WESTLANDS WATER DISTRICT, *et al.*, <br><br> Intervenor-Defendants. | 1:16-cv-00307-LJO-SKO <br><br> **ORDER SETTING EVIDENTIARY HEARING ON ISSUE OF MOOTNESS** |

This case concerns approval by the United States Department of the Interior and its member agency, the United States Bureau of Reclamation (collectively, "Federal Defendants," "Reclamation," or the "Bureau"), of six interim renewal contracts that authorized delivery of water from March 1, 2016, through February 28, 2018, from federal reclamation facilities to certain water districts served by the federal Central Valley Project ("CVP") ("2016-18 Interim Contracts"). ECF No. 64, First Amended and Supplemental Complaint ("FASC"). The 2016-18 Interim Contracts at issue in this case provided water service to Westlands Water District ("Westlands"), Santa Clara Valley Water District ("Santa Clara"), and Pajaro Valley Water Management Agency ("Pajaro") (collectively, "Interim Contractors"). *See* FASC at ¶ 2. The 2016-18 Interim Contracts are part of a long line of two-year interim contracts executed in recent years to provide CVP water to contractors with expired long-term water service contracts, pending the anticipated execution of new long-term water service contracts after the

completion of appropriate environmental review. *See* Central Valley Project Improvement Act ("CVPIA"), Pub. L. No. 102-575, 106 Stat. 4600 (1992), §§ 3402, 3404.

A coalition of environmental organizations led by the North Coast Rivers Alliance (collectively, "Plaintiffs") allege in the FASC's first claim for relief that Federal Defendants issued a deficient Revised Environmental Assessment ("EA") and associated Finding of No Significant Impact ("FONSI") prior to approval of the 2016-18 Interim Contracts, in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. FASC at ¶¶ 45-65. The second claim for relief alleges that Reclamation violated NEPA by failing to prepare an Environmental Impact Statement ("EIS") for the 2016-18 Interim Contracts. *Id*. at ¶¶ 56-59. The latter claim was dismissed on March 9, 2018. ECF No. 78. Currently pending before this Court are cross-motions for summary judgment on the merits of certain aspects of the remaining claims in this case.[1] ECF Nos. 85, 90, 92.

The Court recently requested input from the parties addressing the issue of mootness. ECF Nos. 99 & 101. The backdrop for the mootness inquiry includes the Ninth Circuit's ruling in *Pacific Coast Fed'n of Fishermen's Associations v. U.S. Department of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), which held that challenges to interim contracts like those at issue in this case are not moot, even though the relevant contract period has expired, because "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." *Id*. However, on March 12, 2019, in response to the Court's request for supplemental briefing, the United States revealed that Reclamation "no longer intends to pursue the issuance of new long-term water service contracts to Westlands under the authority of CVPIA § 3404. Rather, based on the authority and direction provided in the 2016 Water

---

[1] As Reclamation points out, *see* ECF No. 102 at 2, Plaintiffs do not address the adequacy of the Santa Clara and Pajaro contracts in their motion for summary judgment, ECF No. 85-1, which, given that the remaining APA claim in this case is to be decided on cross-motions for summary judgment, renders any such claim abandoned as to the Santa Clara and Pajaro contracts.

2

Infrastructure Improvements of the Nation ("WIIN") Act, Pub. L. 114-322, § 4011, Reclamation intends to convert Westlands' existing water service contracts into repayment contracts," which, according to Reclamation, will not be "subject to the requirements of NEPA." ECF No. 100 at ¶¶ 3-4. As of March 12, 2019, Reclamation indicated it could not be "certain when the WIIN Act conversion of any of Westlands' contracts might be completed, except that Reclamation would need to complete any such conversion before the authority provided by the WIIN Act expires on December 16, 2021." *Id.* at ¶ 5 (citing WIIN Act, § 4013).

On March 19, 2019, pointing out that it has a *sua sponte* obligation to determine whether a case is moot, the Court again requested additional information from Reclamation:

> [Reclamation's filing] raises more questions than it answers. The Court cannot tell whether Federal Defendants are being deliberately cryptic or whether the Court simply failed to make clear the underlying threshold jurisdictional question(s) that must be answered. This case <u>already is technically moot</u> because the 2016-18 Interim Contracts have expired. However, pursuant to the Ninth Circuit's ruling in *Pacific Coast Federation of Fishermen's Associations v. U.S. Dep't of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." What the Court needs information on now is whether this mootness <u>exception</u> still applies to the contracts at issue in this case. Even though Federal Defendants do not appear to be encouraging the Court to revisit the matter, mootness is a jurisdictional issue the Court must nonetheless address *sua sponte*. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) (raising *sua sponte* mootness and the capable of repetition yet evading review exception because it is a question of subject matter jurisdiction); *see also Ackley v. W. Conference of Teamsters*, 958 F.2d 1463, 1469 (9th Cir. 1992) ("It is the defendant, not the plaintiff, who must demonstrate that the alleged wrong will not recur."). "A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied." *Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977).

ECF No. 101 at 3 (emphasis in original).

