# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORTH COAST RIVERS ALLIANCE**, *et al.*, | 1:16-cv-00307-LJO-SKO |
| **Plaintiffs,** | **ORDER RE STATUS OF PENDING CROSS MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| **UNITED STATES DEPARTMENT OF THE INTERIOR**, *et al.*, | |
| **Defendants,** | |
| **WESTLANDS WATER DISTRICT**, *et al.*, | |
| **Intervenor-Defendants.** | |

This case concerns approval by the United States Department of the Interior and its member agency, the United States Bureau of Reclamation (collectively, "Federal Defendants," "Reclamation," or the "Bureau"), of six interim renewal contracts that authorized delivery of water from March 1, 2016, through February 28, 2018, from federal reclamation facilities to certain water districts served by the federal Central Valley Project ("CVP") ("2016-18 Interim Contracts"). ECF No. 64, First Amended and Supplemental Complaint ("FASC"). The 2016-18 Interim Contracts at issue in this case provided water service to Westlands Water District ("Westlands"), Santa Clara Valley Water District ("Santa Clara"), and Pajaro Valley Water Management Agency ("Pajaro") (collectively, "Interim Contractors"). *See* FASC at ¶ 2. The 2016-18 Interim Contracts are part of a long line of two-year interim contracts executed in recent years to provide CVP water to contractors with expired long-term water service

1

contracts, pending the anticipated execution of new long-term water service contracts after the completion of appropriate environmental review. *See* Central Valley Project Improvement Act ("CVPIA"), Pub. L. No. 102-575, 106 Stat. 4600 (1992), §§ 3402, 3404.

A coalition of environmental organizations led by the North Coast Rivers Alliance (collectively, "Plaintiffs") allege in the FASC's first claim for relief that Federal Defendants issued a deficient Revised Environmental Assessment ("EA") and associated Finding of No Significant Impact ("FONSI") prior to approval of the 2016-18 Interim Contracts, in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. FASC at ¶¶ 45-65. The second claim for relief alleges that Reclamation violated NEPA by failing to prepare an Environmental Impact Statement ("EIS") for the 2016-18 Interim Contracts. *Id*. at ¶¶ 56-59. The latter claim was dismissed on March 9, 2018. ECF No. 78. Currently pending before this Court are cross-motions for summary judgment on the merits of certain aspects of the remaining claims in this case.[1] ECF Nos. 85, 90, 92.

In late February 2019, the Court requested input from the parties addressing the issue of mootness. ECF Nos. 99 & 101. The backdrop for the mootness inquiry includes the Ninth Circuit's ruling in *Pacific Coast Fed'n of Fishermen's Associations v. U.S. Department of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), which held that challenges to interim contracts like those at issue in this case are not moot, even though the relevant contract period has expired, because "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." *Id*. However, on March 12, 2019, in response to the Court's request for supplemental briefing, the United States revealed that Reclamation "no longer intends to pursue the issuance of new long-term water service contracts to Westlands under

---

[1] As Reclamation points out, *see* ECF No. 102 at 2, Plaintiffs do not address the adequacy of the Santa Clara and Pajaro contracts in their motion for summary judgment, ECF No. 85-1, which, given that the remaining APA claim in this case is to be decided on cross-motions for summary judgment, renders any such claim abandoned as to the Santa Clara and Pajaro contracts.

2

the authority of CVPIA § 3404. Rather, based on the authority and direction provided in the 2016 Water Infrastructure Improvements of the Nation ("WIIN") Act, Pub. L. 114-322, § 4011, Reclamation intends to convert Westlands' existing water service contracts into repayment contracts," which, according to Reclamation, will not be "subject to the requirements of NEPA." ECF No. 100 at ¶¶ 3-4. As of March 12, 2019, Reclamation indicated it could not be "certain when the WIIN Act conversion of any of Westlands' contracts might be completed, except that Reclamation would need to complete any such conversion before the authority provided by the WIIN Act expires on December 16, 2021." *Id.* at ¶ 5 (citing WIIN Act, § 4013).

On March 19, 2019, pointing out that it has a *sua sponte* obligation to determine whether a case is moot, the Court again requested additional information from Reclamation:

> [Reclamation's filing] raises more questions than it answers. The Court cannot tell whether Federal Defendants are being deliberately cryptic or whether the Court simply failed to make clear the underlying threshold jurisdictional question(s) that must be answered. This case <u>already is technically moot</u> because the 2016-18 Interim Contracts have expired. However, pursuant to the Ninth Circuit's ruling in *Pacific Coast Federation of Fishermen's Associations v. U.S. Dep't of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." What the Court needs information on now is whether this mootness <u>exception</u> still applies to the contracts at issue in this case. Even though Federal Defendants do not appear to be encouraging the Court to revisit the matter, mootness is a jurisdictional issue the Court must nonetheless address *sua sponte*. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) (raising *sua sponte* mootness and the capable of repetition yet evading review exception because it is a question of subject matter jurisdiction); *see also Ackley v. W. Conference of Teamsters*, 958 F.2d 1463, 1469 (9th Cir. 1992) ("It is the defendant, not the plaintiff, who must demonstrate that the alleged wrong will not recur."). "A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied." *Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977).

ECF No. 101 at 3 (emphasis in original).

In response, in April 2019, the United States outlined the anticipated process for converting under the WIIN Act long-term water service contracts (pursuant to which a contractor pays service charges to Reclamation every year over a fixed term) into repayment contracts (pursuant to which the contractor will repay remaining construction costs associated with water deliveries either in a lump sum or in equal installments over a period not to exceed three years). ECF No. 102 at ¶ 7. Since that time, the Court has requested and received two additional updates from the parties, the latest of which indicates that Reclamation and Westlands "believe they are still on track to finalize Westlands' WIIN Act contract conversions before the end of February 2020." ECF No. 109 at ¶ 3. Nonetheless, because the contract conversion has not yet been finalized, Reclamation has begun the process of preparing the applicable environmental review under NEPA related to the 2020-2022 interim renewal contract. *Id*.

The Court faces an enormously difficult dilemma. Plaintiffs' claims, which concern a significant federal water service contract, are not technically moot. Yet, all signs lead the Court to believe that the issues to be adjudicated here will be rendered moot in the near future. At the same time, this Court is facing an extraordinarily severe shortage of resources. While it strives to execute its Constitutional function to adjudicate all cases before it, the Court cannot in good conscience ignore the fact that expending its scare resources on adjudication of <u>this</u> case is likely to waste time that could be re-allocated to the many other matters before it–matters that are more likely to have lasting impact. This Court must make these difficult choices because the other coordinate branches of government are failing to provide it with sufficient resources. Should the parties share the Court's concern about the availability of judicial resources, they are encouraged to contact the offices of Senators Feinstein and Harris and/or the White House. (This Court might find itself questioning the prudence of expending resources on this matter even if judicial resources were more plentiful, but the resource issue makes the decision framework all the starker.)

Accordingly, this Court will hold the pending motions in abeyance. Thirty (30) days from the date of this order, and every 30 days thereafter until further notice, the United States shall file a brief

4

status report updating the Court on the progress of WIIN act conversions relevant to the claims in this matter. Upon receipt of each status report, the Court will *sua sponte* reconsider its position on the pending motions.

IT IS SO ORDERED.

    Dated:   **November 8, 2019**            **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES CHIEF DISTRICT JUDGE