UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al*.,<br><br>Defendants,<br><br>WESTLANDS WATER DISTRICT, *et al*.,<br><br>Intervenor-Defendants. | No. 1:16-cv-00307-DAD-SKO<br><br><u>ORDER RE STATUS OF PENDING MOTIONS</u><br><br>(Doc. Nos. 85, 90, 92) |

This case concerns approval by the United States Department of the Interior and its member agency, the United States Bureau of Reclamation (collectively, Federal Defendants or Reclamation), of six interim renewal contracts that authorized delivery of water from March 1, 2016, through February 28, 2018, from federal reclamation facilities to certain water districts served by the Federal Central Valley Project (CVP) (2016–18 Interim Contracts). (Doc. No. 64, First Amended and Supplemental Complaint (FASC).) The 2016–18 Interim Contracts at issue in this case provided water service to Westlands Water District (Westlands), Santa Clara Valley Water District (Santa Clara), and Pajaro Valley Water Management Agency (Pajaro) (collectively, Interim Contractors). *See* FASC at ¶ 2. The 2016–18 Interim Contracts are part of a long line of two-year interim contracts executed in recent years

to provide CVP water to contractors with expired long-term water service contracts, pending the anticipated execution of new long-term water service contracts after the completion of appropriate environmental review. *See* Central Valley Project Improvement Act (CVPIA), Pub. L. No. 102-575, 106 Stat. 4600 (1992), §§ 3402, 3404.

Plaintiffs, a coalition of environmental organizations led by the North Coast Rivers Alliance, allege in the FASC's first claim for relief that Federal Defendants issued a deficient Revised Environmental Assessment (EA) and associated Finding of No Significant Impact (FONSI) prior to approval of the 2016–18 Interim Contracts, in violation of the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, and Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706. (FASC at ¶¶ 45–65.) Plaintiffs' second claim for relief asserts that Reclamation violated NEPA by failing to prepare an Environmental Impact Statement ("EIS") for the 2016–18 Interim Contracts. (*Id*. at ¶¶ 56–59.) The latter claim was dismissed on March 9, 2018. (Doc. No. 78.) Currently pending before this court are cross-motions for summary judgment on the merits of certain aspects of the remaining claims in this case.[1] (Doc. Nos. 85, 90, 92.)

In late February 2019, the court requested input from the parties addressing the issue of mootness. Doc. Nos. 99 & 101. The backdrop for the court's mootness inquiry included the Ninth Circuit's ruling in *Pacific Coast Fed'n of Fishermen's Associations v. U.S. Department of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), in which that court held that challenges to interim contracts like those at issue in this case are not moot, even though the relevant contract period has expired, because "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." *Id*. However, on March 12, 2019, in response to the court's request for supplemental briefing, the United States revealed that Reclamation "no longer intends to pursue the issuance of new long-term water service contracts to Westlands under the authority of CVPIA § 3404. Rather, based on the authority and direction provided

---

[1] As mentioned in previous orders and as Reclamation points out (*see* Doc. No. 102 at 2), plaintiffs do not address the adequacy of the Santa Clara and Pajaro contracts in their motion for summary judgment (Doc. No. 85-1), which, given that the remaining APA claim in this case is to be decided on cross-motions for summary judgment, renders any such claim abandoned as to the Santa Clara and Pajaro contracts.

in the 2016 Water Infrastructure Improvements of the Nation (WIIN) Act, Pub. L. 114-322, § 4011, Reclamation intends to convert Westlands' existing water service contracts into repayment contracts," which, according to Reclamation, will not be "subject to the requirements of NEPA." (Doc. No. 100 at ¶¶ 3–4.) As of March 12, 2019, Reclamation indicated it could not be "certain when the WIIN Act conversion of any of Westlands' contracts might be completed, except that Reclamation would need to complete any such conversion before the authority provided by the WIIN Act expires on December 16, 2021." (*Id*. at ¶ 5 (citing WIIN Act, § 4013).)

On March 19, 2019, pointing out that it has a *sua sponte* obligation to determine whether a case is moot, the court again requested additional information from Reclamation:

> [Reclamation's filing] raises more questions than it answers. The Court cannot tell whether Federal Defendants are being deliberately cryptic or whether the Court simply failed to make clear the underlying threshold jurisdictional question(s) that must be answered. This case <u>already is technically moot</u> because the 2016–18 Interim Contracts have expired. However, pursuant to the Ninth Circuit's ruling in *Pacific Coast Federation of Fishermen's Associations v. U.S. Dep't of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." What the Court needs information on now is whether this mootness <u>exception</u> still applies to the contracts at issue in this case. Even though Federal Defendants do not appear to be encouraging the Court to revisit the matter, mootness is a jurisdictional issue the Court must nonetheless address *sua sponte*. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) (raising *sua sponte* mootness and the capable of repetition yet evading review exception because it is a question of subject matter jurisdiction); *see also Ackley v. W. Conference of Teamsters*, 958 F.2d 1463, 1469 (9th Cir. 1992) ("It is the defendant, not the plaintiff, who must demonstrate that the alleged wrong will not recur."). "A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied." *Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977).

(Doc. No. 101 at 3 (emphasis in original).)

In response, in April 2019, the United States outlined the anticipated process under the WIIN Act for converting long-term water service contracts (pursuant to which a contractor pays service charges to Reclamation every year over a fixed term) into repayment contracts (pursuant to which the contractor will repay remaining construction costs associated with water deliveries either in a lump sum or in equal installments over a period not to exceed three years). (Doc. No. 102 at ¶ 7.) Since that time, the court

3

has received several additional updates from the parties, the latest of which indicates that Reclamation and Westlands signed a primary water service contract under the WIIN Act on February 28, 2020. (Doc. No. 116-1 at ¶ 8.) Five other Westlands' WIIN Act contracts are being prepared for signature but, as of early March 2020, had not yet been executed. (*Id*.) Because of these outstanding contracts and because the primary contract does not take effect until June 1, 2020, Reclamation issued a NEPA document related to the 2020–2022 interim renewal contract. (*Id*.) However, once Westlands' WIIN Act contracts come into effect, according to Reclamation, that NEPA document will no longer be applicable. (*Id*.)

As the court has previously noted, it now faces a difficult dilemma. Plaintiffs' claim, which concerns a significant federal water service contract, is not yet technically moot. However, all signs continue to lead the court to believe that the issues to be adjudicated here may well be rendered moot in the very near future. At the same time, this court is facing an extraordinary shortage of resources, made worse by the current public health crisis gripping our nation and seriously impacting the operation of the courts. *See* U.S. District Court for the Eastern District of California, General Orders 611 and 612. In light of these factors, the court will continue to hold the pending cross motions for summary judgment in abeyance.

To ease the resource burden on the parties, the court's prior order (Doc. No. 110) requiring status reports every thirty (30) days is modified as follows: The United States shall file a brief status report every sixty (60) days, or within fourteen (14) days of any party believing the current trajectory of WIIN act conversions has materially changed. Upon receipt of each status report, the court will *sua sponte* reconsider its position on the pending cross motions for summary judgment. Meanwhile, the Clerk of Court is directed to administratively terminate the pending motions (Doc. Nos. 85, 90 and 92). The court will notify the parties if and when it determines that it is appropriate to rule on those motions or whether it will require further briefing from the parties addressing the issue of mootness.

IT IS SO ORDERED.

Dated: **March 29, 2020**

_____
UNITED STATES DISTRICT JUDGE

4