UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, *et al.*, | No. 1:16-cv-00307-DAD-SKO |
| Plaintiffs, | ORDER GRANTING UNOPPOSED MOTION TO AMEND |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Defendants, | |
| WESTLANDS WATER DISTRICT, *et al.*, | |
| Intervenor-Defendants. | |

As originally filed, this case concerned approval by the United States Department of the Interior and its member agency, the United States Bureau of Reclamation (collectively, "Federal Defendants" or "Reclamation"), of six interim renewal contracts that authorized delivery of water from March 1, 2016, through February 28, 2018, from federal reclamation facilities to certain water districts served by the federal Central Valley Project ("CVP") ("2016–18 Interim Contracts"). (Doc. No. 64, First Amended and Supplemental Complaint ("FASC").) The 2016–18 Interim Contracts at issue provided water service to Westlands Water District ("Westlands"), Santa Clara Valley Water District ("Santa Clara"), and Pajaro Valley Water Management Agency ("Pajaro") (collectively, Interim Contractors). (*See* FASC at ¶ 2.) The 2016–18 Interim Contracts are part of a long line of two-year interim contracts

1

executed in recent years to provide CVP water to contractors with expired long-term water service contracts, pending the anticipated execution of new long-term water service contracts after the completion of appropriate environmental review. *See* Central Valley Project Improvement Act ("CVPIA"), Pub. L. No. 102-575, 106 Stat. 4600 (1992), §§ 3402, 3404.

Plaintiffs, a coalition of environmental organizations led by the North Coast Rivers Alliance, allege in the FASC's first claim for relief that Federal Defendants issued a deficient Revised Environmental Assessment ("EA") and associated Finding of No Significant Impact ("FONSI") prior to approval of the 2016–18 Interim Contracts, in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. (FASC at ¶¶ 45–65.) The second claim for relief alleges that Reclamation violated NEPA by failing to prepare an Environmental Impact Statement ("EIS") for the 2016–18 Interim Contracts. (*Id.* at ¶¶ 56–59.) The latter claim was dismissed on March 9, 2018. (Doc. No. 78.) Currently pending before this court are cross-motions for summary judgment on the merits of certain aspects of the remaining claims in this case.[1] (Doc. Nos. 85, 90, 92.)

In late February 2019, the court requested input from the parties addressing the issue of mootness. (Doc. Nos. 99, 101.) The backdrop for the mootness inquiry includes the Ninth Circuit's ruling in *Pacific Coast Federation of Fishermen's Associations v. U.S. Department of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016)[2], which held that challenges to interim contracts like those at issue in this case are not moot, even though the relevant contract period has expired, because "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." *Id.* However, on March 12,

---

[1] As mentioned in previous orders and as Reclamation points out (*see* Doc. No. 102 at 2), plaintiffs do not address the adequacy of the Santa Clara and Pajaro contracts in their motion for summary judgment (Doc. No. 85-1), which, given that the remaining APA claim in this case is to be decided on cross-motions for summary judgment, renders any such claim abandoned as to the Santa Clara and Pajaro contracts. In light of the court's ongoing mootness concerns, the court ordered the pending motions for summary judgment administratively terminated pending re-notice as appropriate once the issue of mootness is resolved. (*See* Doc. 117.)

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2019, in response to the court's request for supplemental briefing, the United States revealed that Reclamation "no longer intends to pursue the issuance of new long-term water service contracts to Westlands under the authority of CVPIA § 3404. Rather, based on the authority and direction provided in the 2016 Water Infrastructure Improvements of the Nation (WIIN) Act, Pub. L. 114-322, § 4011, Reclamation intends to convert Westlands' existing water service contracts into repayment contracts," which, according to Reclamation, will not be "subject to the requirements of NEPA." (Doc. No. 100 at ¶¶ 3–4.) The court ordered the United States to file periodic status reports addressing the progress of the WIIN Act conversions. (*See* Doc. No. 117.) As of the date of the most recent status report, July 15, 2020, Westlands' primary water service contracts had been converted into a repayment contract, as had five other water service contracts held by Westlands and its sub-entities. (*See* Doc. No. 122 at 2.)

Meanwhile, on July 8, 2020, plaintiffs moved to amend their complaint to add claims pertaining to the six new, *converted* repayment contracts. (Doc. No. 120.) Notably, the proposed amended complaint does not abandon plaintiff's original claims against the 2016–18 Interim Contracts (the pre-conversion water service contracts). Rather, plaintiffs add closely related NEPA challenges to the new contracts along with other related claims. (*See generally* Doc. No. 120-1.)

Federal Defendants failed to file any opposition or statement of non-opposition to the motion. Defendant Intervenors filed a response, in which they agreed that it would be most efficient to not oppose the motion to amend but instead present their threshold challenges to the amended pleading by way of motions practice. (Doc. No. 123.) The motion to amend was deemed suitable for disposition on the papers pursuant to Local Rule 230(g). (*See* Doc. No. 121.)

Federal Rule of Civil Procedure 15(a)(2) embodies a liberal policy toward amendment, providing that "leave of court shall be freely given when justice so require." *See also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (the policy of Rule 15(a)(2) is "to be applied with extreme liberality"). In light of that policy, the Supreme Court has directed district courts to consider the following factors in deciding whether to grant leave to amend:

/////

/////

/////

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178,182 (1962). The court has considered those factors and finds none of them warrant denial of the pending motion to amend. There is nothing in the record to suggest bad faith, dilatory motive, or repeated failures to cure deficiencies in the pleadings, nor will there be undue prejudice to the non-moving parties if amendment is permitted. Moreover, while the court maintains significant mootness concerns about the claims against the original 2016–2018 water service contracts, the new claims are not obviously futile. Accordingly, particularly in light of the non-opposition of the other parties, the motion will be granted.

## CONCLUSION AND ORDER

For the reasons set forth above, plaintiffs' motion to amend (Doc. No. 120) is GRANTED. Within ten days of electronic service of this order, plaintiffs shall file their lodged amended complaint.

IT IS SO ORDERED.

Dated: **August 25, 2020**  
_____  
UNITED STATES DISTRICT JUDGE

4