| | |
|---|---|
| 1 | CYNTHIA J. LARSEN (SBN 123994) |
| | clarsen@orrick.com |
| 2 | JUSTIN GIOVANNETTONE (SBN 293794) |
| | jgiovannettone@orrick.com |
| 3 | MARK C. SMITH (SBN 319003) |
| | mark.smith@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 400 Capitol Mall, Suite 3000 |
| 5 | Sacramento, CA 95814-4497 |
| | Telephone: +1 916 447 9200 |
| 6 | Facsimile: +1 916 329 4900 |
| 7 | Attorneys for Intervenor-Defendant |
| | Westlands Water District |
| 8 | |
| | *Additional Counsel on Next Page* |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., and INSTITUTE FOR FISHERIES RESOURCES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, and UNITED STATES BUREAU OF RECLAMATION,<br><br>Defendants.<br><br>And<br><br>WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, and PANOCHE WATER DISTRICT,<br><br>Intervenor-Defendants. | Case No. 1:16-cv-00307-DAD-SKO<br><br>**INTERVENOR-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(7)**<br><br>Date: December 15, 2020<br>Time: 9:30 a.m.<br>Courtroom: 5<br>Judge: Hon. Dale A. Drozd<br><br>Trial Date: None<br>Date Action Filed: March 4, 2016 |

THOMAS M. BERLINER (SBN 83256)
tmberliner@duanemorris.com
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3333
Facsimile: +1 415 520 5835

*Attorney for Intervenor-Defendant*
*San Luis Water District*

PHILIP A. WILLIAMS (SBN 296683)
pwilliams@weltyweaver.com
WELTY WEAVER & CURRIE
141 North Street, Ste A
Healdsburg, CA 95448-3821
Telephone: + 707 433 4842
Facsimile: + 707 473 9778

*Attorney for Intervenor-Defendant*
*Panoche Water District*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND ............................................................................................................. 2
III. LEGAL STANDARDS .................................................................................................... 5
    A. Mootness And Lack Of Subject Matter Jurisdiction Under Rule 12(b)(1) ............. 5
    B. Failure To Join A Required Party Under Rule 19 ................................................... 5
IV. ARGUMENT .................................................................................................................. 6
    A. The Court Should Dismiss The First Claim For Relief As Moot ........................... 6
    B. Plaintiffs' Claims Seeking To Invalidate And Enjoin Execution Of Repayment Contracts Between Reclamation And CVP Water Contractors That Are Not Parties Should Be Dismissed Unless Plaintiffs Join Those Absent CVP Water Contractors ........................................................................ 8
V. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Fish & Wildlife Fed'n v. Dunkle*,
  829 F.2d 933 (9th Cir. 1987), *cert. denied*, 485 U.S. 988 (1988)..................5

*Center for Biological Diversity, et al. v. Reclamation, et al.*,
  Case No. 1:20-cv-00706-DAD-EPG (EDCA)..................2

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*,
  710 F.3d 946 (9th Cir. 2013)..................8

*Conner v. Burford*,
  848 F.2d 1441 (9th Cir. 1988)..................8

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*,
  932 F.3d 843 (9th Cir. 2019)..................11

*Forelaws on Bd. v. Johnson*,
  743 F.2d 677 (9th Cir. 1984)..................7, 8

*High Sierra Hikers Ass'n v. Blackwell*,
  390 F.3d 630 (9th Cir. 2004)..................8

*Hoopa Valley Tribe v. Reclamation, et al.*,
  Case No. 1:20-cv-05630 (NDCA)..................2

*Idaho Watersheds Project v. Hahn*,
  307 F.3d 815, 833-834 (9th Cir. 2002)..................7

*Milgard Tempering v. Selas Corp. of Am.*,
  902 F.2d 703 (9th Cir. 1990)..................3

*Mills v. Green*,
  159 U.S. 651 (1895)..................5

*N.A.A.C.P., W. Region v. City of Richmond*,
  743 F.2d 1346 (9th Cir. 1984)..................7

*Nat. Res. Def. Council v. Kempthorne*,
  539 F. Supp. 2d 1155 (E.D. Cal. 2008)..................5, 9, 10, 11

*Native Americans for Enola v. U.S. Forest Serv.*,
  60 F.3d 645 (9th Cir. 1995)..................5

*Pac. Coast Fed'n of Fishermen's Ass'ns v. U.S. Dep't of the Interior*,
  655 F. App'x 595 (9th Cir. 2016)..................3, 7

| | |
|---|---|
| *Pit River Home & Agric. Co-op. Ass'n v. United States*, 30 F.3d 1088 (9th Cir. 1994) | 6 |
| *Powell v. McCormack*, 395 U.S. 486 (1969) | 5 |
| *Sherman v. United States*, 982 F.2d 1312 (9th Cir. 1992) | 10 |
| *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498 (1911) | 5 |
| *United States v. Iron Mt. Mines*, 987 F. Supp. 1244 (E.D. Cal. 1997) | 3 |
| *Wilbur v. Locke*, 423 F.3d 1101 (9th Cir. 2005) | 6, 9 |
| *Williams v. Alioto*, 549 F.2d 136 (9th Cir. 1977) | 7 |

**Statutes**

| | |
|---|---|
| 43 U.S.C. § 423e | 10 |
| 43 U.S.C. § 511 | 10 |
| Reclamation Project Act of 1939 (53 Stat. 1195) | 1, 4, 7 |
| Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706 | 2, 11 |
| Central Valley Project Improvement Act (CVPIA) | 4, 10 |
| National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.* | 2, 7, 8, 10 |
| Water Infrastructure Improvements of the Nation (WIIN) Act | *passim* |

**Other Authorities**

| | |
|---|---|
| Fed. R. Civ. P. 12(b)(1) | *passim* |
| Fed. R. Civ. P. 12(b)(7) | *passim* |
| Fed. R. Civ. P. 19 | *passim* |

## I. INTRODUCTION

Intervenor-Defendants Westlands Water District ("Westlands"), San Luis Water District ("San Luis"), and Panoche Water District ("Panoche") (collectively the "San Luis Unit Contractors") have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7) for dismissal of Plaintiffs' Second Amended and Supplemental Complaint ("SASC") [ECF No. 127]. San Luis Unit Contractors seek dismissal of Plaintiffs' First Claim for Relief because this claim is moot. In addition, San Luis Unit Contractors seek dismissal of Plaintiffs' Second through Fifth Claims for Relief under Rule 19 of the Federal Rules of Civil Procedure unless Plaintiffs join as parties all water contractors whose contracts Plaintiffs seek to affect by these newly added claims.

Plaintiffs' First Claim renews their initial challenge to the six Central Valley Project ("CVP") 2016-2018 interim water service contracts between the Bureau of Reclamation ("Reclamation") and Westlands, Santa Clara Valley Water District, and Pajaro Valley Water Management Agency, and supplements this claim with a virtually identical challenge to the 2020-2022 interim contracts[1] between Reclamation and those same CVP water contractors.[2] But the Interim Contracts are no longer in effect. Pursuant to the Water Infrastructure Improvements for the Nation ("WIIN") Act, Pub. L. No. 114-322, 130 Stat. 1628 (2016), the most recent Interim Contracts were converted into repayment contracts ("Repayment Contracts"). The WIIN Act recognizes that each CVP water service contractor that converts to a repayment contract has a permanent right to water service "so long as the contractor pays applicable charges, consistent with section 9(d) [and section 9(c)(1)] of the Act of August 4, 1939 (53 Stat. 1195), and applicable law." WIIN Act, §§ 4011(a)(2)(D), 4011(a)(3)(C). Thus, neither Reclamation nor the CVP water contractors that held Interim Contracts have a need for new interim renewal contracts.

---

[1] Unless specified otherwise, the 2016-2018 and 2020-2022 interim contracts are referred to as the "Interim Contracts."

[2] Specifically, Plaintiffs contest "the *Central Valley Project Interim Renewal Contract[s] for Westlands Water District, Santa Clara Valley Water District, and Pajaro Valley Water Management Agency*" for both the 2016-2018 and 2020-2022 interim contract periods. SASC, ¶¶ 2-3 (italics in original). Westlands Water Distribution Districts #1 and #2 are also parties to certain of the contested contracts. San Luis and Panoche are contracting parties with Reclamation under interim renewal contracts that are not challenged by Plaintiffs in this action.

And, even a successful challenge by Plaintiffs in this action, would not necessarily bring the prior Interim Contracts back into effect. As a result, Plaintiffs' First Claim is moot and does not fall within the exception for claims capable of repetition yet evading review, and thus should be dismissed.

Further, Plaintiffs' Second through Fifth Claims each seek to invalidate and enjoin existing WIIN Act contracts and enjoin execution of additional WIIN Act contracts between Reclamation and numerous CVP water contractors that Plaintiffs have not joined in this action. Plaintiffs' failure to join these required parties violates Rule 19 and applicable Ninth Circuit precedent, because adjudicating these claims would impair or impede the ability of the absent contracting parties to protect their interests.

Accordingly, the Court should dismiss Plaintiffs' First Claim as moot pursuant to Rule 12(b)(1), order Plaintiffs to join all CVP water contractors whose repayment contracts they seek to affect in their Second through Fifth Claims, and dismiss these claims pursuant to Rule 12(b)(7) if Plaintiffs fail to do so.[3]

## II. BACKGROUND

When Plaintiffs initially filed this action in March 2016 against the Department of the Interior ("Interior") and Reclamation (collectively "Federal Defendants"), their complaint was limited to a challenge to the six CVP interim water service contracts between Reclamation and Westlands, Santa Clara Valley Water District, and Pajaro Valley Water Management Agency for alleged violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. *See* Compl., ECF No. 2. Plaintiffs' First Claim for Relief alleged that the Environmental Assessments ("EAs") and Findings of No Significant Impacts ("FONSIs") associated with the Interim Contracts were

---

[3] San Luis Unit Contractors anticipate that they will move for judgment on Plaintiffs' Second through Fifth Claims, if those claims remain after the Court addresses this motion and after the filing of the administrative record. At that time, it is anticipated that two other cases challenging WIIN Act contracts, *Center for Biological Diversity, et al. v. Reclamation, et al.* ("*CBD*"), Case No. 1:20-cv-00706-DAD-EPG, (already related to this case, *see* Order Relating Case, *CBD* ECF No. 5), and *Hoopa Valley Tribe v. Reclamation, et al.*, NDCA Case No. 1:20-cv-05630 (a likely candidate for transfer to this District, *see* Notice of Related Cases, ECF No. 124), may be consolidated, at least for motion purposes.

1  inadequate under NEPA. *Id.* at 14-17. Plaintiffs' Second Claim for Relief alleged that NEPA required Reclamation to prepare an Environmental Impact Statement ("EIS") prior to renewing the Interim Contracts. *Id.* at 18.

In June 2016, the Court granted San Luis Unit Contractors' motion to intervene as a matter of right pursuant to Rule 24(a)(2), concluding that, because San Luis Unit Contractors "possess contractually protected interests in deliveries from the CVP," the "potential adverse consequences" to their interests warranted intervention. ECF No. 21, at 4:21-25. Before any substantive motions could be filed, however, the Ninth Circuit issued its July 25, 2016 decision in a separate case with nearly identical claims, *Pac. Coast Fed'n of Fishermen's Ass'ns v. U.S. Dep't of the Interior*, 655 F. App'x 595 (9th Cir. 2016) ("*PCFFA*"). The *PCFFA* panel largely affirmed this Court's prior dismissal of claims in that case, while identifying minor deficiencies with the EA at issue there. *PCFFA* at 595. The panel also noted that "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." *PCFFA* at 597. In May 2017, after successfully petitioning the Court for voluntary remand of the 2016 EA and FONSI (ECF No. 52), Reclamation released a Final Revised EA and FONSI for 2016 interim contracts addressing deficiencies identified in *PCFFA* (ECF No. 56-1). On September 28, 2017, Plaintiffs filed their First Amended and Supplemental Complaint ("FASC"), ECF No. 64, challenging the Final Revised EA and renewing their claim that Reclamation should have prepared an EIS for those interim contracts.

On March 12, 2018, the Court granted San Luis Unit Contractors' motion to dismiss Plaintiffs' EIS claim (ECF No. 78) and on July 26, 2018, Federal Defendants and San Luis Unit Contractors each moved for summary judgment regarding Plaintiffs' remaining challenge to the Final Revised EA and FONSI (ECF Nos. 90 and 92, respectively). Before deciding those motions, the Court ordered supplemental briefing on the status of efforts to enter into long-term water service contracts based on concerns that the challenge to the interim contracts "may be mooted in the near future." ECF No. 99. On March 12, 2019, Federal Defendants informed the

Court that Reclamation no longer intended to pursue long-term renewal of water service contracts under section 3404 of Central Valley Project Improvement Act, Pub. L. No. 102-575, 106 Stat. 4600 ("CVPIA"), but instead intended to convert the then-existing Interim Contracts into repayment contracts, pursuant to section 4011 of the WIIN Act. ECF No. 100.

Enacted in December 2016, the WIIN Act addressed a number of water infrastructure issues across the country. Most pertinent to this case, section 4011 of the WIIN Act directed that, upon the request of any CVP water service contractor, "the Secretary of the Interior shall convert" the contractor's water service contract to a repayment contract.[4] Congress was clear that all CVP water service contracts converted shall "continue so long as the contractor pays applicable charges, consistent with section 9(d) [and section 9(c)(1)] of the Act of August 4, 1939 (53 Stat. 1195), and applicable law." WIIN Act, §§ 4011(a)(2)(D), 4011(a)(3)(C).

On July 15, 2020, Federal Defendants informed the Court that, pursuant to the WIIN Act, the six water service contracts challenged by Plaintiffs had all been converted into Repayment Contracts, and that Plaintiffs' challenge to the 2016-2018 Interim Contracts was moot and no longer capable of repetition. ECF No. 122, ¶ 4. Apparently recognizing that the conversion of the 2016-2018 Interim Contracts into repayment contracts mooted their only surviving claim, Plaintiffs amended their FASC on August 26, 2020. ECF No. 127.[5]

Plaintiffs' SASC adds four new claims challenging WIIN Act Repayment Contracts between Reclamation and Westlands, and between Reclamation and other CVP water contractors, some named and others not specifically identified. In addition, Plaintiffs' SASC realleges their now-moot challenge to the 2016-2018 Interim Contracts and adds a new but also moot challenge to the 2020-2022 Interim Contracts. As set forth in detail below, Plaintiffs' claims attacking the Interim Contracts are moot and not subject to the exception to the mootness doctrine. In addition, Plaintiffs improperly failed to join all contractors whose repayment contracts they seek to set

---

[4] The WIIN Act repayment contracts allow CVP water contractors to prepay construction costs that otherwise would have been repaid to Reclamation over an extended period of time. *See* WIIN Act, § 4011(a).

[5] San Luis Unit Contractors did not oppose Plaintiffs' request to file a SASC due to the liberal amendment standard but noted an intention to challenge the SASC once filed. ECF No. 123.

aside or enjoin. Accordingly, San Luis Unit Contractors have moved to dismiss under Rules 12(b)(1) and 12(b)(7).

### III. LEGAL STANDARDS

#### A. Mootness And Lack Of Subject Matter Jurisdiction Under Rule 12(b)(1)

Under Article III, section 2 of the Constitution, federal courts have jurisdiction to address only actual "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. The duty of a federal court "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green*, 159 U.S. 651, 653 (1895). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Because a court lacks subject matter jurisdiction to hear a claim that is moot, such a claim may be dismissed under Rule 12(b)(1). *Id.*

Claims which are "capable of repetition, yet evading review" present an exception to the mootness doctrine. *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 515 (1911). "The doctrine is limited to extraordinary cases in which: (1) the duration of the challenged action is too short to be fully litigated before it ceases; and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again." *Alaska Fish & Wildlife Fed'n v. Dunkle,* 829 F.2d 933, 939 (9th Cir. 1987), *cert. denied*, 485 U.S. 988 (1988) (citation omitted); *see also Native Americans for Enola v. U.S. Forest Serv.,* 60 F.3d 645, 646 (9th Cir. 1995). The burden for establishing application of the mootness exception falls to the party opposing a Rule 12(b)(1) motion, because "[t]he party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

#### B. Failure To Join A Required Party Under Rule 19

Rule 12(b)(7) permits dismissal for "failure to join a party under Rule 19." Rule 19 governs which persons must be joined as a party to the action and if joinder is not feasible, the

case must be dismissed. *Nat. Res. Def. Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1182 (E.D. Cal. 2008) ("*Kempthorne*"). The "[a]pplication of Rule 19 involves three successive inquiries." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), abrogated on other grounds. First, the court must evaluate whether the absent party is "necessary" because, *inter alia*, it "has a legally protected interest in the outcome." *Pit River Home & Agric. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1099 (9th Cir. 1994). If the absent party is "necessary," the court then determines if joinder is feasible. *Wilbur*, 423 F.3d at 1111. Finally, if joinder is not feasible, the court determines "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.* at 1112.

## IV. ARGUMENT

### A. The Court Should Dismiss The First Claim For Relief As Moot

Plaintiffs' SASC does not abandon their original attack on the 2016-2018 Interim Contracts. *Compare* FASC ¶¶ 65-73 *with* SASC ¶¶ 65-73. Rather, the SASC simply supplements Plaintiffs' First Claim with a virtually identical challenge to the 2020-2022 Interim Contracts, based on the same theory as their challenge to the 2016-2018 Interim Contracts—that the associated EA was inadequate. SASC ¶¶ 65-73.

Plaintiffs' challenges to the Interim Contracts are moot, and are now no longer even arguably subject to the extraordinary exception to the mootness doctrine. The Ninth Circuit held in *PCFFA* that "Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review," *PCFFA*, 655 F. App'x at 597. To fall within this exception "there must be a *reasonable likelihood* that the same party will be subject to the action again." *N.A.A.C.P., W. Region v. City of Richmond*, 743 F.2d 1346, 1353 (9th Cir. 1984) (emphasis added). "A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied." *Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977).

As Federal Defendants informed the Court in July 2020, claims based on the Interim Contracts are no longer capable of repetition evading review because, "they have all have been converted into repayment contracts under the WIIN Act." ECF No. 122, ¶ 4. On March 1, 2020, Reclamation entered into the 2020-2022 Interim Contracts. ECF No. 118, ¶ 3. The 2020-2022 Interim Contracts replaced the prior 2018-2020 Interim Contracts, making Plaintiffs' challenge to the 2016-2018 Interim Contracts "technically moot".[6] And the conversion of the 2020-2022 Interim Contracts into Repayment Contracts makes <u>any</u> challenge to the Interim Contracts indisputably moot, and no longer capable of repetition, because the Repayment Contracts superseded the Interim Contracts and now control the terms and conditions for water service.

Even if any of Plaintiffs' challenges to the Repayment Contracts are successful, any claim that the Interim Contracts would become operative again is only speculative and therefore not sufficient to establish the mootness exception. In such circumstance, the most likely and appropriate result under Ninth Circuit precedent would be for the Court to require Reclamation to conduct the NEPA analysis in question while water deliveries continue under the Repayment Contracts. This was the approach adopted by the Ninth Circuit in *Forelaws on Bd. v. Johnson*, 743 F.2d 677, 685-86 (9th Cir. 1984). Similar to Plaintiffs' amended claims here, *Forelaws* involved an environmental group's challenge to long-term contracts between the Bonneville Power Administration ("BPA") and power customers on grounds that the BPA failed to prepare an EIS as required by NEPA. *Id.* at 680-81. The panel agreed with the plaintiffs that an EIS was required in that case, but held that "an injunction of the operation of the contracts themselves is inappropriate" because the contracts were already being performed. *Id.* at 686; *see also Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 833-834 (9th Cir. 2002), abrogated on other grounds by *Monsanto Co. v. Geertson Seed Farms, Inc.*, 561 U.S. 139, 158 (2010) (upholding district court decision to allow some continued grazing pursuant to NEPA-non-compliant grazing permits pending further NEPA analysis).

////

---

[6] Order Requesting Additional Supplemental Filing Re Mootness, March 19, 2019, ECF No. 101 ("This case already is technically moot because the 2016-18 Interim Contracts have expired.")

It is undisputed that the Repayment Contracts provide permanent rights to water service, with no need to enter into new interim renewal contracts every two years. SASC ¶ 4 (noting Plaintiffs' intent to challenge the permanent Repayment Contracts). The Repayment Contracts will remain in effect "so long as the contractor pays applicable charges, consistent with section 9(d) [and section 9(c)(1)] of the Act of August 4, 1939 (53 Stat. 1195), and applicable law." WIIN Act, §§ 4011(a)(2)(D), 4011(a)(3)(C). Accordingly, if the Court eventually determines that NEPA analysis is required for the Repayment Contracts, the most likely result is not a reversion to the 2020-2022 Interim Contracts, but rather that the Repayment Contracts continue to be performed pending the appropriate environmental review.

Thus, the Repayment Contracts provide perpetual rights to water service and remove the need to execute new interim contracts every two years, and it would be "a mere speculative possibility" that the challenged 2020-2022 Interim Contracts would at some point in the future provide the terms and conditions of water service. Thus, the Court lacks subject matter jurisdiction to hear challenges to them. Accordingly, Plaintiffs' First Claim is moot and should be dismissed with prejudice under Rule 12(b)(1).[7]

### B. **Plaintiffs' Claims Seeking To Invalidate And Enjoin Execution Of Repayment Contracts Between Reclamation And CVP Water Contractors That Are Not Parties Should Be Dismissed Unless Plaintiffs Join Those Absent CVP Water Contractors**

Plaintiffs' Second through Fifth Claims seek to invalidate and enjoin existing repayment contracts and enjoin execution of additional repayment contracts not only between Reclamation and Westlands, but also contracts between Reclamation and CVP water contractors, most of which are not parties in this case. Plaintiffs' failure to join these required parties violates Fed. R. Civ. P. 19, which provides in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the

---

[7] A district court may dismiss a claim "with prejudice" when any attempt to amend the claim at issue would be futile. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Since the contracts challenged by Plaintiffs' First Claim for Relief have been superseded, any attempt to further amend the claim would be futile. Thus, dismissal "with prejudice" is appropriate.

>person's absence may: (i) as a practical matter impair or impede the
>person's ability to protect the interest[.]

Fed. R. Civ. P. 19(a)(1).

As the Eastern District of California decision in *Kempthorne* stated: "It is well-settled that in an action to set aside a contract, all parties to the contract must be present." *Kempthorne*, 539 F. Supp. 2d at 1185; *see also Wilbur*, 423 F.3d at 1113 ("[I]t is a 'fundamental principle' that 'a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract.'").[8] ECF No. 21, at 4:21-25.

In *Kempthorne*, several water districts filed a motion to dismiss under Fed. R. Civ. P. 12(b)(7), challenging plaintiffs' ability to invalidate contracts between Reclamation and other water districts that had not been joined in the case. 539 F. Supp. 2d at 1180. After an extensive analysis, the court held that if "Plaintiffs seek to enjoin the Bureau from performing under or rescinding contracts held by absent water contractors, the [water districts'] Rule 12(b)(7) motion must be granted." *Id.* at 1191. Similar to *Kempthorne*, here Plaintiffs' Second Claim seeks a judgment declaring unlawful, setting aside, and enjoining the repayment contracts Reclamation entered into or plans to enter into, not only with Intervenor Westlands, but also those repayment contracts with "East Bay Municipal Utility District, City of Folsom, Placer County Water Agency, City of Roseville, Sacramento County Water Agency, Sacramento Municipal Utility District, and San Juan Water District," as well as "other CVP water contractors." SASC ¶¶ 75, 88-89. Plaintiffs' Third, Fourth, and Fifth Claims are less precise, but it is clear that each claim seeks to impact the contracts of numerous absent contractors. SASC at 46 (Prayer for Relief #4, seeking to invalidate "repayment contracts with Westlands *and others*" based on purported

---

[8] As noted above, the Court has previously concluded in this case that, because CVP water contractors "possess contractually protected interests in deliveries from the CVP," the "potential adverse consequences" to their interests warranted intervention. This conclusion applies equally to joinder of the non-party CVP water contractors whose repayment contracts are at issue in the SASC under the "law of the case" doctrine. *See Milgard Tempering v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) ("a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case") (citation omitted); *United States v. Iron Mt. Mines*, 987 F. Supp. 1244, 1246 (E.D. Cal. 1997) ("the law of the case doctrine applies not only to issues decided explicitly in an earlier opinion, but also to issues decided by necessary implication . . . [and] so long as the issue was decided by necessary implication, it does not matter if the treatment of the issue was summary or somewhat ambiguous.") (citations omitted).

violations of NEPA and the CVPIA alleged in Plaintiffs' Third Claim; Prayer for Relief #6, seeking to invalidate "repayment contracts with Westlands *and others*" based on the purported violations of 43 U.S.C. §§ 423e and 511 alleged in Plaintiffs' Fourth Claim; Prayer for Relief #8, seeking an injunction ordering Reclamation to withdraw, or refrain from granting "approval of *any* repayment contracts" based on purported violations of Reclamation Law as alleged in Plaintiffs' Fifth Claim) (emphasis added in each); *see also* SASC ¶ 114 (referencing Westlands and "other water districts"); *id.* ¶ 122 (referencing Westlands and "other similar repayment contracts").[9]

Plaintiffs' attempt to invalidate repayment contracts and enjoin execution of future repayment contracts with CVP water contractors that are not parties to this case violates Rule 19(a) and Ninth Circuit precedent. *See* Rule 19(a)(1). To comply with Rule 19(a), Plaintiffs must join as a party each CVP water contractor whose repayment contract Plaintiffs seek to invalidate or enjoin. CVP water contractors are presumably subject to service of process and joining them would not deprive this Court of jurisdiction.[10] Each CVP water contractor whose repayment contract Plaintiffs seek to invalidate or whose proposed repayment contract Plaintiffs seek to prevent from executing has "an interest relating to the subject of the action"—the specific contracts which they have executed or seek to execute with Reclamation pursuant to the WIIN Act. The contracts provide each CVP water contractor with valuable, permanent rights to delivery of CVP water, which Plaintiffs' claims for relief threaten. *See Kempthorne*, 539 F. Supp. 2d at 1184 ("Each water service contractor has an interest relating to the subject matter of this action to the extent Plaintiffs seek to invalidate or enjoin the Bureau's performance under all contracts.") (underline in original).

---

[9] In *Kempthorne*, the court also considered whether either federal defendants or the intervenor water contractors could adequately represent the interests of absent water contractors. 539 F. Supp. 2d at 1187-88. The court found that under "the minimal burden of showing inadequacy of representation," neither could represent the nonparty contractors' interests. *Id.* The same finding is warranted here. *See also Sherman v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (contracting entities have a right "to make known their interests and legal theories.").

[10] Because the CVP water contractors are public agencies formed pursuant to California law, there is no reasonable basis to believe they cannot be joined.

Further, since Plaintiffs here seek remedies that could impact the already granted rights of CVP water contractors to water deliveries, Plaintiffs must join these contractors notwithstanding that four of their five claims are asserted under the APA. *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 852-53 (9th Cir. 2019) (absent mining corporation had a legally protected interest in an action challenging agency approvals under the APA "where the effect of a plaintiff's successful suit would be to impair a right already granted.").

## V. CONCLUSION

For the reasons stated above, San Luis Unit Contractors respectfully request that their motion to dismiss be granted, and that the Court dismiss Plaintiffs' First Claim pursuant to Rule 12(b)(1), order Plaintiffs to join, pursuant to Rule 19(a)(2), all CVP water contractors whose repayment contracts they seek to affect in their Second through Fifth Claims, and further order dismissal of these claims pursuant to Rule 12(b)(7) if Plaintiffs fail to effectuate such joinder.

Dated: October 7, 2020

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
MARK C. SMITH
ORRICK, HERRINGTON & SUTCLIFFE LLP

By:       */s/ Cynthia J. Larsen*
CYNTHIA J. LARSEN
Attorneys for Intervenor-Defendant
Westlands Water District

THOMAS M. BERLINER
DUANE MORRIS LLP

By:       */s/ Thomas M. Berliner*
THOMAS M. BERLINER
Attorney for Intervenor-Defendant
San Luis District

PHILIP A. WILLIAMS
WELTY WEAVER & CURRIE

By:       */s/ Philip A. Williams*
PHILIP A. WILLIAMS
Attorney for Intervenor-Defendant
Panoche Water District