STEPHAN C. VOLKER (CSB #63093)
ALEXIS E. KRIEG (CSB #254548)
STEPHANIE L. CLARKE (CSB #257961)
JAMEY M.B. VOLKER (CSB #273544)
LAW OFFICES OF STEPHAN C. VOLKER
1633 University Avenue
Berkeley, California 94703
Tel:  510/496-0600
Fax:  510/845-1255

Attorneys for Plaintiffs
NORTH COAST RIVERS ALLIANCE, CALIFORNIA
SPORTFISHING PROTECTION ALLIANCE, PACIFIC
COAST FEDERATION OF FISHERMEN'S
ASSOCIATIONS, SAN FRANCISCO CRAB BOAT
OWNERS ASSOCIATION, INC., and INSTITUTE
FOR FISHERIES RESOURCES

10.582.02

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., and INSTITUTE FOR FISHERIES RESOURCES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, and UNITED STATES BUREAU OF RECLAMATION,<br><br>Defendants,<br><br>WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, and PANOCHE WATER DISTRICT,<br><br>Intervenor-Defendants. | Civ. No. 16-cv-307-DAD-SKO<br><br>**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST CLAIM**<br><br>Judge Dale A. Drozd |

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FACTUAL AND PROCEDURAL BACKGROUND**. . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STANDARD OF REVIEW**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**I.  THE LARGEST WIIN ACT CONTRACT FAILED TO EXTINGUISH THE OPERATIVE INTERIM RENEWAL CONTRACT**. . . . . . . . . . . . . . . . 9

**II. EFFECTIVE RELIEF CAN BE GRANTED AS TO THE OPERATIVE INTERIM RENEWAL CONTRACT**. . . . . . . . . . . . . . . . . . . . 11

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**CERTIFICATE OF SERVICE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## Cases

*American Rivers v. National Marine Fisheries Service*,
   126 F.3d 1118 (9th Cir. 1997)........................................................... 8

*Arizonans for Official English v. Arizona*
   520 U.S. 43 (1997)........................................................................... 8

*Campbell-Ewald Co. v. Gomez*
   577 U.S. 153 (2016)......................................................................... 8

*Chafin v. Chafin*
   568 U.S. 165, 172 (2013)................................................................. 9

*Chang v. United States*
   327 F.3d 911 (9th Cir. 2003)............................................................ 9

*Hamidi v. Service Employees International Union Local 1000*
   386 F. Supp. 3d 1289 (E.D. Cal. 2019)............................................ 9

*Murphy v. Hunt*
   455 U.S. 478 (1982)......................................................................... 11

*Pacific Coast Federation of Fishermen's Associations v. United States Department of Interior*
   655 Fed.Appx 595 (9th Cir. 2016).................................................. 6

*Public Utilities Commission of Stat of California v. Federal Energy Regulatory Commission*
   100 F.3d 1451 (9th Cir. 1996).......................................................... 11

*Rosemere Neighborhood Association v. U.S. Environmental Protection Agency*
   581 F.3d 1169 (9th Cir. 2009).......................................................... 8

## United States Constitution

Article III
   § 2............................................................................................... 8

## United States Code

Title 42
   § 4321 et seq................................................................................. 5

//

//

## **Public Laws**

Central Valley Project Improvement Act ("CVPIA")
Pub. L. 102-575, 108 Stat. 4600 (1992)
    § 3402(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 3404(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Water Infrastructure Improvements of the Nation ("WIIN") Act,
Pub. L. 114-322
    § 4011. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

## **Rules**

Federal Rules of Civil Procedure
    Rule 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INTRODUCTION

Plaintiffs North Coast Rivers Alliance, California Sportfishing Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab Boat Owners Association, Inc, and Institute for Fisheries Resources' (collectively "plaintiffs'") long-standing claims against Defendants United States Department of Interior and United States Bureau of Reclamation (collectively "Reclamation"), as stated in the First Claim for Relief ("First Claim") in Plaintiffs' Second Amended and Supplemental Complaint ("Second Amended Complaint"), are not moot and should be decided on their merits. Plaintiffs have consistently alleged that Reclamation has failed to comply with the National Environmental Policy Act ("NEPA"), 42 U.S.C. section 4321 et seq., in preparing and approving the Environmental Assessments ("EAs") and Findings of No Significant Impact ("FONSIs") for iterations of six interim renewal water service contracts between Reclamation and intervenor-defendants. The most recent round of interim contracts expire, per their terms, on February 22, 2022. The largest of these contracts was not extinguished by Reclamation's WIIN Act conversion contract. As detailed below, plaintiffs' First Claim is decidedly not moot. Instead it is properly before this Court and must be decided on its merits.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' First Claim challenges Reclamation's pattern of issuing interim water contracts to Central Valley Project contractors without undertaking the necessary environmental review required by NEPA. For more than two decades, Reclamation issued a series of interim renewal contracts, relying on a string of perfunctory EAs and FONSIs. Reclamation did so because when Congress enacted the Central Valley Project Improvement Act, Public Law No. 102-575, 108 Stat. 4600 ("CVPIA") in 1992, it limited Reclamation's authority to enter into new long-term contracts with existing water contractors by requiring Reclamation to first undertake environmental review – including the preparation of an environmental impact statement ("EIS") under NEPA –

before it could renew any long-term repayment or water service contract.  CVPIA §§ 3402(a), 3404(c)(1).  Contrary to Congress' clear intent, Reclamation sidestepped its duty to prepare that comprehensive environmental review by instead adopting a series of vague and empty "interim" EAs and FONSIs for more than twenty years.

      Plaintiffs filed their complaint challenging Reclamation's 2016 EA and FONSI on March 4, 2016.  Dkt. 1.  In August 2016, Reclamation sought voluntary remand without vacatur, in light of the Ninth Circuit's decision in *Pacific Coast Federation of Fishermen's Associations v. United States Department of Interior*, 655 Fed.Appx 595 (9th Cir. 2016), which found that Reclamation had violated NEPA is approving the prior interim renewal contracts.  Plaintiffs opposed Reclamation's attempt to delay resolution of their claims at that time.  Plaintiffs correctly pointed out that "[n]ot only would a voluntary remand not save any judicial or litigant resources, plaintiffs and the public would be profoundly prejudiced by the resulting delay."  Dkt. 34, p. 5 (*see also* Dkt. 27, pp. 3-4 (opposing Reclamation's Motion for Stay as unduly delaying resolution of plaintiffs' claims)).  Notwithstanding plaintiffs' vigorous opposition, in December 2016 this Court granted Reclamation's Motion for Voluntary Remand.  Dkt. 52.  Consequently, Reclamation avoided judicial examination of its continuing violation of NEPA, effectively nullifying the Ninth Circuit's ruling.  Instead, Reclamation prepared its Remand EA and FONSI (AR 3), which continued its unlawful practice of evading its duty to prepare an adequate environmental review under NEPA.  In response, on September 28, 2017, plaintiffs filed their First Amended Complaint.  Dkt. 64.

      On March 12, 2018, this Court granted defendant-intervenor Westlands Water District's ("Westlands'") Motion to Dismiss plaintiffs' second cause of action from their First Amended Complaint, which challenged Reclamation's failure to prepare an EIS for the interim renewal contracts.  Dkt. 78.  On May 29, 2018, plaintiffs filed their summary judgment motion and supporting papers.  Dkt. 85, 85-1 to 85-5.  Defendants filed their summary judgment motions on July 26, 2018.  Dkt. 90 through Dkt. 94.  Plaintiffs filed their combined opposition and reply brief on August 30, 2018 (Dkt. 95), and

defendants' replies were filed on October 4 and October 5, 2018 (Dkt. 96-97). *For over two years, this Court has declined to rule on the parties' fully-briefed cross-motions for summary judgment.* Instead it has ordered the Clerk of Court to administratively terminate the pending motions, in prospective anticipation that plaintiffs' claims *might* become moot. Dkt. 117, p.4.

On July 8, 2020, plaintiffs moved for leave to file their Second Amended and Supplemental Complaint (Dkt. 120) challenging defendants' approval of permanent "repayment" or "conversion" water delivery contracts. On August 25, 2020, this Court granted that motion. Dkt. 126. The next day, plaintiffs filed their Second Amended and Supplemental Complaint. Dkt. 127.

The parties' cross-motions for summary judgment and plaintiffs' First Claim for Relief pertain to contracts between Reclamation and Westlands.[1] Westlands' principal contract with Reclamation provides for delivery of up to 1,150,00 acre feet ("1.15 MAF") of water annually and is identified by number 14-06-200495A. AR 5. Interim Renewal Contract 14-06-200495A-IR5, as challenged in plaintiffs' First Amended Complaint – expired on February 28, 2018. AR 934. But, it was immediately replaced by Interim Renewal Contract 14-06-200495A-IR6, which expired on February 29, 2020. *See*, Dkt. 91, p. 6 n. 6. And that Interim Contract was then immediately replaced with yet another. As Reclamation's March 9, 2020, Status Report to this Court admits, "Reclamation and Westlands entered into another two-year interim renewal service contract" which is "substantively the same as the interim renewal contract that expired on February 29, 2020," Dkt. 116, p. 3. The 2020 contract, Interim Renewal Contract 14-06-200495A-IR7, *expires on February 28, 2022*. Thus, it remains in effect. And, like the main contract, the other five interim renewal contracts between Westlands and Reclamation were renewed through *February 28, 2022*.

---

[1] Westlands – through its two distribution districts – has obtained full or partial assignments of water contracts for the Widren, Broadview, Mercy Springs, and Centinella Water Districts. *See, e.g.,* AR 5.

Westlands and Reclamation have also executed agreements that purport to convert the contracts from water service contracts to water repayment contracts, pursuant to the 2016 Water Infrastructure Improvements of the Nation ("WIIN") Act, Pub. L. 114-322, § 4011. Reclamation entered into these Repayment Contracts without conducting any environmental review.

Fatal to Reclamation's pending motion to dismiss the First Claim, the terms of the largest Repayment Contract – with Westlands, for up to 1.15 MAF annually – fail to extinguish that operative Interim Renewal Contract, which remains effective until February 28, 2022.[2]

## STANDARD OF REVIEW

Reclamation challenges plaintiffs' First Claim under Federal Rules of Civil Procedure, Rule 12(b)(1). Dkt. 130, p. 6. Reclamation asserts that this Court lacks subject matter jurisdiction over this claim, arguing that all the interim renewal contracts have been mooted by the Repayment Contracts. *Id.* "'A claim is moot if it has lost its character as a present, live controversy.'" *Rosemere Neighborhood Association v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1172-1173 (9th Cir. 2009) (quoting *American Rivers v. National Marine Fisheries Service*, 126 F.3d 1118, 1123 (9th Cir. 1997)).

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.' U.S. Const., Art. III, § 2. [The Supreme Court has] interpreted this requirement to demand that 'an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).

Mootness presents a question of law and "[t]he party asserting mootness carries a

---

[2] *See* Exhibit 1 to Declaration of Counsel in Support of Plaintiffs' Opposition to Motions to Dismiss.

heavy burden of establishing that no effective relief remains for the court to provide." *Chang v. United States*, 327 F.3d 911, 918-919 (9th Cir. 2003). Indeed, "'[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'" *Campbell-Ewald Co.*, 577 U.S. at 161 (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). And where, as here, there remains a live controversy, this Court cannot dismiss it as moot.

Reclamation argues that it is plaintiffs' "burden of establishing the Court's jurisdiction," and that until this burden is satisfied, this Court "presumptively lacks subject matter jurisdiction." Dkt. 30, pp. 6-7. Plaintiffs may demonstrate subject matter jurisdiction by providing evidence outside the allegations of the operative complaint. *Hamidi v. Service Employees International Union Local 1000*, 386 F. Supp. 3d 1289, 1294 (E.D. Cal. 2019). As Reclamation and Westlands failed to extinguish Interim Renewal Contract 2014-06-200-495A-IR7, plaintiffs can easily meet this burden here.

**ARGUMENT**

**I. THE LARGEST WIIN ACT CONTRACT FAILED TO EXTINGUISH THE OPERATIVE INTERIM RENEWAL CONTRACT**

Reclamation claims in its Motion to Dismiss (Dkt. 130) that "the six Interim Renewal Contracts have all been converted to repayment contracts under the WIIN Act." Dkt. 130, p. 7. Based on this claim, Reclamation argues that the interim renewal contracts "no longer exist," and therefore this Court "cannot declare [them] unlawful or enjoin" them. Dkt. 130, 7. But Reclamation's claim is demonstrably untrue.

Interim Renewal Contract 14-06-200495A-IR6 expired by its terms on February 29, 2020. As Reclamation's March 9, 2020, Status Report to this Court admits, "Reclamation and Westlands entered into another two-year interim renewal service contract" which is "substantively the same as the interim renewal contract that expired on February 29, 2020." Dkt. 116, p. 3. Their latest Interim Renewal Contract was needed because the Repayment Contract between Westlands and Reclamation would not

become effective until June 1, 2020 – three months after the previous Interim Renewal Contract had expired on February 29, 2020.  Thus, the Interim Renewal Contract currently in effect, for the term of March 1, 2020 to February 28, 2022, is 14-06-200495A-IR7.[3]

The corresponding Repayment Contract, however, states that Reclamation and Westlands "entered into Delta Division and San Luis Unit Contract Number 14-06-200-495A-IR1 and subsequent Interim Renewal Contracts 14-06-200-495A-IR2 through *14-06-200-495A-IR6*, the last of which is hereinafter referred to as the 'Existing Contract', which established terms for the delivery of Project Water to the Contractor from the Delta Division and San Luis Unit, and which was in effect the date the WIIN Act was enacted . . . ."  Executed Repayment Contract, 3:52-57 (emphasis added).

Although the Repayment Contract states:  "WHEREAS, the Contracting Officer and the Contractor agree to amend and convert the Existing Contract pursuant to section 4011 of the WIIN Act and other Federal Reclamation law on the terms and conditions set forth below," this conversion does not extinguish the operative interim contract.  Executed Repayment Contract, 7:146-148.  This is so because the Repayment Contract specifies that the "Existing Contract" is defined as the 2018-2020 interim renewal contract (Interim Renewal Contract 14-06-200-495A-*IR6*), rather than the most recent Interim Renewal Contract, which runs from 2020 to 2022.  The Executed Repayment Contract is silent as to Interim Renewal Contract 14-06-200-495A-*IR7*, which was effective March 1, 2020 and *remains in effect until February 28, 2022.*  Thus, whether or not the Repayment Contract might have *attempted* to convert, by its own plain language it clearly *failed* to convert, the currently effective Interim Renewal Contract.

It also appears that, in preparing the most recent Interim Renewal Contract, neither Reclamation nor Westlands altered the contract's language to account for

---

[3]  *See* Exhibit 2 to Declaration of Counsel in Support of Plaintiffs' Oppositions to Motions to Dismiss.

Westlands' WIIN Act conversion application.  The only publicly available version of the 2020 Interim Renewal Contract – on Reclamation's website – states merely that "This Contract shall be effective from March 1, 2020, and shall remain in effect through February 28, 2022, and thereafter will be renewed as described in Article 2 of IR1 if a long-term renewal contract has not been executed with an effective commencement date of March 1, 2022'"  Interim Renewal Contract 14-06-200-495A-IR7, p. 3.  Thus, the Interim Renewal Contract currently in effect does not provide that it would be rendered ineffective, or otherwise revoked, at the time a Repayment Contract takes effect.  Instead, it remains in effect until February 28, 2022.

As the 2020 Interim Renewal Contract between Reclamation and Westlands was improperly approved without compliance with NEPA, and remains in effect, plaintiffs' First Claim alleges a live controversy.

## II.  AS THE FIRST CLAIM RETAINS ITS CHARACTER AS A LIVE CONTROVERSY AND THIS COURT MAY GRANT EFFECTIVE RELIEF AS TO THE OPERATIVE INTERIM RENEWAL CONTRACT, RECLAMATION'S MOTION MUST FAIL

Reclamation argues that plaintiffs' "alleged injury under the Interim Renewal Contracts vanishes *if* these contracts *are no longer in effect* under the CVPIA, or capable of repetition . . . ."  Dkt. 130, pp. 8-9 (emphasis added).  As Reclamation's entire motion is predicated upon the assumption that *no* interim renewal contracts remain in effect, none of Reclamation's authorities apply to the facts here.

Indeed, Reclamation discusses several cases that apply where challenged conduct is technically moot, but exempt from dismissal because the conduct is "capable of repetition yet evading review."  Dkt. 131, pp. 9-10 (citing *Public Utilities Commission of Stat of California v. Federal Energy Regulatory Commission*, 100 F.3d 1451, 1459 (9th Cir. 1996); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).  Yet this Court does not need to examine whether Reclamation's conduct is "capable of repetition while evading review," as such an inquiry is only necessary when a claim is technically moot, which is *not* the case here.  While the 2016 Interim Renewal Contracts have expired, Interim

Renewal Contract 2014-06-200-495A-IR7 is effective until 2022.  And, as discussed above, Interim Renewal Contract 2014-06-200-495A-IR7 was not extinguished by Reclamation and Westlands' Repayment Contract.

Reclamation prepared one EA and one FONSI that purported – but failed – to satisfy Reclamation's NEPA obligations for that contract as well as the five other Interim Renewal Contracts between Reclamation and Westlands for the two year period of 2020 to 2022.  This Court continues to retain jurisdiction to declare that NEPA review was unlawful, and to order Reclamation to undertake the NEPA review requested in plaintiffs' summary judgment motion as to Interim Renewal Contract 2014-06-200-495A-IR7.

## CONCLUSION

Plaintiffs' First Claim continues to present a live controversy as to Reclamation's EA and FONSI for Interim Renewal Contract 2014-06-200-495-IR7.  This Court has continued to delay ruling on the parties' cross-motions for summary judgment, which have been fully briefed for over two years, in anticipation that it eventually might lose jurisdiction to resolve the controversy.  Yet, throughout this two-year time period, Reclamation has continued its failure to comply with NEPA.  For the reasons discussed above, this Court should deny Reclamation's Motion to Dismiss and should instead finally resolve the parties' long-outstanding cross-motions for summary judgment as to that claim.

Dated:  December 1, 2020          Respectfully submitted,

s/ *Stephan C. Volker*
STEPHAN C. VOLKER
Attorney for Plaintiffs
NORTH COAST RIVERS ALLIANCE,
CALIFORNIA SPORTFISHING PROTECTION
ALLIANCE, PACIFIC COAST FEDERATION
OF FISHERMEN'S ASSOCIATIONS, SAN
FRANCISCO CRAB BOAT OWNERS
ASSOCIATION, INC., AND INSTITUTE FOR
FISHERIES RESOURCES

# CERTIFICATE OF SERVICE

I, Alexis E. Krieg, hereby declare:

My business address is the Law Offices of Stephan C. Volker, 1633 University Street, Berkeley, California 94703.

On December 1, 2020, I served the following documents described as:

**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST CLAIM**

by electronic filing with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the email addresses registered in the above entitled action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 1, 2020     */s/ Alexis E. Krieg*
ALEXIS E. KRIEG
Attorney for Plaintiffs