STEPHAN C. VOLKER (CSB #63093)
ALEXIS E. KRIEG (CSB #254548)
STEPHANIE L. CLARKE (CSB #257961)
JAMEY M.B. VOLKER (CSB #273544)
LAW OFFICES OF STEPHAN C. VOLKER
1633 University Avenue
Berkeley, California 94703
Tel: 510/496-0600
Fax: 510/845-1255

Attorneys for Plaintiffs
NORTH COAST RIVERS ALLIANCE, CALIFORNIA
SPORTFISHING PROTECTION ALLIANCE, PACIFIC
COAST FEDERATION OF FISHERMEN'S
ASSOCIATIONS, SAN FRANCISCO CRAB BOAT
OWNERS ASSOCIATION, INC., and INSTITUTE
FOR FISHERIES RESOURCES

10.582.02

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., and INSTITUTE FOR FISHERIES RESOURCES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, and UNITED STATES BUREAU OF RECLAMATION,<br><br>Defendants,<br><br>WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, and PANOCHE WATER DISTRICT,<br><br>Intervenor-Defendants. | Civ. No. 16-cv-307-DAD-SKO<br><br>**PLAINTIFFS' OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV P. 12(b)(1) AND 12(b)(7)**<br><br>Judge Dale A. Drozd |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FACTUAL AND PROCEDURAL BACKGROUND**. . . . . . . . . . . . . . . . . . . . . . . . . 5

**STANDARD OF REVIEW**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**I.    RULE 12(b)(1) AND MOOTNESS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**II.   RULE 12(b)(7) AND RULE 19**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**I.    THE LARGEST WIIN ACT CONTRACT FAILED TO
       EXTINGUISH THE OPERATIVE INTERIM CONTRACT, AND
       THUS THE FIRST CLAIM IS NOT MOOT**. . . . . . . . . . . . . . . . . . . . . . . . . . 9

**II.   THE ABSENT CVP CONTRACTORS ARE NEITHER NECESSARY
       NOR INDISPENSABLE AND THUS NEED NOT BE JOINED TO
       THIS LAWSUIT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**CERTIFICATE OF SERVICE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## Cases

*Arakaki v. Cayetano*
    324 F.3d 1078 (9th Cir. 2003)..................................... 13

*Cachil Dehe Band of Wintun Indians v. California*
    547 F.3d 962 (9th Cir. 2008)...................................... 13

*Campbell-Ewald Co. v. Gomez*
    577 U.S. 153 (2016)................................................. 8

*Chafin v. Chafin*
    568 U.S. 165, 172 (2013)........................................... 8

*Chang v. United States*
    327 F.3d 911 (9th Cir. 2003)....................................... 8

*Conner v. Burford*
    848 F.2d 1441 (9th Cir.1988)..................................... 14

*Hamidi v. Service Employees International Union Local 1000*
    386 F. Supp. 3d 1289 (E.D. Cal. 2019)........................... 8

*Kescoli v. Babbitt,*
    101 F.3d 1304 (9th Cir.1996)..................................... 14

*Makah Indian Tribe v. Verity*
    910 F.2d 555 (9th Cir. 1990)............................... 12, 13, 14

*Natural Resources Defense Council v. Kempthorne*
    539 F.Supp.2d 1155 (E.D. Cal 2008)............................. 14

*Pacific Coast Federation of Fishermen's Associations v. United States Department of Interior*
    929 F. Supp. 2d 1039 (E.D. Cal. 2013)................... 11, 12, 13, 14

*Pacific Coast Federation of Fishermen's Associations v. United States Department of Interior*
    655 Fed.Appx 595 (9th Cir. 2016)................................. 5

*Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Cal. v. City of Los Angeles*
    637 F.3d 993 (9th Cir. 2011)....................................... 9

*Southwest Center for Biological Diversity v. Babbitt*
    150 F.3d 1152 (9th Cir. 1998)..................................... 13

//

**United States Code**

Title 5
    § 701-706.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

Title 42
    § 4321 et seq... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Title 43
    § 423e. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12
    § 485h(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 511. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Public Laws**

Central Valley Project Improvement Act ("CVPIA")
Pub. L. 102-575, 108 Stat. 4600 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

Water Infrastructure Improvements of the Nation ("WIIN") Act,
Pub. L. 114-322
    § 4011. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Rules**

Federal Rules of Civil Procedure

    Rule 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11
    Rule 12(b)(7). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9
    Rule 19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Rule 19(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9
    Rule 19(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    Rule 19(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INTRODUCTION

Plaintiffs North Coast Rivers Alliance, California Sportfishing Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab Boat Owners Association, Inc, and Institute for Fisheries Resources' long-standing claims against Defendants United States Department of Interior and United States Bureau of Reclamation (collectively "Reclamation"), as stated in the First Claim for Relief in Plaintiffs' Second Amended and Supplemental Complaint ("Second Amended Complaint"), are not moot and should be decided on their merits. In addition, because (1) plaintiffs can attain complete relief, (2) granting such relief would not impair the ability of unnamed Central Valley Project ("CVP") contractors to receive water deliveries, and (3) Reclamation and intervenor-defendants Westlands Water District ("Westlands"), San Luis Water District, and Panoche Water District adequately represent the interests of the unnamed CVP contractors, plaintiffs need not join these non-party contractors to this lawsuit. For these reasons, as detailed below, this Court must deny intervenor-defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

For more than two decades, Reclamation issued a series of interim contracts, relying on a string of perfunctory Environmental Assessments ("EAs") and Findings of No Significant Impact ("FONSIs") to claim compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. section 4321 et seq. The inadequate EAs and FONSIs for iterations of six interim renewal water service contracts between Reclamation and Westlands have been directly and timely challenged, and have remained ripe for judicial review, in this matter since plaintiffs filed their complaint challenging Reclamation's 2016 EA and FONSI on March 4, 2016. Dkt. 1.

In August 2016, Reclamation sought, and in December 2016, this Court granted, voluntary remand without vacatur, in light of the Ninth Circuit's decision in *Pacific Coast Federation of Fishermen's Associations v. United States Department of Interior*, 655 Fed.Appx 595 (9th Cir. 2016). Dkt. 52. Once Reclamation prepared its Remand

EA and FONSI (AR 3), on September 28, 2017, plaintiffs filed their First Amended Complaint. Dkt. 64. On March 12, 2018, this Court granted Westlands' Motion to Dismiss plaintiffs' second cause of action, which challenged Reclamation's failure to prepare an EIS for the interim renewal contracts. Dkt. 78. On May 29, 2018, plaintiffs filed their summary judgment motion and supporting papers. Dkt. 85, 85-1 to 85-5. Defendants' summary judgment motions were filed on July 26, 2018. Dkt. 90 through Dkt. 94. Plaintiffs filed their combined opposition and reply brief on August 30, 2018 (Dkt. 95), and defendants' replies were filed on October 4 and October 5, 2018 (Dkt. 96-97). For the past 25 months, this Court has declined to rule on the parties' cross-motions for summary judgment, on the grounds the case *might* become moot.

The 2020 interim contracts challenged in plaintiffs' First Claim for Relief took effect on March 1, 2020, as Reclamation concedes. Dkt. 116 at ¶¶ 3, 5. Reclamation prepared an EA and FONSI for these six new re-authorizations that are substantially similar to Reclamation's prior, and inadequate, EA and FONSI. *Id.*

Reclamation negotiated the general terms of the Repayment Contracts challenged in plaintiffs' Second through Fifth Claims with CVP water contractors – including intervenor-defendants – in a series of contractor-wide meetings held throughout 2019. E.g. Dkt. 109-1, ¶¶ 2-3 (Reclamation and CVP contractors held "CVP-wide negotiations" on May 29 and 30, June 17 and 18, and August 19 through 21, 2019). Reclamation and individual contractors also negotiated more specific terms during this time period. *Id.* Once the terms of each contract were negotiated, Reclamation circulated each contract for public comment as required by law. 43 U.S.C. § 485h(f). Yet, Reclamation did not undertake *any* environmental review during these negotiation and public comment processes.

Reclamation and Westlands executed Repayment Contract No. 14-06-200-495A-IR1-P on February 28, 2020. Repayment Contract 14-06-200-495A-IR1-P purports to convert Westlands' existing water contract with Reclamation for delivery of up to 1,150,000 acre-feet of water a year into a repayment contract. It states it would become

effective June 1, 2020.[1]  Reclamation and Westlands, through its two Distribution Districts, executed Repayment Contracts 14-06-200-8092-IR5-P, 7-07-20-W0055B-IR5-P, 14-06-200-8018-IR5-P, and 14-06-200-3365AC-IR5-P, effective June 1, 2020.  And they executed Repayment Contract 14-06-200-3365AB-IR5-P, with an effective date of July 1, 2020.  Each of these contracts relates to a corresponding Interim Renewal Contract.

     Plaintiffs sought leave to file their Second Amended Complaint on July 8, 2020 (Dkt. 120), and after this Court granted leave, filed the Second Amended Complaint on August 26, 2020 (Dkt. 127).  The Second Amended Complaint includes five claims:  (1) Reclamation's violation of NEPA in preparing the EAs and FONSIs for the interim contracts (Dkt. 127, pp. 24-28), (2) Reclamation's violation of NEPA in failing to prepare an Environmental Impact Statement ("EIS") for its Repayment Contracts (Dkt. 127, pp. 29-33), (3) Reclamation's violation of the Central Valley Project Improvement Act ("CVPIA") in failing to prepare an EIS for its Repayment Contracts (Dkt. 127, p. 34), (4) Reclamation's failure to require contractors to secure judicial validation of the Repayment Contracts pursuant to 43 U.S.C. sections 423e and 511 (Dkt. 127, pp. 24-41), and (5) Reclamation's violation of Reclamation Law in its entry into and approval of the Repayment Contracts with Westlands (Dkt. 127, pp. 41-45).  Through their Second Amended Complaint, plaintiffs request a declaration that defendants acted contrary to law in issuing the 2016 and 2020 FONSIs based upon legally and factually inadequate EAs, and an order requiring defendants to withdraw those FONSIs and prepare adequate EAs.  Dkt. 127, p. 45.  Plaintiffs also seek a declaration that defendants acted contrary to law in entering the Repayment Contracts without first preparing an EIS, and an injunction ordering defendants to withdraw their approval of and entry into the Repayment Contracts without first preparing an EIS.  *Id*. at pp. 45-46.  Plaintiffs likewise seek a declaration and injunction addressing defendants' failure to

---

[1] A true and correct copy of this contract is provided in Exhibit 1 to the Declaration of Counsel in Support of Plaintiffs' Oppositions to Motions to Dismiss.

require the contractors to secure judicial decrees confirming the validity of the Repayment Contracts. *Id.* And plaintiffs seek a declaration and injunction redressing defendants' failure to comply with all substantive and procedural requirements of Reclamation Law. *Id.* at 46.

**STANDARD OF REVIEW**

Intervenor-defendants challenge plaintiffs' First Claim under Federal Rules of Civil Procedure, Rule 12(b)(1), and plaintiffs' Second through Fifth Claims under Rules 12(b)(7) and 19. *See* Dkt. 131-1, pp. 5-6.

**I.    RULE 12(b)(1) AND MOOTNESS**

Intervenor-defendants claim this Court lacks subject matter jurisdiction over the First Claim due to a purported lack of a "live" issue. Dkt. 131-1, p. 5. Mootness presents a question of law and "[t]he party asserting mootness carries a heavy burden of establishing that no effective relief remains for the court to provide." *Chang v. United States*, 327 F.3d 911, 918-919 (9th Cir. 2003). Indeed, "'[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). And where, as here, there remains a live controversy, this Court cannot dismiss it as moot.

Plaintiffs may demonstrate this Court's continuing subject matter jurisdiction by providing evidence outside the allegations of their operative complaint. *Hamidi v. Service Employees International Union Local 1000*, 386 F. Supp. 3d 1289, 1294 (E.D. Cal. 2019). As Reclamation and Westlands failed to extinguish Interim Renewal Contract 2014-06-200-495A-IR7, plaintiffs can easily meet this burden here.

**II.   RULE 12(b)(7) AND RULE 19**

Rule 12(b)(7) authorizes defensive motions for "failure to join a party under Rule 19." Rule 19(a)(1) dictates that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among

    existing parties; *or*
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1) (emphasis added). If party must be joined under 19(a)(1), then the Court "must order that person be made a party." Fed.R.Civ.P. 19(a)(2). Only when "a person who is required to be joined if feasible cannot be joined" must this Court "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. Fed.R.Civ.P. 19(b).

  In reviewing a 12(b)(7) motion, this Court should "accept as true the allegations in Plaintiff[s'] complaint and draw all reasonable inferences in Plaintiff[s'] favor." *Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 996 n. 1 (9th Cir. 2011).

## ARGUMENT

### I. THE LARGEST WIIN ACT CONTRACT FAILED TO EXTINGUISH THE OPERATIVE INTERIM CONTRACT, AND THUS THE FIRST CLAIM IS NOT MOOT

  Intervenor-defendants claim that "the conversion of the 2020-2022 Interim [Renewal] Contracts into Repayment Contracts makes any challenge to the Interim Contracts indisputably moot . . . ." Dkt. 131-1 p. 7. Wrong. As discussed in plaintiffs' Opposition to Federal Defendants' Motion to Dismiss Plaintiffs' First Claim, Interim Renewal Contract 14-06-200495A-IR6 expired by its terms on February 29, 2020. And Reclamation's March 9, 2020, Status Report to this Court admits that "Reclamation and Westlands entered into another two-year interim renewal service contract" which is "substantively the same as the interim renewal contract that expired on February 29, 2020." Dkt. 116, p. 3. Their latest Interim Renewal Contract was needed because the Repayment Contract between Westlands and Reclamation would not become effective

until June 1, 2020 – three months after the previous Interim Renewal Contract had expired on February 29, 2020. Thus, the Interim Renewal Contract currently in effect, for the term of March 1, 2020 to February 28, 2022, is 14-06-200495A-IR7.

The Repayment Contract between Westlands and Reclamation states: "WHEREAS, the Contracting Officer and the Contractor agree to amend and convert the Existing Contract pursuant to section 4011 of the WIIN Act and other Federal Reclamation law on the terms and conditions set forth below." Executed Repayment Contract, 7:146-148. But the Repayment Contract defines "Existing Contract" to mean the 2018-2020 interim contract (14-06-200-495A-IR6). Executed Repayment Contract, 3:52-57 ("Interim Renewal Contracts 14-06-200-495A-IR2 through 14-06-200-495A-*IR6*, the last of which is hereinafter referred to as the 'Existing Contract'" (emphasis added)). Thus, the Repayment Contract does not amend or replace Interim Renewal Contract 14-06-200-495A-*IR7*, which became effective March 1, 2020 and will remain effective until February 28, 2022.

It also appears that, in preparing the most recent Interim Renewal Contract, neither Reclamation nor Westlands altered the Interim Renewal Contract language to account for Westlands' WIIN Act conversion application. The version of the 2020 Interim Renewal Contract published on Reclamation's website states merely that "This Contract shall be effective from March 1, 2020, and shall remain in effect through February 28, 2022, and thereafter will be renewed as described in Article 2 of IR1 if a long-term renewal contract has not been executed with an effective commencement date of March 1, 2022.'" Interim Renewal Contract 14-06-200-495A-IR7, p. 3.[2] Thus, it appears that the Interim Renewal Contract currently in effect does not provide that it would be rendered ineffective, or revoked, should the Repayment Contract take effect. Instead, it remains in effect until February 28, 2022.

---

[2] See Exhibit 2 to Declaration of Counsel in Support of Plaintiffs' Oppositions to Motion to Dismiss.

As Interim Renewal Contract 14-06-200-495A–IR7 remains in effect, this Court need not consider whether any mootness exception applies. Instead, this Court should resolve the merits of plaintiffs' NEPA claims against the EA and FONSI for the *currently operative* Interim Renewal Contract. Intervenor-defendants' request that this Court instead dismiss this claim "with prejudice" under Rule 12(b)(1) must be denied.

## II. THE ABSENT CVP CONTRACTORS ARE NEITHER NECESSARY NOR INDISPENSABLE AND THUS NEED NOT BE JOINED TO THIS LAWSUIT

Intervenor-defendants argue that plaintiffs must join all CVP contractors who have negotiated or executed Repayment Contracts with Reclamation for this Court to reach plaintiffs' Second through Fifth Claims for Relief, which challenge Reclamation's entry into and approval of the Repayment Contracts. Dkt. 131-1, pp. 8-11. Absent their joinder, intervenor-defendants argue these claims must be dismissed. *Id.* Plaintiffs would not oppose these CVP contractors' intervention pursuant to Rule 24, so long as such intervention occurs through an organized process that is unlikely to further delay resolution of plaintiffs' claims. And while plaintiffs dispute that these CVP contractors are necessary parties, let alone indispensable, should this Court find to the contrary, plaintiffs are willing to amend to join them. For the reasons discussed below, however, such amendment is unnecessary.

"The first inquiry is whether the absent water contractors are 'necessary' parties to this lawsuit. This inquiry proceeds in two steps." *Pacific Coast Federation of Fishermen's Association v. U.S. Department of Interior*, 929 F. Supp. 2d 1039, 1061 (E.D. Cal. 2013) ("*PCFFA*"). First, this Court must determine whether complete relief can be granted in their absence. *Id.* This is the case here, where Plaintiffs' claims arise under the Administrative Procedure Act ("APA"), 5 U.S.C. sections 701-706, and are directed against a federal agency, Reclamation. Their Second and Third Claims can be resolved without the remaining CVP contractors because plaintiffs seek to set aside and enjoin *Reclamation's* unlawful approvals of the Repayment Contracts without preparation of the required environmental review. Plaintiffs' Fourth Claim is likewise

directed at *Reclamation's* failure to require that the CVP contractors secure judicial decrees validating the Repayment Contracts, not the CVP contractors' failure to do so, and thus plaintiffs can receive complete relief on this claim in their absence. And plaintiffs' Fifth Claim for Relief is directed specifically to Reclamation's Repayment Contracts with intervenor-defendant Westlands, who is *not* absent from the lawsuit. Dkt. 127, pp. 41-45.[3] Thus, this Court can order Reclamation to remedy its violations of NEPA, the CVPIA, and other aspects of Reclamation Law without the absent parties, thus affording plaintiffs complete relief.

"Next, the court must determine whether the absent party has a legally protected interest in the suit." *PCFFA*, 929 F. Supp.2d at 1061 (quoting *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). Under 43 U.S.C. section 423e, and the terms of the Repayment Contracts, the Repayment Contracts are not binding upon Reclamation until they "have been confirmed by a decree of a court of competent jurisdiction." 43 U.S.C. § 423e (quote); Final Executed Repayment Contract, p. 71:1815-1819. Thus, absent such a decree, the CVP contractors cannot claim that a legally protected interest is impaired by this suit. To the contrary, the CVP contractors have at most a mere expectancy, which might ripen into a "legally protected interest" only *after* the Repayment Contracts "have been confirmed by a decree of a court of competent jurisdiction." *Id*.

In any event, setting aside the Repayment Contracts and declaring their approval unlawful would not prevent Reclamation from delivering CVP water to the CVP contractors under the terms of the existing – pre-conversion – contracts. Thus, the absent CVP contractors' CVP deliveries would not be impaired, and the absent contractors lack a legally protected interest in this proceeding.

Even if, contrary to the foregoing law, the Court were to assume, *arguendo,* that

---

[3] As plaintiffs' Fifth Claim for Relief is directed at Reclamation's Repayment Contracts with Westlands, it is not necessary to examine the remaining Rule 19 factors for this claim.

"'a legally protected interest exists, the court must further determine whether that interest will be impaired or impeded by the suit.' [*Makah,* 910 F.2d at 558]. 'Impairment may be minimized if the absent party is adequately represented in the suit.' *Id.* 'The court must also determine whether risk of inconsistent rulings will affect the parties present in the suit.' *Id.* at 558-59 . . . ." *PCFFA*, 929 F.Supp.2d at 1061 (emphasis omitted); *see also* Fed.R.Civ.P. 19.

Like in *Makah*, plaintiffs seek Reclamation's compliance with a lawful administrative process under the APA. *Id.* 910 F.2d at 559. Plaintiffs have not sought to prevent Reclamation from undertaking all future WIIN Act contract conversions. Instead plaintiffs ask only that Reclamation comply with applicable law in doing so. And, like in *Makah*, plaintiffs' prospective APA claims, which affect "the future conduct of the administrative process," are of the type that the Ninth Circuit has expressly held is "reasonably susceptible to adjudication without the presence of other" parties to the administrative process. *Makah*, 910 F.2d at 559; *see also Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 977 (9th Cir. 2008).

Should this Court determine, however, that the absent CVP contractors are necessary parties under Fed.R.Civ.P. Rule 19, they are still not indispensable parties that would require joinder or dismissal. This is so for two reasons. First, Reclamation and intervenor-defendants can adequately represent the interests of the absent CVP contractors.

> A non-party is adequately represented by existing parties if: (1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect.

*Southwest Center for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153–54 (9th Cir. 1998); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Each factor exists here. Reclamation and the intervenor-defendants have a strong interest in defending the validity of Reclamation's Repayment Contract approvals, and are capable

of making all necessary arguments to defend Reclamation's actions. As the parties will be limited to this Court's review of Reclamation's actions using Reclamation's existing Administrative Record, the absent parties would not be able to supply any new or novel "necessary element" that would otherwise be neglected.

Second, "the 'public rights exception' to the joinder rules applies." *PCFFA*, 929 F.Supp.2d at 1062 (citing *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir.1996), *Makah*, 910 F.2d at 559 n. 6); *see also Conner v. Burford*, 848 F.2d 1441, 1442–43, 1460 (9th Cir.1988). "[T]o fall within the public rights exception, the litigation must transcend the private interests of the litigants and seek to vindicate a public right. For the exception to apply, the litigation must not destroy the legal entitlements of the absent parties." *PCFFA*, 929 F.Supp.2d at 1062 (internal quotations and citations omitted). As discussed above, plaintiffs' claims would not destroy the legal entitlements of the absent CVP contractors, as the Repayment Contracts are not presently binding on Reclamation, and the absent CVP contractors would continue to receive water under their existing contracts with Reclamation. And as the absent CVP contractors' "legally protected interests" would not be impaired, this Court's decision in *Natural Resources Defense Council v. Kempthorne*, 539 F.Supp.2d 1155, 1182 (E.D. Cal 2008) does not apply.

## CONCLUSION

For the reasons discussed above, this Court must deny intervenor-defendants' Motion to Dismiss. Should, however, this Court determine that additional parties must be joined in order for this Court to adjudicate plaintiffs' Second through Fifth Claims, this Court should permit plaintiffs to amend their complaint accordingly to join the absent CVP contractors.

Dated: December 1, 2020    Respectfully submitted,

s/ *Stephan C. Volker*
STEPHAN C. VOLKER
Attorney for Plaintiffs NORTH COAST RIVERS
ALLIANCE, CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, PACIFIC COAST

FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., AND INSTITUTE FOR FISHERIES RESOURCES

# CERTIFICATE OF SERVICE

I, Alexis E. Krieg, hereby declare:

My business address is the Law Offices of Stephan C. Volker, 1633 University Street, Berkeley, California 94703.

On December 1, 2020, I served the following documents described as:

**PLAINTIFFS' OPPOSITION TO INTERVENOR-DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV P. 12(b)(1) AND 12(b)(7)**

by electronic filing with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the email addresses registered in the above entitled action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 1, 2020      */s/ Alexis E. Krieg*
                                       ALEXIS E. KRIEG
                                       Attorney for Plaintiffs