1  CYNTHIA J. LARSEN (SBN 123994)
   clarsen@orrick.com
2  JUSTIN GIOVANNETTONE (SBN 293794)
   jgiovannettone@orrick.com
3  MARK C. SMITH (SBN 319003)
   mark.smith@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
5  Sacramento, CA  95814-4497
   Telephone:    +1 916 447 9200
6  Facsimile:    +1 916 329 4900

7  Attorneys for Intervenor-Defendant
   Westlands Water District

*Additional Counsel on Next Page*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., and INSTITUTE FOR FISHERIES RESOURCES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, and UNITED STATES BUREAU OF RECLAMATION,<br><br>Defendants,<br><br>And<br><br>WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, and PANOCHE WATER DISTRICT,<br><br>Intervenor-Defendants. | Case No. 1:16-cv-00307-DAD-SKO<br><br>**INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(7)**<br><br>Noticed Hearing Date: December 15, 2020\*<br>Time:                  9:30 a.m.<br>Courtroom:             5<br>Judge:                 Hon. Dale A. Drozd<br><br>Trial Date:            None<br>Date Action Filed:     March 4, 2016 |

THOMAS M. BERLINER (SBN 83256)
tmberliner@duanemorris.com
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone:    +1 415 957 3333
Facsimile:    +1 415 520 5835

*Attorney for Intervenor-Defendant*
*San Luis Water District*

PHILIP A. WILLIAMS (SBN 296683)
pwilliams@weltyweaver.com
WELTY WEAVER & CURRIE
141 North Street, Ste A
Healdsburg, CA 95448-3821
Telephone:    + 707 433 4842
Facsimile:    + 707 473 9778

*Attorney for Intervenor-Defendant*
*Panoche Water District*

\* Pursuant to the Court's October 8, 2020 Minute Order (ECF 132), the Motion will be decided on the papers unless the Court advises otherwise.

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................ 1

II. ARGUMENT ...................................................................................................... 3

    A.    Plaintiffs' Argument That The Interim Contracts Are Still In Effect Must Be Rejected Because It Is Based On Draft Contractual Language That Was Modified In The Final Interim Contracts ................................................................ 3

    B.    Plaintiffs Have Failed To Rebut San Luis Contractors' Showing That The Absent CVP Water Contractors Are Necessary Parties ........................................... 4

        1.    Plaintiffs' Validation Argument Fail Because Lack Of Validation Does Not Extinguish CVP Water Contractors' Legally Protected Interests In The Repayment Contracts .......................................................... 4

        2.    Plaintiffs' Validation Argument Is Entirely Irrelevant To The Legally Protected Interests Of Many Of The Absent CVP Water Contractors ...................................................................................... 6

        3.    Plaintiffs' Argument Fails To Acknowledge That CVP Water Contractors' Have Legally Protected Interests Beyond Water Delivery ............................................................................................ 6

        4.    Federal Defendants And San Luis Contractors Cannot Adequately Represent The Absent CVP Water Contractors' Interests ......................... 8

        5.    Plaintiffs' Reliance On The Public Rights Exception Is Unavailing Because The Exception Only Applies When There Is An Issue of Indispensable Parties And Because Plaintiffs Seek To Destroy Legal Entitlements Of The Absent CVP Contractors ............................. 10

III. CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
 598 F.3d 1115 (9th Cir. 2010) ................................................................................................... 4

*Concerned Irrigators v. Belle Fourche Irrigation Dist.*,
 235 F.3d 1139 (8th Cir. 2001) ................................................................................................... 5

*Conner v. Burford*,
 848 F.2d 1441 (9th Cir. 1988) ................................................................................................. 10

*Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*,
 276 F.3d 1150 (9th Cir. 2002) ................................................................................................... 8

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*,
 932 F.3d 843 (9th Cir. 2019) ......................................................................................... 7, 10, 11

*Hamidi v. Serv. Emps. Int'l Union Local 1000*,
 386 F. Supp. 3d 1289 (E.D. Cal. 2019) ..................................................................................... 3

*Kische USA LLC v. Simsek*,
 No. C16-0168JLR, 2018 WL 620493 (W.D. Wash. Jan. 29, 2018) .......................................... 3

*Makah Indian Tribe v. Verity*,
 910 F.2d 555 (9th Cir. 1990) ..................................................................................................... 7

*Nat'l Licorice Co. v. N.L.R.B.*,
 309 U.S. 350 (1940) ................................................................................................................ 10

*NRDC v. Kempthorne*,
 539 F. Supp. 2d 1155 (E.D. Cal. 2008) ............................................................................... 8, 10

*Rayon-Terrell v. Contra Costa Cty.*,
 232 F. App'x 626 (9th Cir. 2007) .............................................................................................. 3

*Samica Enters. LLC v. Mail Boxes Etc., Inc.*,
 460 F. App'x 664 (9th Cir. 2011) .............................................................................................. 4

*Shermoen v. U. S.*,
 982 F.2d 1312 (9th Cir. 1992) ................................................................................................... 9

*Sw. Ctr. for Biological Diversity v. Babbitt*,
 150 F.3d 1152 (9th Cir. 1998) ................................................................................................... 9

*Wilbur v. Locke*,
   423 F.3d 1101 (9th Cir. 2005) ............................................................................................ 8

*Williams v. Alioto*,
   549 F.2d 136 (9th Cir. 1977) .............................................................................................. 3

**Statutes**

43 U.S.C. § 371 ............................................................................................................................ 4

Act of May 15, 1922, ch. 190, §1, 42 Stat. 541, codified at 43 U.S.C. § 511 ..................... 4, 5, 6

Act of May 25, 1926, ch. 383, § 46, 44 Stat. 649, codified at 43 U.S.C. § 423e ................. 4, 5, 6

Administrative Procedure Act ("APA") ....................................................................................... 7

Endangered Species Act ("ESA") .............................................................................................. 10

National Environmental Policy Act ("NEPA") .......................................................................... 10

Reclamation Reform Act of 1982, Pub. L. No. 97-293, § 213, 96 Stat. 1261 ............................. 7

Water Infrastructure Improvements for the Nation ("WIIN") Act, Pub. L. No. 114-
   322, 130 Stat. 1628 (2016) ...................................................................................... 1, 3, 6, 7

**Rules and Regulations**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................... 1, 2, 11

Federal Rule of Civil Procedure 12(b)(7) ........................................................................... 1, 2, 11

Federal Rule of Civil Procedure 19 ....................................................................................... 2, 11

**Other Authorities**

Bureau Reclamation Website, "Draft Interim Renewal Contracts 2019," *available
   at* https://www.usbr.gov/mp/cvpia/3404c/lt-contracts/2019-interim-
   contracts/index.html (last visited Dec. 2, 2020) ................................................................. 3

U.S. Const. art. III, § 2, cl. 1 ........................................................................................................ 4

## I. INTRODUCTION

Intervenor-Defendants Westlands Water District ("Westlands"), San Luis Water District ("San Luis"), and Panoche Water District ("Panoche")[1] (collectively the "San Luis Unit Contractors") have moved to dismiss Plaintiffs' Second Amended and Supplemental Complaint ("SASC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (7) because Plaintiffs' First Claim for Relief alleging deficient environmental review of 2016-2018 and 2020-2022 Central Valley Project ("CVP") interim renewal contracts between the Bureau of Reclamation ("Reclamation") and Westlands, Santa Clara Valley Water District, and Pajaro Valley Water Management Agency (the "Interim Contracts" or "Interim Contractors") is moot, and Plaintiffs failed to join as parties to this case absent CVP water contractors whose contracts Plaintiffs seek to impact under their newly amended Second through Fifth Claims for Relief.

In their sole argument in opposition to Intervenor-Defendants' mootness argument, Plaintiffs improperly rely on draft contract language that did not reference the effect of the anticipated conversion of the 2020-2022 Interim Contracts into repayment contracts pursuant to the Water Infrastructure Improvements for the Nation ("WIIN") Act, Pub. L. No. 114-322, 130 Stat. 1628 (2016).[2]  Ultimately, however, the draft language was modified and the final executed 2020-2022 Interim Contracts expressly provided that they would no longer be in effect once the Repayment Contracts became effective,[3] which as Plaintiffs concede occurred on June 1, 2020 for five of the six contracts at issue and on July 1, 2020 for the sixth contract.  Plaintiffs' Opposition to Intervenor-Defendants' Motion to Dismiss ("Plfs' Opp."), ECF No. 134, at 6:25 – 7:6.  As a result, Plaintiffs' entire argument against mootness is meritless.

In opposing Intervenor-Defendants' argument that Plaintiffs have failed to join required

---

[1] As indicated in Intervenor-Defendant's Motion, San Luis and Panoche are contracting parties with Reclamation under interim renewal contracts that are not challenged by Plaintiffs in this action.  Panoche and San Luis sought intervention to defend interim renewal contracts against NEPA challenges generally.

[2] Converted Interim Contracts are hereafter collectively referred to as "Repayment Contracts."

[3] Plaintiffs' Opposition focuses on and attaches a draft version of one of the six Interim Contracts at issue in this case, No. 14-06-200-495A-IR7.  The Declaration of Cynthia Larsen ("Larsen Decl."), which accompanies this Reply, attaches all six of the final executed versions of the 2020-2022 Interim Contracts.  Larsen Decl., Exs. 1, 3–7 (§ 1(a) of each Interim Contract contains the modified language providing that it is no longer in effect once the Repayment Contracts become effective).

parties, Plaintiffs put forth several arguments premised on the theory that absent water contractors do not have legally protected interests in their own executed or negotiated repayment contracts and that existing parties can adequately represent the absent water contractors' interests. As detailed below, each of these arguments fail. <u>First</u>, Plaintiffs' argument that water contractors do not have legally protected interests in their executed or negotiated repayment contracts until those contracts are validated by a state court fails because the validation statute they cite, assuming it is applicable here, would render contracts merely voidable, not void, at the option of the United States; and the United States has indicated its view that Westlands' Repayment Contract is operative and not void, even though it has yet to be validated. <u>Second</u>, Plaintiffs' validation argument has no impact on the legally protected interests of many absent water contractors whose contracts Plaintiffs seek to impact because the validation statutes do not even reference municipal or industrial water districts. <u>Third</u>, Plaintiffs' argument that absent water contractors' legally protected interests are not at stake because the SASC does not threaten continued delivery of CVP water fails to acknowledge that the repayment contracts confer significant benefits beyond just the delivery of water. <u>Fourth</u>, Plaintiffs' assertion that Federal Defendants and the San Luis Contractors provide adequate representation for the absent water contractors ignores the fact that absent contractors include different types of entities, with different types of customers, to whom different laws apply, who are at different stages of the negotiation and conversion process, and who, accordingly, may make arguments that the current parties may not be willing to make or are even aware of. <u>Finally</u>, Plaintiffs' reliance on the public rights exception to joinder rules is unavailing because the exception only applies when there is an issue of indispensable parties that cannot be joined, and no party has argued that absent water contractors are incapable of joinder; thus, the exception is inapplicable.

Accordingly, pursuant to Rule 12(b)(1), the First Claim must be dismissed with prejudice as moot, and Plaintiffs should be compelled pursuant to Rule 19 to join absent water contractors whose Repayment Contracts are targeted by the Second through Fifth Claims or, alternatively, these claims should be dismissed pursuant to Rule 12(b)(7).

## II. ARGUMENT

### A. Plaintiffs' Argument That The Interim Contracts Are Still In Effect Must Be Rejected Because It Is Based On Draft Contractual Language That Was Modified In The Final Interim Contracts

San Luis Contractors moved to dismiss Plaintiffs' First Claim as moot and not falling within the exception for claims capable of repetition yet evading review because the Interim Contracts are no longer operative as they have been converted into Repayment Contracts. Intervenor-Defs' Mem. P. & A. at 6-7, *citing* (among other cases) *Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977). Plaintiffs contend the First Claim is not moot by relying on language from one of the draft 2020-2022 Interim Contracts stating that the contract "shall remain in effect through February 28, 2022." Plfs' Opp., ECF No. 134, at 10:19-20 (quoting Westlands' 2020-2022 Interim Contract "published on Reclamation's website . . .").[4] However, all six of the final executed 2020-2022 Interim Contracts provided that they will no longer be in effect once the corresponding Repayment Contract becomes effective. Specifically, the final executed version of 2020-2022 Interim Contracts provided:

> This Contract shall be effective from March 1, 2020, and shall remain in effect through February 28, 2022, and thereafter will be renewed as described in Article 2 of [the Interim Contract] if a long-term renewal contract has not been executed with an effective commencement date of March 1, 2022 *or until the Contract Between the United States and [the water district] Providing for Project Water Service, San Luis Unit and Delta Division and Facilities Repayment, which [was/will be] executed pursuant to section 4011 of the Water Infrastructure Improvements for the Nation Act, Public Law 114-322, and other Federal Reclamation law, is in effect*.

*See* Larsen Decl., Exs. 1, 3–7 at § 1(a) (emphasis added).[5]

---

[4] In fact, the drafts of the Interim Contracts on Reclamation's website are clearly represented as only draft and not final executed contracts; the subheading on the webpage is entitled "Draft Interim Renewal Contracts 2019" and "Draft Contract" is included in each document name. *See* Bureau of Reclamation Website, "Draft Interim Renewal Contracts 2019," *available at* https://www.usbr.gov/mp/cvpia/3404c/lt-contracts/2019-interim-contracts/index.html (last visited Dec. 2, 2020).

[5] As Plaintiffs acknowledge, where there is a factual challenge to subject-matter jurisdiction, the Court may review evidence beyond the complaint in a motion to dismiss. Plfs' Opp. at 8:19-22, citing *Hamidi v. Serv. Emps. Int'l Union Local 1000*, 386 F. Supp. 3d 1289, 1294 (E.D. Cal. 2019). In addition, since Plaintiffs introduced evidence of the draft Interim Contract in their Opposition, San Luis Contractors may introduce evidence directly addressing the same set of facts in their Reply. *See Kische USA LLC v. Simsek*, No. C16-0168JLR, 2018 WL 620493, at *3 (W.D. Wash. Jan. 29, 2018) (providing that "[a]dditional evidence can be presented in support of a reply brief where '[t]he Reply Brief addressed the

Because the Repayment Contracts have all gone into effect, the italicized language in the foregoing provisions defeats Plaintiffs' argument that its First Claim is not moot. *See supra,* fn. 3. Each of the 2020-2022 Interim Contracts ceased to be in effect as of the effective dates of their respective Repayment Contracts.[6]

Accordingly, Plaintiffs' sole basis for arguing that their First Claim is not moot is completely without merit and Plaintiffs have failed to sustain their burden on this issue. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("The party asserting federal subject matter jurisdiction [they] bear[ ] the burden of proving [the mootness exception's] existence."); *Samica Enters. LLC v. Mail Boxes Etc., Inc.*, 460 F. App'x 664, 666 (9th Cir. 2011) (arguments not raised in opposing brief are waived).

Because this Court's jurisdiction extends only to actual "Cases" or "Controversies," U.S. Const. art. III, § 2, cl. 1, and Plaintiffs have failed to carry their burden to warrant application of the mootness exception, the Court should dismiss with prejudice their First Claim as moot.

**B. Plaintiffs Have Failed To Rebut San Luis Contractors' Showing That The Absent CVP Water Contractors Are Necessary Parties**

**1. Plaintiffs' Validation Argument Fails Because Lack Of Validation Does Not Extinguish CVP Water Contractors' Legally Protected Interests In The Repayment Contracts**

Plaintiffs again submit erroneous citations to the Court, this time by asserting that "the Repayment Contracts are not binding upon Reclamation until they 'have been confirmed by a decree of a court of competent jurisdiction.' 43 U.S.C. § 423e (quote)." Plfs' Opp. at 12:11-14. Yet, the Act of May 25, 1926, ch. 383, § 46, 44 Stat. 649, codified at 43 U.S.C. § 423e ("section 423e") says no such thing.[7] San Luis Contractors assume Plaintiffs intended to cite the Act of

---

same set of facts supplied in [respondent's] opposition to the motion but provides the full context to [respondent's] recitation of the facts") (citing *Rayon-Terrell v. Contra Costa Cty.*, 232 F. App'x 626, 629 n.2 (9th Cir. 2007)).

[6] As of the date of this Reply, Westlands has paid all applicable rates and charges due under its Repayment Contract.

[7] Rather, section 423e provides that "[n]o water shall be delivered *upon the completion of any new project or new division of a project* until . . ." confirmed by a court. 43 U.S.C. § 423e (emphasis added). Plaintiffs do not argue here that a lack of state court validation of Repayment Contracts would prevent water deliveries under section 423e. However, Plaintiffs' Fourth Claim does cite section 423e (together

May 15, 1922, ch. 190, §1, 42 Stat. 541, codified at 43 U.S.C. § 511 ("section 511"), which provides that "no contract with an irrigation district under this Act *shall be binding* on the United States until . . . the contract with the United States shall have been confirmed by decree of a court of competent jurisdiction . . ." (emphasis added). However, section 511 likewise does not support Plaintiffs' unsubstantiated assertions concerning the validity of the Repayment Contracts.[8]

Assuming it is applicable to WIIN Act conversion contracts, section 511 does not operate to make a contract void *per se*, but only voidable on the option of the United States. *See Concerned Irrigators v. Belle Fourche Irrigation Dist.*, 235 F.3d 1139, 1144 (8th Cir. 2001) ("Even if the United States is not bound by the [irrigation district] contract because it was not judicially confirmed, the contract is not necessarily invalid . . . . The lack of judicial confirmation does not invalidate the . . . contract."). Significantly, Reclamation Regional Director Ernest Conant has confirmed Reclamation's understanding that the delay obtaining a validation judgment "does not render the Repayment Contract void" and further confirmed that the contract "will govern the rights and obligation of the United States and the District after the Repayment Contract's effective date." *See* Larsen Decl., Ex. 2, Reclamation Letter, dated May 28, 2020. Thus, even if section 511 provided Reclamation with the option of declaring the Repayment Contract temporarily non-binding on the United States, the Regional Director's letter confirms

---

with section 511) as bases for setting aside Westlands' Repayment Contract. SASC ¶¶ 96, 97, 114. Though it is not necessary for purposes of this motion to correct Plaintiffs' interpretation of section 423e in their SASC, San Luis Contractors briefly note why section 423e is not applicable to Repayment Contracts. As used in the statute, the term "project" is defined as a "Federal irrigation project authorized by the reclamation law," 43 U.S.C. § 371(d), and "division of a project" means "a substantial irrigable area of a project designated as a division by order of the Secretary." 43 U.S.C. § 371(e). Here, the modifier of "new" to "project" or "division of a project" makes section 423e inapplicable to existing or ongoing projects, such as the CVP operations at issue here, especially where contractual changes preserve the status quo of a long-existing project.

[8] Here, Westlands initiated validation proceedings for its Repayment Contract pursuant to Article 47 of the Repayment Contract between Reclamation and Westlands, which provides:

> Promptly after the execution of this amended Contract, the Contractor will provide to the Contracting Officer a certified copy of a final decree of a court of competent jurisdiction in the State of California, confirming the proceedings on the part of the Contractor for the authorization of the execution of this amended Contract. This amended Contract shall not be binding on the United States until the Contractor secures a final decree.

*See* Volker Decl., ECF No. 133-1, Ex. 1 at 71.

Reclamation's intent to honor the contract, notwithstanding Plaintiffs' unsupported conflation of "void" and "voidable" in an attempt to divest CVP water contractors of their legally protected interests.

### 2. Plaintiffs' Validation Argument Is Entirely Irrelevant To The Legally Protected Interests Of Many Of The Absent CVP Water Contractors

In any event, Plaintiffs' validation argument has no impact on the legally protected interests of many absent CVP water contractors whose contracts Plaintiffs seek to impact. This is because sections 511 and 423e, if relevant here, only reference contracts Reclamation enters into with *irrigation districts*, such as the San Luis Contractors. 43 U.S.C. § 511 ("no contract with an irrigation district under this Act shall be binding on the United States until" validated by a state court); 43 U.S.C. § 423e (referencing contracts "made with an irrigation district or irrigation districts organized under State law"). Plaintiffs' SASC seeks to enjoin and set aside Reclamation's Repayment Contracts, not only with irrigation districts, but also with numerous municipal and industrial contractors, which sections 511 and 423e clearly do not reference. *See e.g.,* SASC ¶ 4 (noting Plaintiffs seek to overturn "contracts with [Westlands], East Bay Municipal Utility District, City of Folsom, Placer County Water Agency, City of Roseville, Sacramento County Water Agency, Sacramento Municipal Utility District, . . . and others"). Thus, irrespective of Plaintiffs argument relating to the validation statutes, these absent water contractors have legally protected interests in the repayment contracts and must be joined.

### 3. Plaintiffs' Argument Fails To Acknowledge That CVP Water Contractors' Have Legally Protected Interests Beyond Water Delivery

In addition to the meritless argument that all CVP water contractors lack a legally protected interest in repayment contracts because they have not all been validated, Plaintiffs also argue that the SASC does not threaten the legally protected interests of absent CVP water contractors because, if Plaintiffs prevail, "CVP [water] deliveries would not be impaired." Plfs' Opp. at 12:23. Plaintiffs are again mistaken; the SASC threatens the legally protected interests of absent water contractors beyond just water deliveries.

1    Plaintiffs fail to acknowledge that the repayment contracts confer financial and statutory
2 benefits beyond just delivery of water.  As discussed in San Luis Contractors' opening brief,
3 invalidating the repayment contracts would directly deprive absent water contractors of other
4 legally protected interests endowed by the WIIN Act, including the right to prepay their
5 repayment obligations (if not already done) and relief from the administrative burdens of
6 negotiating and executing interim contracts every two years.  Intervenor-Defs' Mem. P. & A. at 8;
7 *id.* at fn. 4.  Further, upon repayment of a contractor's obligation for construction costs of the
8 CVP, subsections (a) and (b) of section 213 of the Reclamation Reform Act of 1982 (96 Stat.
9 1269) applies to lands within the contractor's service area, which in turn provides relief from the
10 acreage and full cost limitations of federal reclamation law.  *See* WIIN Act, Pub. L. No. 114-322,
11 § 4011(c)(1), 130 Stat. at 1880; Reclamation Reform Act of 1982, Pub. L. No. 97-293, § 213, 96
12 Stat. 1261.

13    Moreover, contrary to Plaintiffs' characterization of their SASC as simply seeking "to set
14 aside and enjoin *Reclamation's* unlawful approvals of the Repayment Contracts," Plfs' Opp. at
15 11:25-28 (emphasis in original), the SASC clearly seeks to enjoin execution of and operations
16 under the repayment contracts themselves.  SASC at 46 (prayers for relief requesting "[a]n
17 injunction ordering defendants to withdraw their approval of and entry into their repayment
18 contracts with Westlands and others").  As noted above, enjoining execution of and operations
19 under the repayment contracts of other contractors would directly impact the legally protected
20 rights of absent water contractors endowed by the WIIN Act beyond just water deliveries.

21    This impact distinguishes Plaintiffs' suit from the one at issue in *Makah Indian Tribe v.*
22 *Verity*, where the Ninth Circuit held that absent tribes were not necessary parties because the
23 plaintiffs' claims "would affect only the future conduct of the administrative process."  910 F.2d
24 555, 559 (9th Cir. 1990).  Here, by contrast, the relief Plaintiffs seek would not only impact the
25 administrative process but would also impair the various rights granted under the WIIN Act to all
26 CVP water contractors who also have chosen or will choose to execute repayment contracts.
27 Accordingly, *Makah* is distinguishable.  *See also Dine Citizens Against Ruining Our Env't v.*
28

*Bureau of Indian Affs.*, 932 F.3d 843, 852-53 (9th Cir. 2019) (absent mining corporation had a legally protected interest in an action challenging agency approvals under the Administrative Procedure Act "where the effect of a plaintiff's successful suit would be to impair a right already granted").

As detailed in San Luis Contractors' opening brief, longstanding precedent concerning lawsuits affecting contractual rights necessitates joinder of absent water contractors here: "it is a fundamental principle that a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract." *Wilbur v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005), abrogated on other grounds; *see also Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002) (same). Thus, absent water contractors have legally protected interests at issue in this case and must be joined.

### 4. Federal Defendants And San Luis Contractors Cannot Adequately Represent The Absent CVP Water Contractors' Interests

Plaintiffs' assertion that Federal Defendants and the San Luis Contractors provide adequate representation for the absent CVP water contractors is counter to both Ninth Circuit precedent and practical reality. In *NRDC v. Kempthorne*, this district found that Westlands, several state water contractors, and others, who had intervened in a suit by environmental groups challenging the Department of Interior's environment review of water contracts "do not adequately represent the interests of the absent contractors" because "[t]hese parties intervened to protect their own unique and identifiable interests, not the interests of others." 539 F. Supp. 2d 1155, 1189 (E.D. Cal. 2008). *Kempthorne* also found that the federal defendants in that case could likewise not adequately represent the interests of absent water contractors "because they represent the government and a broad set of interests that are not the same as public or private water contractors." *Id*. at 1187-88. Plaintiffs make no attempt to distinguish *Kempthorne*, discussed extensively in San Luis Contractors' opening brief, Intervenor-Defs' Mem. P. & A. at 9-10, except to say that absent water contractors' "legally protected interest" would not be impaired. Plfs' Opp. at 14. This theory that has been fully rebutted in Sections II.B.1 through 3,

above.

Further, as also noted above, the various absent water contractors whose contracts Plaintiffs seek to impact include not only irrigation districts, like the San Luis Contractors, but also municipal water districts and other entities, who each have different types of customers, and to whom different laws apply. San Luis Contractors may not be willing to make, or even aware of, arguments that these various contractors would make in order to protect their unique interests. As Plaintiffs concede, in order to adequately represent absent parties, the existing parties must "undoubtedly" be capable of and willing to "make *all* of the non-party's arguments . . . ." Plfs' Opp. at 13:21-25 (emphasis added) (quoting *Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998)). This standard is not met here.

For example, Plaintiffs devote 15 paragraphs under their Fourth Claim specifically to Westlands' validation proceedings, SASC ¶¶ 99-113, but conclude that "additional repayment contracts with other water districts" have also been approved without validation "and accordingly [their contracts] should be declared unlawful and set aside . . . ." SASC ¶ 114. This sweeping conclusion would undermine repayment contracts of other contractors who have validation actions in progress or who intended to file such actions. Further, as noted above, sections 511 and 423e, if relevant here, only reference contracts Reclamation enters into with irrigation districts, they do not even mention municipal or industrial water districts, yet Plaintiffs nevertheless seek to enjoin all repayment contracts. While San Luis Contractors are prepared to counter Plaintiffs' Fourth Claim as to the Repayment Contracts, they cannot "undoubtedly" be relied upon to make *all* of the arguments available to absent water contractors, particularly because different laws apply to them.

Similarly, the absent water contractors' interests, ability, and willingness to raise arguments relating to administrative and procedural requirements is likely to differ from existing parties. To challenge repayment contracts, Plaintiffs are required to submit timely public comments regarding the proposed contracts. Plaintiffs' SASC alleges that they complied with this requirement only for the repayment contracts of select contractors. SASC ¶ 79. Yet,

Plaintiffs still seek to enjoin or set aside repayment contracts for all CVP contractors who seek to enter such contracts. The existing parties have neither the same level of interest, nor the incentive, to ensure Plaintiffs have properly pleaded and complied with all necessary requirements to challenge *each and very* repayment contract Reclamation has executed or intends to execute with absent water contractors. *See Shermoen v. U. S.*, 982 F.2d 1312, 1317 (9th Cir. 1992) (contracting entities have a right "to make known their interests and legal theories").

Therefore, because Federal Defendants and San Luis Contractors cannot adequately represent the interests of absent water contractors, joinder is necessary.

### 5. **Plaintiffs' Reliance On The Public Rights Exception Is Unavailing Because The Exception Only Applies When There Is An Issue of Indispensable Parties And Because Plaintiffs Seek To Destroy Legal Entitlements Of The Absent CVP Contractors**

Finally, Plaintiffs attempt to apply the public rights exception to joinder rules by asserting that their claims "would not destroy the legal entitlements" of absent CVP water contractors because "the Repayment contracts are not presently binding on Reclamation." Plfs' Opp. 14:12-15. Again, Plaintiffs are misguided.

First, "[t]he public rights exception is a limited 'exception to traditional joinder rules' under which a party, although necessary, will not be deemed 'indispensable,' and the litigation may continue in the absence of that party." *Dine Citizens*, 932 F.3d at 858, *quoting Conner v. Burford*, 848 F.2d 1441, 1459 (9th Cir.1988). Here, no party has argued that absent water contractors are incapable of joinder; therefore, there is no issue of indispensability and the public rights exception is inapplicable.

Further, Plaintiffs concede that for the public rights exception to permit continuation of this suit without otherwise "necessary" parties, "the litigation must not destroy the legal entitlements of the absent parties." Plfs' Opp. at 14:9-11; *see also Nat'l Licorice Co. v. N.L.R.B.*, 309 U.S. 350, 363-64 (1940) (providing that the public rights exception is "narrowly restricted to the protection and enforcement of public rights"); *Kempthorne*, 539 F. Supp 2d. at 1184 (the public rights exception did not apply where plaintiffs' suit challenged the validity of

Reclamation's approval or renewal of long-term water service contracts). As discussed above, CVP water contractors hold significant legal rights arising from the repayment contracts—including but not limited to the delivery of water—which Plaintiffs' suit expressly seeks to impair.

Plaintiffs' reliance on *Conner v. Burford* is misplaced, Plfs' Opp. at 14, as the *Conner* plaintiffs did not seek to destroy the legally protected rights of absent parties, 848 F.2d at 1442-43, 1460-61. *See also Dine Citizens*, 932 F.3d at 852-53 (declining to apply the public rights exception even though plaintiffs only sought "a renewed NEPA and ESA process," because the suit resulted in an "implication" that the underlying lease contract was improperly conferred).

Thus, the public rights exception would not operate to permit continuation of this suit without the "necessary" CVP water contractors whose repayment contracts and, correspondingly, whose legally protected rights, Plaintiffs seek to impair.

### III. CONCLUSION

For the reasons stated above and in the Memorandum of Points and Authorities in Support of San Luis Unit Contractors' Motion to Dismiss, the Court should dismiss Plaintiffs' First Claim pursuant to Rule 12(b)(1), order that, pursuant to Rule 19(a)(2), Plaintiffs must join all CVP water contractors whose repayment contracts they seek to affect, and further order dismissal of any claims pursuant to Rule 12(b)(7) if Plaintiffs fail to effectuate such joinder.

////
////
////
////
////
////
////
////
////

| | |
|---|---|
| Dated: December 8, 2020 | CYNTHIA J. LARSEN<br>JUSTIN GIOVANNETTONE<br>MARK C. SMITH<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By:  */s/ Cynthia J. Larsen*<br>CYNTHIA J. LARSEN<br>Attorneys for Intervenor-Defendant<br>Westlands Water District<br><br>THOMAS M. BERLINER<br>DUANE MORRIS LLP<br><br>By:  */s/ Thomas M. Berliner*<br>THOMAS M. BERLINER<br>Attorney for Intervenor-Defendant<br>San Luis District<br><br>PHILIP A. WILLIAMS<br>WELTY WEAVER & CURRIE<br><br>By:  */s/ Philip A. Williams*<br>PHILIP A. WILLIAMS<br>Attorney for Intervenor-Defendant<br>Panoche Water District |

4153-0562-0777