JEAN E. WILLIAMS, Acting Assistant Attorney General
JEFFREY N. CANDRIAN, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Bar No. 43839 (Colorado)
999 18th St. S. Terrace #370
Denver, CO 80202
jeffrey.candrian@usdoj.gov
Telephone: (303) 844-1382
Fax: (303) 844-1350
Attorney for Defendants U.S. Department of Interior,
Bureau of Reclamation

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL., <br><br> Defendants, <br><br> and <br><br> WESTLANDS WATER DISTRICT, ET AL., <br><br> Intervenor-Defendants. | CASE NO.  1:16-cv-00307-DAD-SKO <br><br> **FEDERAL DEFENDANTS' MOTION TO STAY: NOTICED TO MAY 4, 2021** <br><br> DISTRICT JUDGE DALE A. DROZD <br> MAGISTRATE JUDGE S. OBERTO |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on May 4, 2021, at 9:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dale A. Drozd, located in the United States District Court for the Eastern District of California, Fresno Division, Federal Defendants will and hereby do move to stay this case until May 12, 2021.  Federal Defendants do not request oral argument and believe the motion can be decided on the papers.

1:16-cv-00307-DAD-SKO
Federal Defendants' Motion to Stay

# FEDERAL DEFENDANTS' MOTION TO STAY

This case is one of three cases pending before this Court where plaintiffs challenge, *inter alia*, the United States' implementation of the Water Infrastructure Improvements for the Nation Act ("WIIN Act"), Pub. L. No. 114-322, § 4011 (2016).[1]  After the Hoopa Valley Tribe asked the United States Department of Interior to review its implementation of the WIIN Act, Federal Defendants filed a Motion to Stay the *Hoopa Valley* case.  *See Hoopa Valley*, ECF No. 47.  This Court granted the United States a 60 day stay of that case—until May 12, 2021.  *Hoopa Valley*, ECF No. 48.  Because the new Administration's review could affect this case and because it will be most efficient to address these three closely-related cases on the same schedule,[2] Federal Defendants now move to stay this case until May 12, 2021.  Defendants conferred with counsel for Plaintiffs and Intervenor-Defendants Westlands Water District et al. ("Westlands") before filing this motion.  Plaintiffs oppose the motion and Westlands does not oppose.

# BACKGROUND

In 2016 Congress passed the WIIN Act to, among other things, allow CVP water contractors to prepay CVP-related construction debts they owed to the United States. Pub. L. No. 114-322, § 4011(a), 130 Stat. 1628, 1878 (2016).  Since the WIIN Act was passed, around 80 out of approximately 198 eligible CVP water contractors have requested contract conversions. Declaration of Lisa M. Holm, March 11, 2021 ¶ 5, attached as Exhibit A.  The Federal Defendants have already converted 68 contracts, and 21 more are currently being negotiated.[3]  *Id.* ¶ 6.  In response to the WIIN Act contract conversions, Plaintiffs here filed a Second Amended and Supplemental

---

[1] The other two cases are *Center for Biological Diversity et al. v. United States Dept. of the Interior et. al.*, 1:20-cv-706-DAD-EPG ("CBD") and *Hoopa Valley Tribe v. United States Bureau of Reclamation*, 1:20-cv-01814−DAD-EPG ("*Hoopa Valley*").

[2] As the Federal Defendants indicated in our motion to stay the *Hoopa Valley* case, Federal Defendants intend to consolidate the three cases at the conclusion of the stay.

[3] The Federal Defendants do not anticipate executing any additional converted contracts through May 12, 2021.

Complaint for Declaratory and Injunctive Relief ("Second Amended Complaint").  *See* ECF No. 127.  In their Second Amended Complaint, Plaintiffs bring five claims for relief.  *Id*.  There are currently two pending motions in this case.  Federal Defendants requested that the Court dismiss Plaintiffs' first claim on mootness grounds. *See* ECF 130.  Westlands also filed a motion requesting that the Court 1) dismiss Plaintiffs' first claim on mootness grounds, and 2) dismiss Plaintiffs' Second through Fifth Claims for Relief under Rule 19 of the Federal Rules of Civil Procedure unless Plaintiffs join as parties all water contractors whose contracts Plaintiffs seek to affect by these claims.  *See* ECF 131.

## **DISCUSSION**

A district court has discretion to stay litigation pursuant to its inherent power to control its own docket.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).  When reviewing a stay request, courts generally consider five factors:

1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

2) the burden which any particular aspect of the proceedings may impose on defendants;

3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

4) the interests of persons not parties to the civil litigation; and

5) the interest of the public in the pending civil and criminal litigation.

*Hoopa Valley*, ECF 48 at 1 (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995)).  Just as this Court concluded in *Hoopa Valley*, "applying these factors to this case, a stay is appropriate." *Id.* at 2.

With the recent change in Administration, the Federal Defendants have received multiple requests for litigation stays from various parties. A brief stay will allow the incoming Administration, which is not fully staffed and is currently analyzing many other cases, to review this important case (and its companion cases). A stay will further the parties' and the Court's interest in efficiency by allowing Federal Defendants to establish their position prior to merits briefing. The stay will further serve the interests of efficiency by allowing all three related cases to proceed on the same schedule once the stay ends. Finally, the Federal Defendants believe that a stay will not prejudice the other parties in this case.

Therefore, Federal Defendants respectfully request that the Court stay this case until May 12, 2021.

DATED: April 5, 2021.

        Respectfully submitted,

        JEAN E. WILLIAMS, Acting Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        /s/ *Jeffrey N. Candrian*
        JEFFREY N. CANDRIAN
        Attorney for the U.S. Department of the Interior, U.S. Bureau of Reclamation

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, I electronically filed the **FEDERAL DEFENDANTS' MOTION TO STAY** with the Clerk of Court using the ECF system, which automatically will send email notification to the attorneys of record.

*/s/ Jeffrey N. Candrian*
JEFFREY N. CANDRIAN