STEPHAN C. VOLKER (CSB #63093)
ALEXIS E. KRIEG (CSB #254548)
STEPHANIE L. CLARKE (CSB #257961)
JAMEY M.B. VOLKER (CSB #273544)
LAW OFFICES OF STEPHAN C. VOLKER
1633 University Avenue
Berkeley, California 94703
Tel:   510/496-0600
Fax:   510/845-1255

Attorneys for Plaintiffs
NORTH COAST RIVERS ALLIANCE, CALIFORNIA
SPORTFISHING PROTECTION ALLIANCE, PACIFIC
COAST FEDERATION OF FISHERMEN'S
ASSOCIATIONS, SAN FRANCISCO CRAB BOAT
OWNERS ASSOCIATION, INC., and INSTITUTE
FOR FISHERIES RESOURCES

10.582.02

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., and INSTITUTE FOR FISHERIES RESOURCES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, and UNITED STATES BUREAU OF RECLAMATION,<br><br>Defendants,<br><br>WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, and PANOCHE WATER DISTRICT,<br><br>Intervenor-Defendants. | Civ. No. 16-cv-307-DAD-SKO<br><br>**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO STAY**<br><br>Judge Dale A. Drozd |

# I. INTRODUCTION

Plaintiffs North Coast Rivers Alliance, California Sportfishing Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab Boat Owners Association, Inc, and Institute for Fisheries Resources (collectively "plaintiffs") oppose the Motion to Stay filed by Defendants United States Department of Interior and United States Bureau of Reclamation (collectively "Reclamation") for two compelling reasons.

First, a stay does *not* promote judicial efficiency. Plaintiffs' Second Amended and Supplemental Complaint ("Second Amended Complaint") raises distinct questions unrelated to the narrow issues posed in *Center for Biological Diversity et al. v. United States Dept. of the Interior et al.,* 1:20-cv-706-DAD-EPG ("*CBD*"), and *Hoopa Valley Tribe v. United States Bureau of Reclamation*, 1:20-cv-01814-DAD-EPG ("*Hoopa Valley*"). Indeed, the *Hoopa Valley* plaintiffs *requested* that Reclamation seek a stay so those parties could discuss and potentially resolve their differences regarding certain waning-hour actions of the previous Administration. Dkt. 151, p. 2; *Hoopa Valley* Dkt. 47, pp. 3-4. Here, by contrast, plaintiffs' claims transcend the policies of a single Administration, as Reclamation's misapplication of the National Environmental Policy Act ("NEPA"), 42 U.S.C. section 4321 et seq., the Central Valley Project Improvement Act ("CVPIA"), Public Law No. 102-575, 108 Stat. 4600, and other Reclamation laws have continued over *decades*.

Second, a stay would prejudice plaintiffs, who have been struggling for many years to halt the ongoing, precipitous decline in salmon, sturgeon, steelhead and other imperiled species in the Delta. Defendants and intervenor-defendants seek to maintain excessive levels of diversions without regard to the fact that those diversions are pushing these species – like the Delta smelt right now –  to extinction. Due to defendants' repeated foot-dragging, plaintiffs' meritorious claims have been unfairly and needlessly delayed throughout this litigation.

Accordingly, Reclamation's motion to stay should be denied.

## II. BACKGROUND

Reclamation's water deliveries to intervenor-defendants Westlands Water District et al. ("Westlands") remove from the Delta massive quantities of water critically needed to save endangered species from extinction. Making matters even worse, many of Westlands' agricultural lands are laced with selenium and other pollutants which are leached into the Delta by Westlands' improvident use of these diverted waters on contaminated lands. Reclamation's decision to continue providing Central Valley Project ("CVP") water to Westlands threatens to extirpate imperiled species whose survival requires restoration – instead of continued degradation – of the Delta.

For more than two decades, Reclamation issued a series of interim renewal contracts to Westlands, relying on a string of perfunctory and meaningless Environmental Assessments ("EAs") and Findings of No Significant Impact ("FONSI's"). Reclamation did so to evade Congress' mandate that Reclamation conduct comprehensive environmental reviews of the long-term impacts of these diversions. Congress enacted the CVPIA in 1992 to curtail Reclamation's authority to enter into new long-term contracts with existing water contractors unless Reclamation first conducted comprehensive environmental review – including the preparation of an environmental impact statement ("EIS") under NEPA. CVPIA §§ 3402(a), 3404(c)(1).

Contrary to Congress' clear intent to halt this ongoing environmental degradation, Reclamation sidestepped its duty to prepare that comprehensive environmental review by instead adopting a series of vague and vacuous "interim" EAs and FONSIs for more than twenty years. Because plaintiffs' lawsuit seeks to terminate this pattern of evasion and force preparation of the long-delayed environmental reviews that Congress mandated, Reclamation has consistently pushed to delay and avoid the resolution of plaintiffs' claims against it in this matter, while it continues to divert excessive quantities of water to Westlands.

The history of this case is one delay after another, all at the behest of Reclamation, and all at the expense of the environment. After plaintiffs' March 2016

Complaint was filed (Dkt. 1), Reclamation sought an extension to respond. Dkt. 15. Reclamation then requested a stay of this case, due to the pendency of the Ninth Circuit's review of a petition for rehearing *en banc* in *Pacific Coast Federation of Fishermen's Associations, et al. v. United States Department of the Interior, et al.*, Case No. 12-CV-01303-LJO-MJS ("*PCFFA*") (9th Cir. No. 14-15514), which addressed similar prior approvals by Reclamation. Dkt. 23. It did so even though plaintiffs stipulated to an additional extension of its time to respond to the Complaint. Dkt. 24, 25. And it did not withdraw its request when the Ninth Circuit denied the petition for rehearing *en banc*. Instead, it continued to seek a stay while simultaneously requesting voluntary remand without vacatur. Dkt. 28. When Reclamation sought voluntary remand, plaintiffs correctly pointed out that "[n]ot only would a voluntary remand not save any judicial or litigant resources, plaintiffs and the public would be profoundly prejudiced by the resulting delay." Dkt. 34, p. 5 (*see also* Dkt. 27, pp. 3-4 (opposing Reclamation's Motion for Stay as unduly delaying resolution of plaintiffs' claims)). That was *nearly five years ago.*

Reclamation sought remand because the Ninth Circuit's Amended Memorandum ruled that Reclamation violated NEPA in preparing and approving an EA for those prior iterations of six interim renewal water service contracts between Reclamation and intervenor-defendants. This Court granted this request on December 12, 2016 – *nearly four and one-half years ago*. Dkt. 52.

On September 28, 2017, plaintiffs filed their First Amended and Supplemental Complaint, addressing Reclamation's Remand EA. Dkt. 64. On March 12, 2018, this Court granted Westlands' Motion to Dismiss plaintiffs' second cause of action from their First Amended Complaint, which challenged Reclamation's failure to prepare an EIS for the interim renewal contracts. Dkt. 78. On May 29, 2018 – *nearly three years ago* – plaintiffs filed their summary judgment motion and supporting papers. Dkt. 85, 85-1 to 85-5. Reclamation and Westlands filed their summary judgment motions on July 26, 2018. Dkt. 90 through Dkt. 94. Plaintiffs filed their combined opposition and

reply brief on August 30, 2018 (Dkt. 95), and Reclamation and Westlands filed their replies on October 4 and October 5, 2018 (Dkt. 96-97).

For *over two and one-half years*, this Court has declined to rule on the parties' fully-briefed cross-motions for summary judgment. Instead it has ordered the Clerk of Court to administratively terminate the pending motions, in prospective anticipation that plaintiffs' claims *might* become moot. Dkt. 117, p.4. Well, they haven't.

On July 8, 2020, plaintiffs moved for leave to file their Second Amended and Supplemental Complaint (Dkt. 120) challenging Reclamation's approval of permanent "repayment" or "conversion" water delivery contracts under the Water Infrastructure Improvements for the Nation Act ("WIIN Act"), Pub. L. No. 114-322 § 4011 (2016). On August 25, 2020, this Court granted that motion. Dkt. 126. The next day, plaintiffs filed their Second Amended and Supplemental Complaint. Dkt. 127.

Reclamation now claims that yet *another* delay in this case is needed "[b]ecause the new Administration's review [of the United States Department of Interior's implementation of the WIIN Act] could affect this case and because it will be most efficient" for this case, *CBD*, and *Hoopa Valley*, to be addressed "on the same schedule." Dkt. 141, p. 2. Not so. It will not be "efficient" for plaintiffs' long-delayed claims here to be delayed once again. Instead, it will be unjust.

### III. DISCUSSION

Reclamation makes the bare assertion, without any substantive showing, that a stay is warranted under the five-factor test articulated in *Keating v. Office of Thrift Supervision* ("*Keating*"), 45 F.3d 322, 324-25 (9th Cir. 1995). Dkt. 141, pp. 3-4. Reclamation relies upon the stay already granted in *Hoopa Valley* as a substitute for any showing that those factors weigh in favor of a stay in this case. In *Hoopa Valley*, this Court found a stay was warranted "[b]ecause a stay is 'efficient for [the court's own docket]' and is 'the fairest course for the parties . . .'" *Hoopa Valley* Dkt. 48, p. 2. But that is not remotely the case here.

Plaintiffs question whether the *Keating* factors – normally applied when a court

decides "whether to stay civil proceedings in the face of a parallel *criminal* proceeding" – constitute the appropriate test here, where no parallel criminal proceeding against Reclamation exists, to plaintiffs' knowledge. *Id.* at 324. Instead, this Court should consider whether "it is efficient for its own docket and the fairest course for the parties to enter a stay . . . pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd*. ("*Leyva*"), 593 F.2d 857, 863 (9th Cir. 1979). Under this test, there is no basis for Reclamation's requested stay.

Unlike in *Keating*, the "rule [in *Leyva*] applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863-864. Indeed, it appears that this Court applied the factors in *Leyva* in its Order in *Hoopa Valley*. *Hoopa Valley* Dkt. 48, p.2 . Employing that two-factor test here, the factual distinctions between this case and *Hoopa Valley* demonstrate why this Court should deny Reclamation's request here.

## A. JUDICIAL EFFICIENCY MILITATES AGAINST A STAY

Plaintiffs' long-standing claims against Reclamation, plaintiffs' new claims in their Second Amended Complaint, and plaintiffs' underlying position are more than sufficiently distinct from the *Hoopa Valley* and *CBD* cases, as detailed below. For this reason, no "judicial efficiency" would result from further delaying a ruling on plaintiffs' claims.

### 1. Plaintiffs' Second Amended Complaint Raises Distinct Issues Unrelated to the Claims Raised in the *Hoopa Valley* and *CBD* Cases

Reclamation argues that this case, *Hoopa Valley*, and *CBD* should proceed on the same schedule. Dkt. 141, p. 4. Reclamation also indicates it intends to seek consolidation of the cases at the conclusion of any stay, resulting in yet more delay to plaintiffs. Dkt. 141, p. 2, n. 2. Neither action is appropriate here. While some NEPA

Plaintiffs' Opposition to Federal Defendants'
Motion to Stay                                  - 6 -                        Case No. 16–cv-307-DAD-SKO

allegations in the Second Amended Complaint are similar to some claims raised in *Hoopa Valley* and *CBD*, those new NEPA allegations in the Second Amended Complaint are only a portion of the latest additions to Plaintiffs' claims against Reclamation, which include many substantive claims under the CVPIA and other Reclamation law not raised in the *Hoopa Valley* and *CBD* cases.

Additionally, plaintiffs' long-standing NEPA claims against Reclamation, as stated in the First Claim for Relief ("First Claim") in plaintiffs' Second Amended Complaint, were fully briefed *nearly three years ago* in 2018, are not moot, and should be decided on their merits *now*.[1] These claims arise from Reclamation's ongoing failure to conduct required environmental review before executing contracts for water delivery to Westlands. The continuing failure of this Court to decide plaintiffs' fully briefed claims on their First Claim for Relief is neither efficient nor just.

### 2. Plaintiffs' Claims Against Reclamation Preceded the Trump Administration, and Continue After the Trump Administration

Reclamation states that "[a] brief stay will allow the incoming Administration, which is not fully staffed and is currently analyzing many other cases, to review this important cases (and its companion cases)." Dkt. 141, p. 4. But plaintiffs' claims arise out of Reclamation's long-standing disregard for the NEPA process – an evasion of its statutory duties that has been consistent through *many* administrations. To suggest that Reclamation needs more time to suddenly conduct a "policy review" after decades of foot-dragging while the Delta's fisheries die is absurd. Reclamation's parallel claim that a stay will allow it to "establish [its] position prior to merits briefing" is likewise disingenuous. *Id.* Many of plaintiffs' claims have been *fully briefed* since *2018*.

Reclamation also relies upon the *Hoopa Valley* plaintiffs' request for a stay while Reclamation reviews decisions of the prior administration and the claims raised in their

---

[1] Reclamation's and Westlands' motions to dismiss plaintiffs' First Claim for Relief on mootness grounds remain pending.

case. Dkt 141, p. 2. But whether the *Hoopa Valley* plaintiffs want a stay in their case is a separate issue from whether a stay is appropriate in this case. It isn't.

Indeed, it is plaintiffs' understanding that the *Hoopa Valley* plaintiffs have raised concerns regarding a series of policy memoranda issued by Reclamation in January 2021, which have little to do with the issues long raised in this case. Plaintiffs' long-ignored issues will not be mooted or lessened by anything Reclamation might do regarding these new policy issues that did not even exist before January 2021. All of them post-date plaintiffs' Second Amended Complaint. Whether or not the Trump Administration's eleventh-hour shenanigans die of their own lack of merit, their resolution has precious little to do with plaintiffs' right to have *their* long-delayed claims finally decided.

**B.     PLAINTIFFS WOULD BE PREJUDICED BY ADDITIONAL DELAY**

Reclamation has failed to "make out a clear case of hardship or inequity'" as required where, as here, there is "even a fair possibility" that a stay will harm the non-moving party. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Here, there is much more than a mere "fair possibility" that a stay will harm the non-moving party. As discussed, it is a certainty. Plaintiffs have repeatedly and rightly opposed delays in this case, pointing out that justice delayed would result in justice denied. *E.g.* Dkt. 27, p.4. Notwithstanding their consistent requests for prompt adjudication of their fully-briefed claims, those claims have languished before this Court for more than two years. Instead of resolving these claims, this Court has taken them off calendar. Dkt. 117, p.4. These claims are not moot. Rather, the need for their prompt adjudication has grown rather than diminished over time, as the Delta's beleaguered fisheries slide closer to extinction.

Backpedaling furiously to avoid a ruling on plaintiffs' long-delayed claims, Reclamation now seeks to delay even a ruling on its own motion to dismiss those claims. All the while, Reclamation's contracts with Westlands for the delivery of CVP water continue to bleed the Delta dry. And, Westlands continues to receive the full

benefit of Reclamation's failure to follow applicable environmental laws. The fish and wildlife whose survival hangs in the balance bear the consequence of Reclamation's wink-and-nod arrangement with Westlands, and of the continuing delay in adjudication of plaintiffs' claims.

Reclamation has asked for a stay until May 12, 2021, but this is plainly an invitation for more delay beyond that. Dkt. 141, p.4. Reclamation seeks cover for its latest delaying tactic on the grounds the stay issued by this Court in *Hoopa Valley* likewise ends on May 12, 2021. Dkt. 141, pp. 2, 4. But this Court's Order granting that stay asks Reclamation to "file a status report on May 12, 2021, informing the court whether it wishes to proceed with its motion to dismiss, or *whether it needs additional time under the stay*." *Hoopa Valley* Dkt. 48, p. 2 (emphasis added). Thus, on May 12, 2021, Reclamation will likely request yet more time to "evaluate" these cases, further delaying resolution of plaintiffs' claims. So, the seemingly interminable delays of the past four years threaten to become unending.

Assuming *arguendo* that the five-factor *Keating* test applies despite the lack of a criminal proceeding, the potential prejudice to plaintiffs outweighs the burdens on Reclamation, Westlands, or other non-parties to this action for the reasons discussed above. Under any test, this Court should allow this case to move forward to a prompt resolution.

//
//
//
//
//
//
//
//
//

Plaintiffs' Opposition to Federal Defendants'
Motion to Stay - 9 - Case No. 16–cv-307-DAD-SKO

## IV. CONCLUSION

For the reasons set forth above, delaying resolution of this case even further than it has already been delayed would impede the efficient administration of justice and prejudice plaintiffs. Therefore Reclamation's request for a stay should be denied.

Dated: April 20, 2021

Respectfully submitted,

s/ *Stephan C. Volker*
STEPHAN C. VOLKER
Attorney for Plaintiffs
NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., AND INSTITUTE FOR FISHERIES RESOURCES

# CERTIFICATE OF SERVICE

I, Alexis E. Krieg, hereby declare:

My business address is the Law Offices of Stephan C. Volker, 1633 University Street, Berkeley, California 94703.

On April 20, 2021, I served the following documents described as:

**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO STAY**

by electronic filing with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the email addresses registered in the above entitled action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 20, 2021
                             */s/ Alexis E. Krieg*
                             ALEXIS E. KRIEG
                             Attorney for Plaintiffs