UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants, <br><br> WESTLANDS WATER DISTRICT, *et al.*, <br><br> Intervenor-Defendants. | No. 1:16-cv-00307-DAD-SKO <br><br> <u>ORDER RE MOTION TO STAY</u> <br><br> (Doc. No. 141.) |

As originally filed, this case concerned approval by the United States Department of the Interior and its member agency, the United States Bureau of Reclamation (collectively, "Federal Defendants" or "Reclamation"), of six interim renewal contracts authorizing delivery of water from March 1, 2016, through February 28, 2018, from federal reclamation facilities to certain water districts served by the federal Central Valley Project ("CVP") ("2016–18 Interim Contracts"). (Doc. No. 64, First Amended and Supplemental Complaint ("FASC").) The 2016–18 Interim Contracts at issue provided water service to Westlands Water District ("Westlands"), Santa Clara Valley Water District ("Santa Clara"), and Pajaro Valley Water Management Agency ("Pajaro") (collectively, Interim Contractors). (*See* FASC at ¶ 2.) The 2016–18 Interim Contracts are part of a long line of two-year interim contracts

1

executed in recent years to provide CVP water to contractors with expired long-term water service contracts, pending the anticipated execution of new long-term water service contracts after the completion of appropriate environmental review. *See* Central Valley Project Improvement Act ("CVPIA"), Pub. L. No. 102-575, 106 Stat. 4600 (1992), §§ 3402, 3404.

Plaintiffs, a coalition of environmental organizations led by the North Coast Rivers Alliance, alleged in the first claim for relief of the FASC that Federal Defendants issued a deficient Revised Environmental Assessment ("EA") and associated Finding of No Significant Impact ("FONSI") prior to the approval of the 2016–18 Interim Contracts, in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. (FASC at ¶¶ 45–65.) Plaintiffs' second claim for relief asserted that Reclamation violated NEPA by failing to prepare an Environmental Impact Statement ("EIS") for the 2016–18 Interim Contracts. (*Id*. at ¶¶ 56–59.) The latter claim was dismissed on March 9, 2018. (Doc. No. 78.) Currently being held in abeyance are cross-motions for summary judgment on the merits of certain aspects of the remaining claims in this case.[1] (Doc. Nos. 85, 90, 92.)

In late February 2019, the court requested input from the parties addressing the issue of mootness. (Doc. Nos. 99, 101.) The backdrop for the mootness inquiry includes the Ninth Circuit's ruling in *Pacific Coast Federation of Fishermen's Associations v. U.S. Department of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016)[2], which held that challenges to interim contracts like those at issue in this case are not moot, even though the relevant contract period has expired, because "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness exception for disputes capable of repetition yet evading review." *Id*. However, on March 12, 2019, in response to the court's request for supplemental briefing, the United States revealed that Reclamation "no longer intends to pursue the issuance of new long-term water service contracts to

---

[1] In light of the court's ongoing mootness concerns discussed below, the court ordered the pending motions for summary judgment administratively terminated pending the re-noticing of those motions, if appropriate, once the issue of mootness is resolved. (*See* Doc. No. 117.)

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2

Westlands under the authority of CVPIA § 3404. Rather, based on the authority and direction provided in the 2016 Water Infrastructure Improvements of the Nation ("WIIN") Act, Pub. L. 114-322, § 4011, Reclamation intends to convert Westlands' existing water service contracts into repayment contracts," which, according to Reclamation, will not be "subject to the requirements of NEPA." (Doc. No. 100 at ¶¶ 3–4.) The court ordered the United States to file periodic status reports addressing the progress of these WIIN Act conversions. (*See* Doc. No. 117.) As of the date of the most recent status report, July 15, 2020, Westlands' primary water service contracts had been converted into a repayment contract, as had five other water service contracts held by Westlands and its sub-entities. (*See* Doc. No. 122 at 2.)

Meanwhile, on July 8, 2020, plaintiffs moved to amend their complaint to add claims pertaining to the six new, *converted* repayment contracts. (Doc. No. 120.) That motion, which was unopposed, was granted by the court. (Doc. No. 126.) Notably, the second amended complaint ("SAC") did not abandon plaintiff's original claims against the 2016–18 Interim Contracts (the pre-conversion water service contracts). Rather, plaintiffs merely added closely related NEPA challenges to the new contracts along with other related claims. (*See generally* Doc. No. 120-1.)

In October 2020, Federal Defendants and Defendant-Intervenors filed motions to dismiss any claims in the SAC premised on the 2016–18 Interim Contracts, arguing that those claims are now moot because the challenged Interim Contracts no longer exist and that no exception to mootness applies under the circumstances. (Doc. Nos. 130, 131.) The motions to dismiss, which were set for hearing in mid-December 2020, became ripe for decision on December 8, 2020. (*See* Doc. Nos. 135, 138.)

In addition, several similar, albeit not *identical*, cases concerning contracts executed pursuant to the WIIN Act were transferred to the undersigned. *See Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 1:20-cv-00706-DAD-EPG; *Hoopa Valley Tribe v. U.S. Bureau of Reclamation*, 1:20-cv-01814-DAD-EPG. In light of the change of Presidential Administration, the parties to those cases have agreed to stay those matters for a period of time while the new Administration analyzes its litigation posture prior to proceeding in those matters. Similar stays have been requested and approved in other, related matters, including *Pac. Coast Fed'n Fishermen's Ass'ns v. Raimondo*, No. 1: 20-cv-00431-DAD-EPG, and *California Nat. Res. Agency v. Raimondo*, No. 1:20-cv-00426-DAD-EPG.

/////

Here, however, plaintiffs have declined to agree to any such stay. As a result, on April 5, 2021, Federal Defendants filed a motion to stay this case through May 12, 2021; that motion was set for hearing on the earliest possible date, May 4, 2021. (Doc. No. 141.) Plaintiffs filed an opposition to the motion on April 20, 2021 (pursuant to the normal briefing schedule set forth in Local Rule 230). (Doc. No. 144.) Federal Defendants filed a reply the next day (April 21, 2021), pointing out that, as of that date, only three weeks remained in the requested stay period. (Doc. No. 145.) As of the date of this order, the requested stay expiration is less than two weeks away.

The court is cognizant of plaintiffs' strenuous opposition to any further delay in light of the fact that this case has been pending for an extended period of time. (*See generally* Doc. No. 144.) In particular, plaintiffs express obvious disagreement with the previously assigned district judge's November 2019 decision to hold in abeyance the cross motions for summary judgment[3] concerning the lawfulness of the 2016–18 Interim Contracts. (*See* Doc. No. 110.) That decision was premised upon record information indicating that "the issues to be adjudicated . . . will be rendered moot in the near future," coupled with the extreme limitations of this court's judicial resources. (*Id*. at 4.) As it turns out, the anticipated WIIN Act conversions appear to have taken place, although the parties dispute whether those events have indeed mooted plaintiffs' claims based upon the 2016–18 Interim Contracts.

Federal Defendants' stay request is premised in part on the unstated suggestion that its position(s) regarding this and related cases may be evolving. At the same time, plaintiffs' objection to any further delay is premised on *their* apparent conviction—which is well supported by the history of this and related cases—that Reclamation is unlikely to entirely reverse course on its decades-old approach to CVP contracting. Assuming the court were to adopt plaintiffs' position, the next step would be for the court to rule on the pending motions to dismiss without further delay. In reality, however, the court is simply not in a position to do so prior to May 12, 2021. As such, plaintiffs' objection to the actual motion before the court (seeking a stay through May 12) will soon be rendered moot by the

---

[3] The cross motions for summary judgment became ripe in November 2018. (*See* Doc. Nos. 96, 97.) As noted, the court requested supplemental briefing in February 2019 (Doc. No. 99), and received subsequent status reports indicating that the United States was moving toward a different form of contract than was at issue in the FASC. (*See* Doc. Nos. 100, 102, 106, 109.)

4

passage of time. The court has examined the request for a brief stay under the operative standard drawn from *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *See Elec. Frontier Found. v. Off. of Dir. of Nat. Intel.*, No. C 08-01023 JSW, 2009 WL 773340, at *1 (N.D. Cal. Mar. 23, 2009) (applying *Landis* factors to a stay request premised upon need for review of changed policies promulgated by new administration). In determining whether to grant a stay, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Weighing these factors in light of the practical realities noted above, there is no possibility of prejudice to plaintiffs if this case is stayed through May 12, 2021. At the same time, there is a chance (albeit slight) that the brief pause will materially impact the scope of matters in dispute. Accordingly, the request for a stay will be granted.

Nonetheless, the court will treat plaintiffs' opposition as a pre-emptive argument against any <u>further</u> delay. Indeed, plaintiffs appear to frame their opposition in this way, expressing concern that the pending motion "is plainly an invitation for more delay" beyond May 12. (Doc. No 144 at 9.) Point made. Federal Defendants are on notice that any further stay requests in this matter will be viewed with skepticism absent, for example, a compelling showing that Federal Defendants are moving toward a significant policy shift that will indeed change the landscape of this case.

## CONCLUSION

For the reasons set forth above, Federal Defendants' motion for a stay (Doc. No. 141) is GRANTED. This case shall be stayed through May 12, 2021.

IT IS SO ORDERED.

Dated: **April 29, 2021**  
　　　　　　　　　　　　　　　　_____  
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

5