TODD KIM, Assistant Attorney General
JEFFREY N. CANDRIAN, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Bar No. 43839 (Colorado)
999 18th St. S. Terrace #370
Denver, CO 80202
jeffrey.candrian@usdoj.gov
Telephone: (303) 844-1382
Fax: (303) 844-1350
Attorney for Defendants U.S. Department of Interior,
Bureau of Reclamation

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, ET AL., | CASE NO. 1:16-cv-00307-DAD-SKO |
| Plaintiffs, | **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL., | |
| Defendants, | DISTRICT JUDGE DALE A. DROZD MAGISTRATE JUDGE S. OBERTO |
| and | |
| WESTLANDS WATER DISTRICT, ET AL., | |
| Intervenor-Defendants. | |

## FEDERAL DEFENDANTS' ANSWER

The United States Department of the Interior, et al. ("Defendants"), by and through the undersigned attorneys, answer the claims and allegations raised against them in the December 1, 2021 Third Amended and Supplemental Complaint for Declaratory and Injunctive Relief ("TAC") of North Coast Rivers Alliance et al. ("Plaintiffs"). ECF 156. Defendants deny any and all allegations

1

of Plaintiffs' TAC, whether express or implied, that are not specifically admitted, qualified, or denied by this Answer.

The paragraph numbers in this Answer correspond to the paragraph numbers in the TAC. Defendants do not specifically respond to the section headings included in the TAC, but to the extent those sections expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations.

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterization of this action to which no response is required; to the extent a response is required, the allegations are denied.

2.      The allegations in the first, fourth, and fifth sentences of Paragraph 2 constitute Plaintiffs' characterization of this action to which no response is required; to the extent a response is required, the allegations are denied. Defendants admit the second and third sentences.

3.      The allegations in Paragraph 3 constitute Plaintiffs' characterization of this Court's November 1, 2021 Order. That Order speaks for itself and Defendants deny any allegations inconsistent with that Order.

4.      The allegations in Paragraph 4 constitute Plaintiffs' characterization of the TAC to which no response is required; to the extent a response is required, the allegations are denied.

5.      Defendants deny the first sentence of Paragraph 5. The second sentence purports to characterize the CVPIA. That statute speaks for itself and provides the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this statute.

6.      Defendants deny the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 constitute Plaintiffs' characterization of the TAC to which no response is required; to the extent a response is required, the allegations are denied.

8.      In the first sentence of Paragraph 8, Defendants admit that Reclamation has entered into a number of WIIN act conversions with other defendants in this case, at the request of these water

contractors. Defendants deny the other allegations in the first sentence. The allegations in the second sentence constitute Plaintiffs' characterization of the TAC and this action, to which no response is required; to the extent a response is required, the allegations are denied.

9.      The allegations in the first sentence of Paragraph 9 constitute Plaintiffs' characterization of the TAC, to which no response is required; to the extent a response is required, the allegations are denied. In the second sentence, Defendants admit that Reclamation did not perform a NEPA analysis before it entered into mandatory contract conversions under the WIIN Act. Defendants deny the remaining allegations in the second sentence. Defendants deny the allegations in the third sentence.

10.      The allegations in the first sentence of Paragraph 10 constitute Plaintiffs' characterization of the TAC, to which no response is required; to the extent a response is required, the allegations are denied. The second and third sentences purport to characterize two statutes. Those statutes speak for themselves and provide the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language and meaning of these statutes. Defendants deny the allegations in the fourth sentence.

11.      The allegations in Paragraph 11 constitute Plaintiffs' characterization of the TAC, to which no response is required; to the extent a response is required, the allegations are denied.

12.      The allegations in the first sentence of Paragraph 12 constitute Plaintiffs' characterization of the TAC, to which no response is required; to the extent a response is required, the allegations are denied. Defendants deny the allegations in the second sentence.

13.      The allegations in the first sentence of Paragraph 13 constitute Plaintiffs' characterization of the TAC, to which no response is required; to the extent a response is required, the allegations are denied. The second and third sentences purport to characterize the CVPIA. That statute speaks for itself and provides the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this statute.

14.     The allegations in the third and fourth sentences of Paragraph 14 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.   Defendants deny the allegations in the first two sentences Paragraph 14.

15.     Defendants deny the first two sentences of Paragraph 15. The allegations in the third sentence constitute Plaintiffs' characterization of the TAC, to which no response is required; to the extent a response is required, the allegations are denied

### JURISDICTION AND VENUE

16.     The allegations in Paragraph 16, up to (3), constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations except to admit that that the Court has jurisdiction over this matter and that Reclamation is an agency of the United States government.  The allegations after (3) constitute Plaintiffs' characterization of this action to which no response is required; to the extent a response is required, the allegations are denied.

17.     The allegations in Paragraph 17 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants admit that venue lies in this judicial district.

18.     The allegations in Paragraph 18 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

19.     Defendants admit the allegations in the first sentence of Paragraph 19.  In the second sentence, Defendants aver that on February 29, 2016, Reclamation officials signed a prior finding of no significant impact for the 2016-18 IRCs at issue in the SAC.  In the second sentence, Defendants deny the allegation that the 2016-18 IRCs at issue in the SAC were "approved" on or about February 29, 2016, because the meaning of "approved" as used in this allegation is vague. Defendants admit that a Reclamation official executed the 2016-18 IRCs at issue in the second amended complaint ("SAC") on or about March 1, 2016. Defendants deny the allegation that the Remand EA is

"deficient."   In the third sentence, Defendants admit that Reclamation issued an EA and a FONSI for the IRCs at issue in the SAC on February 24, 2020, and that these IRCs took effect March 1, 2020. In the fourth sentence, Defendants admit that Reclamation executed Westlands' primary WIIN Act conversion on February 28, 2020, and that this repayment contract took effect June 1, 2020. Defendants admit that Reclamation has executed additional repayment contracts under the WIIN Act with other CVP contractors, now named in the TAC, since February 28, 2020.

20.      The allegations in the first sentences of Paragraph 20 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and, on that basis, deny the allegations.

21.      The allegations in the first, second, and third sentences of Paragraph 21 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.   In the fourth sentence, Defendants lack information sufficient to form a belief as to the truth of the allegations about Plaintiffs' interests and deny the allegations on that basis. The fourth sentence also includes a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations.

22.      The allegations in Paragraph 22 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

23.      The allegations in Paragraph 23 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

## PARTIES

24.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 24, and, on that basis, deny the

allegations.  The allegations  in the fourth sentence of Paragraph 24 constitute  legal conclusions  to which no response is required; to the extent a response is required, Defendants deny the allegations.

25.     Defendants are without  knowledge or information  sufficient  to form a belief as to the truth of the allegations  in the first, second, and third sentences of Paragraph 25, and, on that basis, deny the allegations.  The allegations  in the fourth sentence of Paragraph 25 constitute  legal conclusions  to which no response is required; to the extent a response is required, Defendants deny the allegations.

26.     Defendants are without  knowledge or information  sufficient  to form a belief as to the truth of the allegations  in the first, second, third, and fourth sentences of Paragraph 26, and, on that basis, deny the allegations.  The allegations  in the fifth sentence of Paragraph 26 constitute  legal conclusions  to which no response is required; to the extent a response is required, Defendants deny the allegations.

27.     Defendants are without  knowledge or information  sufficient  to form a belief as to the truth of the allegations  in the first and second sentences of Paragraph 27, and, on that basis, deny the allegations.  The allegations  in the third sentence constitute  legal conclusions  to which no response is required; to the extent a response is required, Defendants deny the allegations.

28.     Defendants are without  knowledge or information  sufficient  to form a belief as to the truth of the allegations  in the first, second, third fourth, and fifth sentences of Paragraph 28, and, on that basis, deny the allegations.  The allegations  in the sixth sentence constitute  legal conclusions  to which no response is required; to the extent a response is required, Defendants deny the allegations.

29.     The allegations  in the first three sentences of Paragraph 29 constitute  legal conclusions  to which no response is required; to the extent a response is required, Defendants deny the allegations. The fourth sentence constitutes Plaintiffs'  characterization of this action to which no response is required; to the extent a response is required, the allegations  are denied.  Defendants deny that Reclamation's  acts were "unlawful."

30.     Defendants admit the first sentence of Paragraph 30.  In the second sentence, Defendants admit that Reclamation executed the repayment contracts challenged in this action.  Defendants deny the remaining allegations.  Defendants aver that the claim related to the interim contracts is moot.

31.     Defendants deny the allegations in Paragraph 31, except to admit that the United States Bureau of Reclamation is an agency within the meaning of 5 U.S.C. § 701(b), is within the United States Department of the Interior, and is responsible for management of the CVP.

32.     Defendants admit the allegations in Paragraph 32.

33.     Defendants admit the allegations in Paragraph 33.

34.     Defendants admit the allegations in Paragraph 34.

35.     Defendants admit the allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36.

37.     Defendants admit the allegations in Paragraph 37.

38.     The last sentence of Paragraph 38 purports to characterize state court documents, which speak for themselves and are the best evidence of their contents; Defendants deny any allegations inconsistent with the plain meaning of those documents. Defendants admit the other allegations in Paragraph 38 except to aver that the contract volume for 2,842 acre-feet appears to reference the contract amount for Mercy Springs Water District. That contract was executed October 22, 2020, and because effective November 1, 2020.

39.     Defendants admit the allegations in Paragraph 39.

40.     Defendants admit the allegations in Paragraph 40.

41.     Defendants admit the allegations in Paragraph 41.

42.     Defendants admit the allegations in Paragraph 42.

43.     Defendants admit the allegations in Paragraph 43.

44.     Defendants admit the allegations in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit the allegations in Paragraph 48.

49.     Defendants admit the allegations in Paragraph 49.

50.     Defendants admit the allegations in Paragraph50.

51.     Defendants admit the allegations in Paragraph 51.

52.     Defendants admit the allegations in Paragraph 52.

53.     Defendants admit the allegations in Paragraph 53.

54.     Defendants admit the allegations in Paragraph 54.

55.     Defendants admit the allegations in Paragraph 55.

56.     Defendants admit the allegations in Paragraph 56.

57.     Defendants admit the allegations in Paragraph 57.

58.     Defendants admit the allegations in Paragraph 58.

59.     Defendants admit the allegations in Paragraph 59.

60.     Defendants admit the allegations in Paragraph 60.

61.     Defendants admit the allegations in Paragraph 61.

62.     Defendants admit the allegations in Paragraph 62.

63.     Defendants admit the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants admit the allegations in Paragraph 65.

66.     Defendants admit the allegations in Paragraph 66.

67.     Defendants admit the allegations in Paragraph 67.

68.     Defendants admit the allegations in Paragraph 68.

69.     Defendants admit the allegations in Paragraph 69.

70.     Defendants admit the allegations in Paragraph 70.

71.     Defendants admit the allegations in Paragraph 71.

72.     Defendants admit the allegations in Paragraph 72.

73.     Defendants admit the allegations in Paragraph 73.

74.     Defendants admit the allegations in Paragraph 74.

75.     Defendants admit the allegations in Paragraph 75.

76.     Defendants admit the allegations in Paragraph 76.

77.     Defendants admit the allegations in Paragraph 77.

78.     Defendants admit the allegations in Paragraph 78.

79.     Defendants admit the allegations in Paragraph 79.

80.     Defendants admit the allegations in Paragraph 80.

81.     Defendants admit the allegations in Paragraph 81.

82.     Defendants admit the allegations in Paragraph 82.

83.     Defendants admit the allegations in Paragraph 83.

84.     Defendants admit the allegations in Paragraph 84.

85.     Defendants admit the allegations in Paragraph 85.

86.     Defendants admit the allegations in Paragraph 86.

87.     Defendants admit the allegations in Paragraph 87.

88.     Defendants admit the allegations in Paragraph 88.

89.     Defendants admit the allegations in Paragraph 89.

90.     Defendants admit the allegations in Paragraph 90.

91.     Defendants admit the allegations in Paragraph 91 except to aver that the contract volume is 3,000 acre-feet.

92.   Defendants admit the allegations in Paragraph 92.

93.   Defendants admit the allegations in Paragraph 93.

94.   Defendants admit the allegations in Paragraph 94.

95.   Defendants admit the allegations in Paragraph 95.

96.   Defendants admit the allegations in Paragraph 96.

97.   Defendants admit the allegations in Paragraph 97.

98.   Defendants admit the allegations in Paragraph 98.

99.   Defendants admit the allegations in Paragraph 99.

100.   Defendants admit the allegations in Paragraph 100.

101.   Defendants admit the allegations in Paragraph 101.

102.   Defendants admit the allegations in Paragraph 102.

103.   Defendants admit the allegations in Paragraph 103.

104.   Defendants admit that Intervenors are parties to executed repayment contracts but deny the other allegations in Paragraph 104.

## BACKGROUND

I.   **ENVIRONMENTAL SETTING**

105.   Because many of the words in the first two sentences of Paragraph 105 are undefined, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences, and, on that basis, deny the allegations. The allegations in the third, fourth, fifth, sixth, seventh, and eighth sentences of purport to characterize sections of the Federal Register, documents that speak for themselves and provide the best evidence of their contents. Defendants deny any allegations contrary to the Register's plain language or meaning. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the ninth, tenth, and eleventh sentences of Paragraph 105, and, on that basis, deny the allegations.

106.    The allegations in Paragraph 106 purport to characterize a 2009 letter from NMFS, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

107.    The allegations in Paragraph 107 purport to characterize a 2008 Biological Opinion from FWS, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

108.    Because many of the words in Paragraph 108 are undefined, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity the other allegations in Paragraph 108, and, on that basis, deny the allegations.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the general allegations in Paragraph 109, and, on that basis, deny the allegations.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 110, and, on that basis, deny the allegations. The allegations in the remaining sentences of Paragraph 110 purport to characterize a Biological Opinion from FWS, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

## II.    **CVPIA**

111.    The allegations in the Paragraph 111 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations except to admit that Congress enacted the CVPIA in 1992 and that the quoted language is found in the cited sections of the statute.

112.    The allegations in the first sentence of Paragraph 112 purport to characterize section 3406(b)(1) of the CVPIA, a statute that speaks for itself and provides the best evidence of its contents; any allegation contrary to the statute's plain language or meaning is denied. Defendants are

1   without knowledge or information sufficient to form a belief as to the truth or falsity of the

2   allegations in the second sentence of Paragraph 112, and, on that basis, deny the allegations.

3   113.   Defendants deny the allegations in Paragraph 113.

4   **III.   Short-Term Contract EAs**

5   114.   The allegations in the first four sentences of Paragraph 114 purports to characterize and quote

6   the CVPIA, a statute that speaks for itself and provides the best evidence of its contents; any

7   allegation contrary to the statute's plain language or meaning is denied. The fifth sentence

8   constitutes a legal assertion to which no response is required; to the extent a response is required,

9   Defendants deny the allegations.

10  115.   Defendants admit that in 2016 Reclamation issued a FONSI and EA for 2016 interim renewal

11  contracts that Plaintiffs originally challenged in this action—a claim this Court has dismissed.

12  Defendants admit those interim renewal contracts concerned water deliveries to the Pajaro Valley

13  Water Management Agency, Santa Clara Valley Water District, and Westlands Water District.

14  Defendants deny the remaining allegations in Paragraph 115.

15  116.   Defendants admit the allegations in Paragraph 116.

16  117.   The allegations in Paragraph 117 constitute legal conclusions to which no response is

17  required; to the extent a response is required, Defendants deny the allegations.

18  118.   Defendants admit the allegations in Paragraph 118.

19  119.   Defendants admit the allegations in Paragraph 119.

20  120.   Defendants admit the allegations in Paragraph 120.

21  121.   Defendants admit the allegations in Paragraph 121.

22  122.   Defendants deny the allegations in Paragraph 122.

123.    The allegations in Paragraph 123 purport to characterize the 2016 EA and the FWS 2016 Biological Opinion, documents that speak for themselves and provide the best evidence of their contents; any allegation contrary to the documents' plain language or meaning is denied.

124.    The first and fourth sentences of Paragraph 124 constitute legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.  The second and third sentences purport to characterize the 2016 EA, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

125.    Defendants deny the allegations in the first and second sentences of Paragraph 125. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 125, and, on that basis deny the allegations.

126.    Defendants admit the allegations in Paragraph 126.

127.    Defendants admit the allegations in the first sentence of Paragraph 127 and deny the allegations in the second sentence.

**IV.    Long-Term Contract Environmental Review**

128.    The allegations in Paragraph 128 purport to characterize the CVPIA, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required Defendants deny the allegations except to admit that the quoted language is found in the cited sections.

129.    Defendants admit the allegations in the first sentence of Paragraph 129.  The allegations in the second sentence purport to characterize the PEIS, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.  The allegations in the third and fourth sentences constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

In the fifth sentence, Defendants admit that in September 2005, Reclamation prepared and released a Draft EIS for its anticipated long-term contract renewals for the West San Joaquin Division and San Luis Unit contractors.

130.    The allegations in the first sentence of Paragraph 130 are vague and ambiguous; therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and, on that basis, deny the allegations. The allegations in the second sentence constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the third sentence.

**V.      The WIIN Act**

131.    Defendants admit the allegations in Paragraph 131.

132.    The allegations in Paragraph 132 purport to characterize and quote the WIIN Act, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required Defendants deny the allegations except to admit that the quoted language is found in the cited statute.

133.    The allegations in Paragraph 133 purport to characterize and quote the WIIN Act, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required Defendants deny the allegations except to admit that the quoted language is found in the cited statute.

134.    The allegations in Paragraph 134 purport to characterize and quote the WIIN Act and the Reclamation Reform Act of 1982, statutes that speak for themselves and provide the best evidence of their contents; to the extent a response is required Defendants deny the allegations except to admit that the quoted language is found in the cited sections.

135.    The allegations in Paragraph 135 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

136.    The allegations in Paragraph 136 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

137.    The allegations in Paragraph 137 purport to characterize and quote the WIIN Act, a document that speaks for itself and provides the best evidence of its contents; to the extent a response is required Defendants deny the allegations except to admit that the quoted language is found in the cited sections.

138.    Defendants deny the allegations in Paragraph 138.

## CLAIMS FOR RELIEF

**I.    FIRST CLAIM FOR RELIEF – Violation of NEPA – Failure to Prepare EIS**

139.    Defendants incorporate their responses from Paragraphs 1 through 138 as though fully set forth herein.

140.    The allegations in the first sentence of Paragraph 140 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 140 are admitted.

141.    The allegations in Paragraph 141 are vague and ambiguous; therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that additional basis, deny the allegations.

142.    The allegations in Paragraph 142 are admitted.

143.    The allegations in Paragraph 143 are admitted.

144.    The allegations in Paragraph 144 are admitted.

145.    The allegations in Paragraph 145 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

146.    The allegations in Paragraph 146 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

147.    The allegations in Paragraph 147 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

148.    The allegations in Paragraph 148 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

149.    The allegations in Paragraph 149 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

150.    The allegations in Paragraph 150 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

151.    The allegations in Paragraph 151 constitute legal conclusions to which no response is required; to the extent a response in required, Defendants deny the allegations.

152.    The allegations in Paragraph 152 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

153.    The allegations in Paragraph 153 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

154.    The allegations in Paragraph 154 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

## II.    SECOND CLAIM FOR RELIEF – Violation of CVPIA – Failure to Prepare EIS

155.    Defendants incorporate their responses from Paragraphs 1 through 154 as though fully set forth herein.

156.    The allegations in the first and second sentence of Paragraph 156 purport to characterize the CVPIA, a statute that speaks for itself and provides the best evidence of its contents; any allegation contrary to the statute's plain language or meaning is denied. The allegations in the third sentence of Paragraph 156 purport to characterize the Programmatic EIS, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language

or meaning is denied. The allegation in the fourth and fifth sentences of Paragraph 156 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

157.    The allegations in the first sentence of Paragraph 157 purport to characterize the CVPIA, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied. The allegations in the second, third, and fourth sentence of Paragraph 157 purport to characterize the repayment contracts, documents that speak for themselves and provide the best evidence of their contents; any allegation contrary to the documents' plain language or meaning is denied. The allegations in the fifth sentence of Paragraph 157 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

158.    The allegations in the first and second sentences of Paragraph 158 purport to characterize the WIIN Act, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied. The allegations in the third sentence of Paragraph 158 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

159.    The allegations in Paragraph 159 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

## III.    THIRD CLAIM FOR RELIEF – Violation of 43 U.S.C. §§ 423e & 511

160.    Defendants incorporate their responses from Paragraphs 1 through 159 as though fully set forth herein.

161.    The allegations in Paragraph 161 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations except to admit that the quoted language is found in the cited statute.

162.    The allegations in Paragraph 162 purport to characterize section 423e, a statute that speaks for itself and provides the best evidence of its contents; any allegation contrary to the statute's plain language or meaning is denied.

163.    The allegations in the first sentence of Paragraph 163 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.   The second sentence purports to characterize an Interior memo, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

164.    The allegations in Paragraph 164 purport to characterize documents from state court litigation that speak for themselves and provide the best evidence of their contents; any allegation contrary to the documents' plain language or meaning is denied.

165.    The allegations in Paragraph 165 purport to characterize a state court order, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the order's plain language or meaning is denied.

166.    The allegations in Paragraph 166 constitute conclusions to which no response is required.

167.    The allegations in Paragraph 167 purport to characterize documents from state court litigation that speak for themselves and provide the best evidence of their contents; any allegation contrary to the documents' plain language or meaning is denied.

168.    The allegations in Paragraph 168 purport to characterize documents from state court litigation that speak for themselves and provide the best evidence of their contents; any allegation contrary to the documents' plain language or meaning is denied.

169.    The allegations in Paragraph 169 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

170.    The allegations in Paragraph 170 purport to characterize a May 26, 2020 letter, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

171.    The allegations in Paragraph 171 purport to characterize a May 26, 2020 letter, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

172.    The allegations in Paragraph 172 purport to characterize a May 26, 2020 letter, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

173.    The allegations in Paragraph 173 purport to characterize a May 26, 2020 letter, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

174.    The allegations in the first two sentences of Paragraph 174 purport to characterize a May 26, 2020 letter, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied. The allegations in the second sentence also purport to characterize documents from state court litigation that speak for themselves and provide the best evidence of their contents; any allegation contrary to the documents' plain language or meaning is denied.

175.    The allegations in Paragraph 175 purport to characterize a May 26, 2020 letter, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

176.    The allegations in the first and second sentences of Paragraph 176 are vague and ambiguous; therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that additional basis, deny the allegations. The allegations in the third sentence

of Paragraph 176 purport to characterize a May 28, 2020 letter, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

177.    The allegations in Paragraph 177 purport to characterize a May 28, 2020 letter, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

178.    The allegations in Paragraph 178 purport to characterize documents from state court litigation that speak for themselves and provide the best evidence of their contents; any allegation contrary to the documents' plain language or meaning is denied.

179.    The allegations in Paragraph 179 purport to characterize documents from state court litigation that speak for themselves and provide the best evidence of their contents; any allegation contrary to the documents' plain language or meaning is denied.

180.    The allegations in Paragraph 180 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

181.    The allegations in Paragraph 181 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

182.    The allegations in Paragraph 182 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

183.    The allegations in the first sentence of Paragraph 183 are vague and ambiguous; therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that additional basis, deny the allegations. The allegations in the second sentence of Paragraph 183 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

IV.    **FOURTH CLAIM FOR RELIEF – Violation of Reclamation Law Requirements**

184.    Defendants incorporate their responses from Paragraphs 1 through 183 as though fully set forth herein.

185.    The allegations in Paragraph 185 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

186.    The allegations in Paragraph 186 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

187.    The allegations in the first and third sentences of Paragraph 187 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of Paragraph 187 purport to characterize the Map of the Contractor's Service Area, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

188.    The allegations in the first sentence of Paragraph 188 purport to characterize the Westlands repayment contract, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied. The allegations in the second, third, and fourth sentences of Paragraph 188 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in the fifth sentence of Paragraph 188 are vague and ambiguous; therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and, on that basis, deny the allegations.

189.    The allegations in the first, second, and third sentences of Paragraph 189 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 189 purport to characterize the San Luis Drainage Feature Re-evaluation EIS, a document that speaks for itself and provides the best

evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

190.    The allegations in the first sentence of Paragraph 190 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 190 purport to characterize sections of the CVPIA, a statute that speaks for itself and provides the best evidence of its contents; any allegation contrary to the statute's plain language or meaning is denied.

191.    The allegations in Paragraph 191 constitute legal coclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

192.    The allegations in the first sentence of Paragraph 192 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 192 constitute Plaintiffs' characterization of this action to which no response is required; to the extent a response is required, the allegations are denied.

**PRAYER FOR RELIEF**

The remainder of the TAC consists of Plaintiffs' demands for relief, which require no response. To the extent that a response is required, Defendants deny that they have violated any legal authority or requirements and deny that Plaintiffs are entitled to any relief.

**GENERAL DENIAL**

Defendants deny any allegations of the TAC, whether express or implied, that are not expressly admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

Plaintiff do not have standing to bring their claims and Plaintiffs fail to state claims on which relief can be granted. Defendants have insufficient knowledge or information on which to form a

belief as to whether Defendants have any additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event further proceedings indicate it would be appropriate

WHEREFORE, Defendants respectfully request that the Court dismiss this action with prejudice, with all parties to bear their own costs and attorneys' fees, and grant such additional relief to Defendants as it deems fitting and just.

DATED: January 12, 2022.

Respectfully submitted,

TODD KIM, Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ *Jeffrey N. Candrian*
JEFFREY N. CANDRIAN
Attorney for the U.S. Department of the Interior, U.S. Bureau of Reclamation

1
2
**CERTIFICATE OF SERVICE**
3
        I hereby certify that on January 12, 2022, I electronically  filed the **FEDERAL
DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED AND SUPPLEMENTAL
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** with the Clerk of Court
using the ECF system, which automatically  will send email notification  to the attorneys of record.

                                    */s/ Jeffrey N. Candrian*
                                    JEFFREY N. CANDRIAN

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28