1  PHILIP A. WILLIAMS (STATE BAR NO. 296683)
   pwilliams@weltyweaver.com
2  WELTY WEAVER & CURRIE, PC
   141 North Street, Ste A
3  Healdsburg, CA 95448-3821
   Telephone:    (707) 433-4842
4  Facsimile:    (707) 473-9778

5  Attorney for Intervenor-Defendant PANOCHE WATER DISTRICT

6

7

8                    UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF DISTRICT OF CALIFORNIA

10                        FRESNO DIVISION

11

12  NORTH COAST RIVERS ALLIANCE,              Case No. 1:16-cv-00307-DAD-SKO
    CALIFORNIA SPORTFISHING
13  PROTECTION ALLIANCE, PACIFIC
    COAST FEDERATION OF FISHERMEN'S           **INTERVENOR-DEFENDANT**
14  ASSOCIATIONS, SAN FRANCISCO CRAB          **PANOCHE WATER DISTRICT'S**
    BOAT OWNERS ASSOCIATION, INC., and        **ANSWER TO PLAINTIFFS' THIRD**
15  INSTITUTE FOR FISHERIES RESOURCES,        **AMENDED AND SUPPLEMENTAL**
                                              **COMPLAINT**
16                    Plaintiffs,

17        v.

18  UNITED STATES DEPARTMENT OF THE
    INTERIOR, et. al,
19
                      Defendants,
20
21        And

22  WESTLANDS WATER DISTRICT, SAN
    LUIS WATER DISTRICT, and PANOCHE
23  WATER DISTRICT,

24                    Intervenor-Defendants.

25

26

27

28

## PANOCHE WATER DISTRICT'S ANSWER TO THIRD AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Federal Rule of Civil Procedure 7(a)(2), Intervenor-Defendant Panoche Water District ("Panoche"), through the undersigned counsel, hereby answers and asserts defenses to each numbered paragraph of Plaintiffs' North Coast Rivers Alliance, California Sportfishing Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab Boat Owners Association, Inc., and Institute for Fisheries Resources ("Plaintiffs'") Third Amended and Supplemental Complaint ("TASC"). Any allegations, express or implied, that are not expressly admitted, denied, or qualified are hereby denied.

## **INTRODUCTION**

1.     Paragraph 1 is comprised of Plaintiffs' characterization of this action and contains conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche admits Plaintiffs have sued Federal Defendants for alleged violations of the National Environmental Policy Act ("NEPA") and the Central Valley Project Improvement Act ("CVPIA"), have challenged decisions under the Administrative Procedure Act ("APA"), have named water contractors as defendants, and amended and supplemented their complaint. Panoche denies each and every remaining allegation in Paragraph 1.

2.     Paragraph 2 is comprised of Plaintiffs' characterizations of their previous claims for relief, which the Court dismissed as moot without prejudice (Dkt. 151), and to which no response is required. To the extent a response is deemed to be required, Panoche denies Plaintiffs' previous allegations.

3.     Paragraph 3 is comprised of Plaintiffs' characterizations of this Court's Order Granting Motions to Dismiss First Claim for Relief as Moot Without Prejudice and Granting Motion to Compel Joinder of Absent Contractors filed November 1, 2021 (Dkt. 151), which speaks for itself, thus no response is required. To the extent any further response is deemed to be required, Panoche admits that this Court previously issued an Order dismissing Plaintiffs' First Claim for Relief as

- 2 -

moot, without prejudice, and admit that the quoted language appears in the Order. Panoche denies each and every remaining allegation in Paragraph 3.

4.      Paragraph 4 is comprised of Plaintiffs' characterizations of their TASC, including their previously dismissed claim, to which no response is required. To the extent a further response is deemed to be required, Panoche admits that Plaintiffs have filed their TASC, but denies each and every remaining allegation in Paragraph 4.

5.      Paragraph 5 is comprised of conclusory allegations regarding Reclamation's compliance with the law and Plaintiffs' previously dismissed claim. These allegations constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 5.

6.      Paragraph 6 is comprised of conclusory allegations regarding Reclamation's compliance with the law and Plaintiffs' previously dismissed claim. These allegations constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 6.

7.      Paragraph 7 is comprised of Plaintiffs' characterizations of the TASC, to which no response is required. To the extent a response is deemed to be required, Panoche denies the allegations in Paragraph 7.

8.      Paragraph 8 is comprised of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed to be required, Panoche is without knowledge or information sufficient to form a belief as to whether Plaintiffs have successfully joined new defendants to this action and on that basis denies these allegations and each and every remaining allegation contained in Paragraph 8.

9.      Paragraph 9 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 9.

- 3 -

10. Paragraph 10 is comprised of legal conclusions and quotations from the United States Code ("U.S.C."), which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted words, not including the bracketed words inserted by Plaintiffs, appear in the cited sections of the U.S.C., but denies each and every remaining allegation in Paragraph 10.

11. Paragraph 11 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies Plaintiffs' allegations in Paragraph 11 and denies Plaintiffs are entitled to the relief requested.

12. Paragraph 12 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 12.

13. Paragraph 13 is comprised of legal conclusions and quotations from a section of the U.S.C., which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language appears in the cited sections of the U.S.C., but Panoche denies each and every remaining allegation in Paragraph 13.

14. Paragraph 14 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 as to "other contractors," and on that basis denies these allegations. Panoche otherwise denies every allegation in Paragraph 14.

15. Panoche denies each and every allegation in Paragraph 15.

## JURISDICTION AND VENUE

16. Paragraph 16 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 16.

- 4 -

17.     Paragraph 17 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche admits that venue lies in this judicial district, and denies each and every remaining allegation in Paragraph 17.

18.     Paragraph 18 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every remaining allegation in Paragraph 18.

19.     The first sentence of Paragraph 19 is comprised of a legal conclusion to which no response is required. To the extent a response is deemed to be required, Panoche admits that the TASC was filed on December 1, 2021, and denies each and every remaining allegation in the first sentence of Paragraph 19. The second and third sentences of Paragraph 19 are comprised of allegations regarding Plaintiffs' previous claims for relief, which the Court dismissed as moot without prejudice, and to which no response is required. To the extent a response is deemed to be required, Panoche admits that Reclamation approved the 2016 interim contracts on or about February 29, 2016, Reclamation signed the updated Finding of No Significant Impact ("FONSI") thereon based on a revised Environmental Assessment ("EA") on May 31, 2017, Reclamation issued the 2020 EA and signed the 2020 FONSI on or about February 24, 2020, and approved the 2020 interim contracts effective March 1, 2020. Panoche denies each and every remaining allegation in the second and third sentences of Paragraph 19. With regard to the final sentence of Paragraph 19, Panoche is without sufficient information to admit or deny Plaintiffs' allegations regarding Reclamation's repayment contracts with other contractors named in the TASC, and on that basis denies the allegations.

20.     The first sentence of Paragraph 20 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies the allegation in the first sentence in Paragraph 20. Panoche is without sufficient information to admit or deny the remaining allegations in Paragraph 20, and on that basis denies each and every remaining allegation in Paragraph 20.

- 5 -

21.     Panoche denies the first sentence of Paragraph 21. The remaining portions of Paragraph 21 are comprised of legal conclusions and quotations from Ninth Circuit decisions, which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Panoche admits the quoted language is found in the cited cases, but is without sufficient information to admit or deny the remaining allegations in Paragraph 21, and on that basis denies each and every remaining allegation in Paragraph 21.

22.     Panoche is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 22.

23.     Panoche is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 23.

**PARTIES**

24.     Panoche admits that NORTH COAST RIVERS ALLIANCE is a plaintiff in this matter, but Panoche is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24, and on that basis denies these allegations.

25.     Panoche admits that PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS is a plaintiff in this matter, but Panoche is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25, and on that basis denies these allegations.

26.     Panoche admits that SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC. is a plaintiff in this matter, but Panoche is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26, and on that basis denies these allegations.

- 6 -

27. Panoche admits that INSTITUTE FOR FISHERIES RESOURCES is a plaintiff in this matter, but Panoche is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and on that basis denies these allegations.

28. Panoche admits that CALIFORNIA SPORTFISHING PROTECTION ALLIANCE is a plaintiff in this matter, but Panoche is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and on that basis denies these allegations.

29. Paragraph 29 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 29.

30. Panoche admits that United States Department of Interior ("Interior") is within the executive branch of the United States Government, is an agency within the meaning of 5 U.S.C. § 701(b), and is Reclamation's parent agency; Panoche denies each and every remaining allegation in Paragraph 30.

31. Panoche admits that Reclamation is a federal agency within the meaning of 5 U.S.C. § 701(b), is within Interior, and is responsible for management of the Central Valley Project ("CVP"). Panoche denies each and every remaining allegation in Paragraph 31.

32. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 32, and on that basis denies said allegations.

33. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 33, and on that basis denies said allegations.

34. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 34, and on that basis denies said allegations.

35. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 35, and on that basis denies said allegations.

36.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 36, and on that basis denies said allegations.

37.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 37, and on that basis denies said allegations.

38.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 38, and on that basis denies said allegations.

39.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 39, and on that basis denies said allegations.

40.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 40, and on that basis denies said allegations.

41.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 41, and on that basis denies said allegations.

42.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 42, and on that basis denies said allegations.

43.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 43, and on that basis denis said allegations.

44.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 44, and on that basis denies said allegations.

45.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 45, and on that basis denies said allegations.

46.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 46, and on that basis denies said allegations.

47.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 47, and on that basis denies said allegations.

48.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 48, and on that basis denies said allegations.

- 8 -

49. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 49, and on that basis denies said allegations.

50. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 50, and on that basis denies said allegations.

51. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 51, and on that basis denies said allegations.

52. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 52, and on that basis denies said allegations.

53. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 53, and on that basis denies said allegations.

54. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 54, and on that basis denies said allegations.

55. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 55, and on that basis denies said allegations.

56. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 56, and on that basis denies said allegations.

57. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 57, and on that basis denies said allegations.

58. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 58, and on that basis denies said allegations.

59. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 59, and on that basis denies said allegations.

60. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 60, and on that basis denies said allegations.

61. Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 61, and on that basis denies said allegations.

- 9 -

62.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 62, and on that basis denies said allegations.

63.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 63, and on that basis denies said allegations.

64.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 64, and on that basis denies said allegations.

65.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 65, and on that basis denies said allegations.

66.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 66, and on that basis denies said allegations.

67.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 67, and on that basis denies said allegations.

68.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 68, and on that basis denies said allegations.

69.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 69, and on that basis denies said allegations.

70.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 70, and on that basis denies said allegations.

71.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 71, and on that basis denies said allegations.

72.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 72, and on that basis denies said allegations.

73.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 73, and on that basis denies said allegations.

74.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 74, and on that basis denies said allegations.

- 10 -

75.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 75, and on that basis denies said allegations.

76.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 76, and on that basis denies said allegations.

77.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 77, and on that basis denies said allegations.

78.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 78, and on that basis denies said allegations.

79.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 79, and on that basis denies said allegations.

80.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 80, and on that basis denies said allegations.

81.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 81, and on that basis denies said allegations.

82.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 82, and on that basis denies said allegations.

83.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 83, and on that basis denies said allegations.

84.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 84, and on that basis denies said allegations.

85.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 85, and on that basis denies said allegations.

86.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 86, and on that basis denies said allegations.

87.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 87, and on that basis denies said allegations.

- 11 -

88.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 88, and on that basis denies said allegations.

89.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 89, and on that basis denies said allegations.

90.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 90, and on that basis denies said allegations.

91.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 91, and on that basis denies said allegations.

92.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 92, and on that basis denies said allegations.

93.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 93, and on that basis denies said allegations.

94.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 94, and on that basis denies said allegations.

95.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 95, and on that basis denies said allegations.

96.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 96, and on that basis denies said allegations.

97.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 97, and on that basis denies said allegations.

98.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 98, and on that basis denies said allegations.

99.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 99, and on that basis denies said allegations.

100.    Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 100, and on that basis denies said allegations.

101.    Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 101, and on that basis denies said allegations.

102.    Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 102, and on that basis denies said allegations.

103.    Panoche admits that it intervened as of right in this action in 2016, that it is a California public agency, and that it is a party to a valid repayment contract, Contract No. 14-06-200-7864A-IR1-P, with Reclamation executed on January 14, 2021, with effective date of July 1, 2021 (the "Panoche Repayment Contract"). Panoche denies each and every remaining allegation in Paragraph 103.

104.    Panoche admits that it is a party to the Panoche Repayment Contract, and that the Panoche Repayment Contract was executed on January 14, 2021, and has an effective date of July 1, 2021. Panoche is without sufficient information to admit or deny the allegations regarding repayment contracts between Reclamation and Westlands Water District or San Luis Water District, and on that basis denies said allegations, and denies each and every remaining allegation in Paragraph 104.

**BACKGROUND**

I.     **ENVIRONMENTAL SETTING**

105.    Paragraph 105 contains Plaintiffs' characterizations of sections of the Federal Register, which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the legal status of certain species and habitats are provided in the Federal Register. Panoche is without sufficient information to admit or deny the remaining allegations contained in Paragraph 105, and on that basis denies said allegations.

106.    Paragraph 106 is comprised Plaintiffs' characterization of a June 4, 2009, letter from the National Marine Fisheries Service ("NMFS"), which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language in Paragraph 106 is found—without added emphases—in a NMFS letter to Reclamation

- 13 -

dated June 4, 2009. Panoche is without sufficient information to admit or deny the remaining allegations contained in Paragraph 106, and on that basis denies each and every remaining allegation in Paragraph 106.

107.    Paragraph 107 is comprised Plaintiffs' characterization of a December 15, 2008, letter from the United States Fish and Wildlife Service ("FWS"), which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language in Paragraph 107 is found—without added emphases—in the FWS letter to Reclamation dated December 15, 2008. Panoche is without sufficient information to admit or deny the remaining allegations contained in Paragraph 107, and on that basis denies each and every remaining allegation in Paragraph 107.

108.    Panoche denies the allegations contained in the first and second sentences of Paragraph 108. Panoche is without sufficient information to admit or deny the allegations contained in the third sentence of Paragraph 108, and on that basis denies said allegations. Panoche denies the allegations contained in Paragraph 108.

109.    Panoche denies the allegations contained in Paragraph 109.

110.    Paragraph 110 is comprised Plaintiffs' characterization of the FWS Biological Opinion for the 2016 interim contracts, a document that speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language is found—albeit without the added emphases or bracketed material—in the Biological Opinion. Panoche denies each and every remaining allegation contained in Paragraph 110.

**CVPIA**

111.    Paragraph 111 consists of Plaintiffs' characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language is found in the cited sections of the CVPIA and denies each and every remaining allegation in Paragraph 111.

- 14 -

112.    Paragraph 112 consists of Plaintiffs' further characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 112.

113.    Paragraph 113 consists of Plaintiffs' further characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 113.

**SHORT-TERM CONTRACT EAs**

114.    Paragraph 114 is comprised of legal conclusions regarding the CVPIA and the Amended Memorandum of Decision in *Pacific Coast Federation of Fishermen's Associations v. United States Department of Interior ("PCFFA")*, 655 Fed. Appx. 595 (9th Cir. 2016), both of which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language appears in the cited portions of the CVPIA and *PCFFA*—not to include added emphases. Panoche denies each and every remaining allegation of Paragraph 114.

115.    Paragraph 115 is comprised of allegations relating to Plaintiffs' previous claims for relief, which the Court dismissed as moot without prejudice, thus no response is required. To the extent a response is deemed to be required, Panoche admits that Reclamation issued a FONSI and EA for the 2016 interim renewal contracts and executed those contracts with Intervenor Defendants on February 29, 2016, on bases including but not limited to the FONSI and EA.

116.    Panoche admits that on March 4, 2016, Plaintiffs filed their initial complaint in this case.

117.    Paragraph 117 contains Plaintiffs' characterizations of the Amended Memorandum of Decision in *PCFFA,* which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche admits that on July 25, 2016, the Ninth Circuit Court of Appeals issued an Amended Memorandum of Decision in *PCFFA,* and that the language quoted by Plaintiffs appears in the decision. Panoche denies each and every remaining allegation in the second sentence of Paragraph 117.

118.    Panoche admits the allegations contained in Paragraph 118.

119.    Panoche admits the allegations contained in Paragraph 119.

120.    Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 120, and on that basis denies said allegations.

121.    Panoche admits the allegations contained in Paragraph 121.

122.    Panoche denies the allegations contained in Paragraph 122.

123.    Panoche denies the allegations contained in Paragraph 123.

124.    Panoche denies the allegations contained in Paragraph 124.

125.    Panoche denies the allegations contained in Paragraph 125.

126.    Paragraph 126 contains Plaintiffs' allegations regarding "the latest round of interim contracts," which is vague as to which interim contracts Plaintiffs refer. Therefore, Panoche ais without sufficient information to admit or deny the allegations contained in Paragraph 126, and on that basis denies said allegations.

127.    Paragraph 127 contains Plaintiffs' allegations regarding "the latest round of interim contracts," which is vague as to which interim contracts Plaintiffs refer. Thus, Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 127, and on that basis denies said allegations.

**LONG-TERM CONTRACT ENVIRONMENTAL REVIEW**

128.    Paragraph 128 is comprised of Plaintiffs' characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language appears in the cited portions of the CVPIA, and denies each and every remaining allegation in Paragraph 128.

129.    Paragraph 129 contains Plaintiffs' allegations regarding "a Programmatic Environmental Impact Statement ('PEIS') in October 1999," which is vague as to which PEIS Plaintiffs are referring, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that Reclamation and FWS published the Central Valley Project

- 16 -

Improvement Act: Final Programmatic Environmental Impact Statement ("PEIS") in October 1999. Panoche is without sufficient information to admit or deny the remaining allegations contained in Paragraph 129, and on that basis denies said allegations.

130.    The first sentence of Paragraph 130 contains Plaintiffs' allegations regarding "that NEPA review" but it is vague to which "NEPA review" Plaintiffs are referring, thus no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations contained the first sentence of Paragraph 130, and on that basis denies said allegations. The second sentence of Paragraph 130 contains Plaintiffs' allegations regarding "long-term contracts" are vague as to which long-term contracts Plaintiffs are referring, and therefore no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 130, and on that basis denies said allegations. Panoche denies the allegations in the third sentence of Paragraph 130.

**THE WIIN ACT**

131.    Panoche admits that the Water Infrastructure Improvements for the Nation Act ("WIIN Act") was enacted on December 16, 2016, and that certain provisions expired on December 16, 2021, but Panoche denies that the WIIN Act in its entirety expired on December 16, 2021.

132.    Paragraph 132 consists of Plaintiffs' characterizations of the WIIN Act, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language is found in the cited section of the WIIN Act, but notes that the section 4013 of the WIIN Act states that "[t]his subtitle shall expire on the date that is 5 years after the date of its enactment, with the exception of—(1) section 4004, which shall expire 10 years after the date of its enactment; and (2) projects under construction in sections 4007, 4009(a), and 4009(c)," and accordingly deny each and every remaining allegation in Paragraph 132.

- 17 -

133.     Paragraph 133 consists of Plaintiffs' characterizations of the WIIN Act, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language is found in the cited section of the WIIN Act, but notes that  section 4013 of the WIIN Act states that "[t]his subtitle shall expire on the date that is 5 years after the date of its enactment, with the exception of—(1) section 4004, which shall expire 10 years after the date of its enactment; and (2) projects under construction in sections 4007, 4009(a), and 4009(c), and accordingly denies each and every remaining allegation in Paragraph 133.

134.     Paragraph 134 consists of Plaintiffs' characterizations of the WIIN Act, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language appears in the cited sections of the WIIN Act and the U.S.C. Panoche denies each and every remaining allegation in Paragraph 134.

135.     Paragraph 135 consists of Plaintiffs' characterizations of federal statutes, which speak for themselves, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language appears in the cited statutory section. Panoche denies each and every remaining allegation in Paragraph 135.

136.     Paragraph 136 consists of Plaintiffs' characterizations of the WIIN Act and Reclamation law, which speak for themselves, and therefore no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 136.

137.     Paragraph 137 consists of Plaintiffs' characterizations of the WIIN Act, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language is found in the cited sections of the WIIN Act. Panoche denies each and every remaining allegation in Paragraph 137.

138.     The first sentence of Paragraph 138 consists of Plaintiffs' characterizations of the CVPIA, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche denies the allegations in the first sentence of Paragraph 138. The second and third sentences of Paragraph 138 consist of Plaintiffs' legal conclusions, to which no

- 18 -

response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in the second and third sentences of Paragraph 138.

**RESPONSES TO CLAIMS FOR RELIEF**

**II.     RESPONSES TO FIRST CLAIM FOR RELIEF**

139.     Panoche incorporates its responses from Paragraphs 1 through 138 as though fully set forth herein.

140.     Paragraph 140 is comprised of Plaintiffs' characterizations of NEPA, constituting conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche denies Plaintiffs' allegations in the first sentence of Paragraph 140. Panoche is without sufficient information to admit or deny the allegations contained in the second and third sentences of Paragraph 140, and on that basis denies said allegations.

141.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 141, and on that basis denies said allegations.

142.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 142, and on that basis denies said allegations.

143.     Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 143, and on that basis denies said allegations.

144.     Panoche is without sufficient information to admit or deny the remaining allegations contained in Paragraph 144, and on that basis denies said allegations.

145.     Paragraph 145 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche denies Plaintiffs' allegations.

146.     Paragraph 146 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche denies Plaintiffs' allegations in Paragraph 146.

147.     Paragraph 147 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche admits that the Delta is part of one of the

- 19 -

largest estuaries in the United States, that it supplies freshwater, and that it supplies irrigation water. Panoche denies each and every remaining allegation in Paragraph 147.

148. Paragraph 148 consists of conclusions of law regarding the cited sections of the Code of Federal Regulations and Ninth Circuit decisions, each of which speak for themselves, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the terms quoted are found in the cited section of the C.F.R. Panoche denies Plaintiffs' characterizations of *Ocean Advocates v. U.S. Army Corps of Engineers*, 402 F.3d 846, 865 (9th Cir. 2005), which was published in 2005, not 2004. Paragraph 148 alleges that "*any* one" (emphasis original) of ten sub-factors "is sufficient to require an EIS." In fact, the *Ocean Advocates* court provided: "We have held that one of these factors *may be* sufficient to require preparation of an EIS in *appropriate circumstances*." *Ocean Advocs.*, 402 F.3d at 865 (emphases added). Panoche denies each and every remaining allegation in Paragraph 148.

149. Paragraph 149 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche admits that under the WIIN Act, Reclamation lacks discretion to decline to convert an existing water service contract into a repayment contract upon the request of a contractor. Panoche denies each and every remaining allegation in Paragraph 149.

150. Panoche denies the first two sentences of Paragraph 150. The remaining portion of Paragraph 150 consists of citations to cases, each of which speak for themselves, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language is found in the cited case. Panoche denies each and every remaining allegation in Paragraph 150.

151. Paragraph 151 consists of citations to cases and federal statutes, each of which speak for themselves, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language cited from the case *Stand Up for California*— not to include Plaintiffs' edits—is found in that case. However, Plaintiffs' quotations to *Westlands*

- 20 -

*Water Dist. v. Nat. Res. Def. Council*, 43 F.3d 457, 460 (9th Cir. 1994), are inaccurate, and Panoche therefore denies Plaintiffs' allegations relating to this case. Panoche admits that the quoted language in the seventh sentence is found in the cited section of the WIIN Act ((a)(2), not (a)(1)). Panoche denies each and every remaining allegation in Paragraph 151.

152.    Paragraph 152 consists of Plaintiffs' citation to the case *Stand Up for California*, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the cited language from *Stand Up for California* appears in the decision. Panoche denies each and every remaining allegation in Paragraph 152.

153.    Paragraph 153 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche denies Plaintiffs' allegations.

154.    Paragraph 154 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche denies Plaintiffs' allegations.

**I.      RESPONSES TO SECOND CLAIM FOR RELIEF (CVPIA)**

155.    Panoche incorporates itsr responses from Paragraphs 1 through 154 as though fully set forth herein.

156.    The first two sentences of Paragraph 156 consist of Plaintiffs' characterizations of the CVPIA, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language is found in the cited sections of the CVPIA. Panoche denies each and every remaining allegation in the first two sentences of Paragraph 156.

157.    The first sentence of Paragraph 157 consists of Plaintiffs' characterizations of the CVPIA, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche denies that the citation to CVPIA § 3404(c) is accurate, and on that basis denies any allegations therefrom. Panoche denies each and every allegation in Paragraph 157.

158.    Paragraph 158 consists of conclusions of law regarding the WIIN Act and the CVPIA, federal statutes which speak for themselves, and therefore no response is required. To the extent a

response is deemed to be required, Panoche admits that the quoted language is found in the cited section of the WIIN Act. Panoche denies each and every remaining allegation in Paragraph 158.

159.    Paragraph 159 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 159.

## II.    RESPONSES TO THIRD CLAIM FOR RELIEF (43 U.S.C. §§ 423e, 511)

160.    Panoche incorporates its responses from Paragraphs 1 through 159 as though fully set forth herein.

161.    Paragraph 151 consists of Plaintiffs' characterization of 43 U.S.C. § 511, a federal statute that speaks for itself, and therefore no responses is required. To the extent a response is deemed to be required, Panoche admits that the quoted language is found in the cited section of the U.S.C. Panoche is without sufficient information to admit or deny the remaining allegations contained in Paragraph 161, and on that basis denies said allegations.

162.    Paragraph 162 consists of Plaintiffs' characterization of 43 U.S.C. § 423e, a federal statute that speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Plaintiffs misquote the section of the U.S.C. cited in Paragraph 162, and on that basis, Panoche denies the allegations contained in Paragraph 162.

163.    Paragraph 163 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 163, and on that basis denies said allegations.

164.    Paragraph 164 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 164, and on that basis denies said allegations.

165.    Paragraph 165 consists of Plaintiffs' characterization of an order from the Fresno County Superior Court, which speaks for itself, and therefore no response is required. To the extent

a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations in Paragraph 165, and on that basis denies said allegations.

166.    Paragraph 166 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations in Paragraph 166, and on that basis denies said allegations.

167.    Paragraph 167 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations in Paragraph 167, and on that basis denies said allegations.

168.    Paragraph 168 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations in Paragraph 168, and on that basis denies said allegations.

169.    Paragraph 169 consists of Plaintiffs' conclusions of law and citation to the case *Barcellos & Wolfsen, Inc. v. Westlands Water Dist.*, 491 F. Supp. 263, (E.D. Cal. 1980) which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language appears in the cited section of *Barcellos & Wolfsen, Inc.*, and denies each and every remaining allegation in Paragraph 169.

170.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 170, and on that basis denies said allegations.

171.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 171, and on that basis denies said allegations.

172.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 172, and on that basis denies said allegations

173.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 173, and on that basis denies said allegations.

174.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 174, and on that basis denies said allegations.

175.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 175, and on that basis denies said allegations.

176.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 176, and on that basis denies said allegations.

177.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 177, and on that basis denies said allegations.

178.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 178, and on that basis denies said allegations.

179.    Panoche is without sufficient information to admit or deny the allegations in Paragraph 179, and on that basis denies said allegations.

180.    Paragraph 180 is comprised of Plaintiffs' characterizations of 5 U.S.C. § 706, a federal statute which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the remaining allegations in Paragraph 180, and on that basis denies said allegations.

181.    Paragraph 181 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations in Paragraph 181, and on that basis denies said allegations.

182.    Paragraph 182 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations in Paragraph 182, and on that basis denies said allegations.

183.    Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 183, and on that basis denies said allegations.

III.    RESPONSES TO FOURTH CLAIM FOR RELIEF (RECLAMATION LAW)

184.    Panoche incorporates its responses from Paragraphs 1 through 183 as though fully set forth herein.

185.     Paragraph 185 is comprised of Plaintiffs' characterizations of federal regulations, which speak for themselves, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language appears in the cited regulations, but is without sufficient information to admit or deny the remaining allegations in Paragraph 185, and on that basis denies each and every remaining allegation in Paragraph 185.

186.     Paragraph 186 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language of the San Luis Act appears in the cited law, but is without sufficient information to admit or deny the remaining allegations in Paragraph 186, and on that basis denies each and every remaining allegation contained in Paragraph 186.

187.     Paragraph 187 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche is without sufficient information to admit or deny the allegations contained in Paragraph 187, and on that basis denies each and every allegation in Paragraph 187.

188.     Panoche is without sufficient information to admit or deny the allegations in Paragraph 188, and on that basis denies each and every allegation contained in Paragraph 188.

189.     Paragraph 189 is comprised of Plaintiffs' legal conclusions and characterizations of a federal statute, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche admits that the quoted language appears in the cited statute, and denies each and every remaining allegation in Paragraph 189.

190.     Paragraph 190 is comprised of Plaintiffs' legal conclusions and characterizations of the CVPIA, which speaks for itself, and therefore no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 190.

191.     Paragraph 191 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Panoche denies each and every allegation in Paragraph 191.

- 25 -

1    192.    Paragraph 192 is comprised of legal conclusions to which no response is required. To

2    the extent a response is deemed to be required, Panoche denies each and every allegation in

3    Paragraph 192.

4                            **RESPONSE TO PRAYER FOR RELIEF**

5        Panoche denies that Plaintiffs are entitled to any of the relief that they seek in their Prayer

6    for Relief, or any relief whatsoever.

7                                **AFFIRMATIVE DEFENSES**

8        Panoche alleges the following affirmative defenses as applicable to any and all of

9    Plaintiffs' claims for relief. Panoche does not assume the burden of proof on any issues for which

10   the burden of proof is on the Plaintiffs.

11                              **FIRST AFFIRMATIVE DEFENSE**

12                                (Failure to State a Claim)

13       As for a First Affirmative Defense, Panoche alleges that the TASC fails to state a claim

14   upon which relief can be granted.

15                             **SECOND AFFIRMATIVE DEFENSE**

16                                      (Laches)

17       As for a Second Affirmative Defense, Panoche alleges that the TASC, either in whole or in

18   part, is barred by the doctrine of laches.

19                              **THIRD AFFIRMATIVE DEFENSE**

20                        (Failure to Exhaust Administrative Remedies)

21       As for a Third Affirmative Defense, Panoche alleges that Plaintiffs have failed to exhaust

22   the required administrative remedies necessary in order to prevail upon any of the causes of action

23   alleged in the TASC.

24                             **FOURTH AFFIRMATIVE DEFENSE**

25                                     (Estoppel)

26

- 26 -

27

28

As for a Fourth Affirmative Defense, Panoche alleges that Plaintiffs, by their acts and omissions and otherwise, are estopped from asserting the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

As for a Fifth Affirmative Defense, Panoche alleges that Federal law does not authorize a private right of action against Federal Defendants in this matter.

## SIXTH AFFIRMATIVE DEFENSE

### (Impairment of Contract)

As for a Sixth Affirmative Defense, Panoche alleges that the relief Plaintiffs seek is unlawful because it would result in an impairment of Defendants' contracts.

## SEVENTH AFFIRMATIVE DEFENSE

### (Vagueness)

As for a Seventh Affirmative Defense, Panoche alleges that Plaintiffs' claims for relief as pled in the Complaint are vague and uncertain.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As for an Eighth Affirmative Defense, Panoche alleges that Plaintiffs' claims are barred by principles of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Rescission as an Improper Remedy)

As for a Ninth Affirmative Defense, Panoche alleges that Plaintiffs' claims seeking rescission is barred by applicable law.

## RESERVATION OF RIGHT

Panoche reserves the right to assert additional affirmative defenses should it become aware of any such additional defenses during the course of discovery in this action.

**<u>CONCLUSION</u>**

WHEREFORE, Intervenor-Defendant Panoche respectfully requests the Court to deny all of Plaintiffs' requests for relief, dismiss the TASC in its entirety and with prejudice, award Intervenor-Defendant Panoche its costs and attorneys' fees to the extent provided for by law, and grant Panoche such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 12, 2022

WELTY WEAVER & CURRIE, PC

_____
            */s/ Philip A. Williams*
            PHILIP A. WILLIAMS

Attorney for Intervenor-Defendant
PANOCHE WATER DISTRICT

- 28 -

## CERTIFICATE OF SERVICE

I do hereby certify that on January 12, 2022, I electronically filed INTERVENOR-DEFENDANT PANOCHE WATER DISTRICT'S ANSWER TO PLAINTIFFS' THIRD AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELEIF with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

*/s/ Philip A. Williams*
PHILIP A. WILLIAMS

Attorney for Intervenor-Defendant
PANOCHE WATER DISTRICT