In response, the United States outlined the anticipated process for converting under the WIIN Act long-term water service contracts (pursuant to which a contractor pays service charges to

Reclamation every year over a fixed term) into repayment contracts (pursuant to which the contractor will repay remaining construction costs associated with water deliveries either in a lump sum or in equal installments over a period not to exceed three years). ECF No. 102 at ¶ 7. Thus far, Reclamation has received requests from 70 Central Valley Project contractors (including Westlands) to convert water service contracts to repayment contracts. *Id*. at ¶ 9. According to judicially noticeable information submitted by Plaintiffs, Reclamation has requested that interested contractors submit any such requests by April 30, 2019, a window that will soon close. ECF No. 103-1, Ex. 1 at 5 (ECF p. 9 of 28). However, Reclamation cannot be sure at this time whether conversion of the contracts at issue in this case will take place before the present Interim Contracts expire on February 29, 2020. ECF No. 102 at ¶ 12.

If the Court could be sure that Reclamation would complete the WIIN Act conversions of the contracts at issue in this case prior to February 29, 2020, this case would be moot, because the challenged conduct would not repeat. What is less clear is how the relevant mootness jurisprudence applies in the present circumstances, where it is decidedly unclear whether and/or when any such conversions will take place. Reclamation argues that its "intent" to pursue the WIIN Act conversions "casts doubt" on the "serial nature" of the conduct challenged in this lawsuit. ECF No. 102 at ¶ 12. Relying (reasonably) on the authorities cited by the Court in its March 19, 2019 Order, Plaintiffs rejoin that Defendants have not met their burden to demonstrate that "the alleged wrong will not recur." *See* ECF No. 103 at 4. Plaintiffs suggest the standard is at least one step more onerous than that which the Court articulated, by citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72 (1983), for the proposition that Reclamation "must establish that 'there is no reasonable likelihood that the wrong will be repeated.'" *See* ECF No. 103 at 4.

The Court has revisited the legal standards in detail. The more onerous standard articulated by Plaintiffs applies where the voluntary discontinuance of challenged activities by a defendant moots a lawsuit, but it is unclear whether this standard applies under the circumstances of the present case. *See Iron Arrow*, 464 U.S. at 72 (reviewing cases and then assuming without deciding that the more onerous

4

standard applied where case mooted by voluntary conduct of a third party, non-defendant). Here, the WIIN Act appears to <u>require</u> conversion of water service contracts to repayment contracts upon request. WIIN Act § 4011 (Secretary of the Interior "shall" convert a contract to a repayment contract if the contractor requests the conversion, pays off any amounts owing on its existing water service contract, and pays its share of the capital costs for the project).

More generally the "capable-of-repetition" exception to mootness applies "only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (internal quotations omitted). Here, the crux of the inquiry is whether there is a "reasonable expectation" of repeat conduct. The Supreme Court shed some light (or confusion – depending on how you see it) on how to apply this standard in *Honig v. Doe*, reasoning that "reasonable expectation" in the context of the "capable-of-repetition" exception does not require a "demonstrated probability" that the event will recur. 484 U.S. 305, 319 n.6 (1988); *see, e.g., Barry v. Corrigan*, 79 F. Supp. 3d 712, 725 (E.D. Mich. 2015) ("[I]t is not necessary to show that recurrence of the dispute is more probable than not, only that controversy is *capable* of repetition." (alterations and quotation marks omitted)).

Here, the Court's concern is far from esoteric under any of these standards. The United States has presented information that suggests it is possible (although unclear how probable) that the challenged conduct will not recur <u>ever again</u>, at least not as presented in any remaining, non-abandoned claims in this case. The Court believes it does not yet have enough information to make the requisite determination about how to proceed. On the one hand, the Court is hesitant to allocate its scarce resources toward issuance of a decision that may soon be rendered advisory. On the other hand, the Court recognizes that Plaintiffs' motion has been under submission for several months and that, if any of the claims are meritorious and another round of interim contracts is planned, the window for the Court to issue meaningful relief is not endless.

Accordingly, and in light of Reclamation's request that all contractors interested in conversion under the WIIN Act notify Reclamation of that interest by April 30, 2019, on or before July 16, 2019, the United States and Westlands are directed to file a joint status report, no longer than ten pages in length, exclusive of supporting materials, outlining the status of and any schedule for conversion under the WIIN Act as to the contracts at issue in the cross-motions for summary judgment. Unless the possibility has been foreclosed completely by subsequent developments, the joint report shall also outline the anticipated schedule for performing environmental review of any relevant interim contracts. On or before July 23, 2019, Plaintiffs may file a response of equal or lesser length. In the event these filings do not resolve the factual questions underlying the mootness inquiry, the Court sets an evidentiary hearing for **July 31, 2019 at 8:30 a.m. in Courtroom 4**. The parties should be prepared to present relevant evidence on any planned or anticipated WIIN Act conversion of Westlands' contracts. Unless otherwise notified by the Court, on or before noon on July 26, 2019, the parties shall file a joint statement naming the witnesses they intend to call at the evidentiary hearing, the duration of their anticipated testimony, and a summary of the subject(s) each witness will cover. Meanwhile, the Court will hold the pending motions in abeyance.

IT IS SO ORDERED.

Dated: **April 18, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE