1   CYNTHIA J. LARSEN (STATE BAR NO. 123994)
    clarsen@orrick.com
2   JUSTIN GIOVANNETTONE (STATE BAR NO. 293794)
    jgiovannettone@orrick.com
3   MARK C. SMITH (STATE BAR NO. 319003)
    mark.smith@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
5   Sacramento, CA 95814-4497
    Telephone:    +1 916 447 9200
6   Facsimile:    +1 916 329 4900

7   *Attorneys for Westlands Water District,*
    *Westlands Water District Distribution District No. 1,*
8   *Westlands Water District Distribution District No. 2, and*
    *Westlands Water District Financing Corporation*

9                   UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF DISTRICT OF CALIFORNIA

11                         FRESNO DIVISION

12

13

14   NORTH COAST RIVERS ALLIANCE,            Case No. 1:16-CV-00307-DAD-SKO
     CALIFORNIA SPORTFISHING
15   PROTECTION ALLIANCE, PACIFIC
     COAST FEDERATION OF FISHERMEN'S         **ANSWER OF INTERVENOR-**
16   ASSOCIATIONS, SAN FRANCISCO CRAB        **DEFENDANT WESTLANDS WATER**
     BOAT OWNERS ASSOCIATION, INC., and      **DISTRICT, AND DEFENDANTS**
17   INSTITUTE FOR FISHERIES RESOURCES,      **WESTLANDS WATER DISTRICT**
                                             **DISTRIBUTION DISTRICT NO. 1,**
18                   Plaintiffs,             **WESTLANDS WATER DISTRICT**
                                             **DISTRIBUTION DISTRICT NO. 2, AND**
19            v.                             **WESTLANDS WATER DISTRICT**
                                             **FINANCING CORPORATION TO**
20   UNITED STATES DEPARTMENT OF THE         **THIRD AMENDED AND**
     INTERIOR, et. al,                       **SUPPLEMENTAL COMPLAINT**
21
                     Defendants,
22
              And
23
     WESTLANDS WATER DISTRICT, SAN
24   LUIS WATER DISTRICT, and PANOCHE
     WATER DISTRICT,
25
                     Intervenor-Defendants.
26

27

28

Pursuant to Federal Rule of Civil Procedure 7(a)(2), Intervenor Defendant Westlands Water District, and Defendants Westlands Water District Distribution District No. 1, Westlands Water District Distribution District No. 2, and Westlands Water District Financing Corporation (collectively, "Westlands Defendants"), through the undersigned counsel, hereby answer and assert defenses to each numbered paragraph of Plaintiffs' North Coast Rivers Alliance, California Sportfishing Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab Boat Owners Association, Inc., and Institute for Fisheries Resources ("Plaintiffs'") Third Amended and Supplemental Complaint ("TASC"). Any allegations, express or implied, that are not expressly admitted, denied, or qualified are hereby denied.

## **INTRODUCTION**

1.     Paragraph 1 is comprised of Plaintiffs' characterization of this action and contains conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit Plaintiffs have sued Federal Defendants for alleged violations of the National Environmental Policy Act ("NEPA") and the Central Valley Project Improvement Act ("CVPIA"), have challenged decisions under the Administrative Procedure Act ("APA"), have named water contractors as defendants, and amended and supplemented their complaint. Westlands Defendants deny each and every remaining allegation in Paragraph 1.

2.     Paragraph 2 is comprised of Plaintiffs' characterizations of their previous claims for relief, which the Court dismissed as moot without prejudice (Dkt. 151), and to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny Plaintiffs' previous allegations.

3.     Paragraph 3 is comprised of Plaintiffs' characterizations of this Court's Order Granting Motions to Dismiss First Claim for Relief as Moot Without Prejudice and Granting Motion to Compel Joinder of Absent Contractors filed November 1, 2021 (Dkt. 151), which speaks for itself,

- 2 -

1  thus no response is required. To the extent any further response is deemed to be required, Westlands

2  Defendants admit that this Court previously issued an Order dismissing Plaintiffs' First Claim for

3  Relief as moot, without prejudice, and admit that the quoted language appears in the Order.

4  Westlands Defendants deny each and every remaining allegation in Paragraph 3.

5      4.      Paragraph 4 is comprised of Plaintiffs' characterizations of their TASC, including their

6  previously dismissed claim, to which no response is required. To the extent a further response is

7  deemed to be required, Westlands Defendants admit that Plaintiffs have filed their TASC, but deny

8  each and every remaining allegation in Paragraph 4.

9      5.      Paragraph 5 is comprised of conclusory allegations regarding Reclamation's

10  compliance with the law and Plaintiffs' previously dismissed claim. These allegations constitute

11  legal conclusions to which no response is required. To the extent a response is deemed to be

12  required, Westlands Defendants deny each and every allegation in Paragraph 5.

13      6.      Paragraph 6 is comprised of conclusory allegations regarding Reclamation's

14  compliance with the law and Plaintiffs' previously dismissed claim. These allegations constitute

15  legal conclusions to which no response is required. To the extent a response is deemed to be

16  required, Westlands Defendants deny each and every allegation in Paragraph 6.

17      7.      Paragraph 7 is comprised of Plaintiffs' characterizations of the TASC, to which no

18  response is required. To the extent a response is deemed to be required, Westlands Defendants deny

19  the allegations in Paragraph 7.

20      8.      Paragraph 8 is comprised of Plaintiffs' legal conclusions, to which no response is

21  required. To the extent a response is deemed to be required, Westlands Defendants are without

22  knowledge or information sufficient to form a belief as to whether Plaintiffs have successfully

23  joined new defendants to this action and on that basis deny these allegations and each and every

24  remaining allegation contained in Paragraph 8.

- 3 -

9.      Paragraph 9 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 9.

10.      Paragraph 10 is comprised of legal conclusions and quotations from the United States Code ("U.S.C."), which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted words, not including the bracketed words inserted by Plaintiffs, appear in the cited sections of the U.S.C., but deny each and every remaining allegation in Paragraph 10.

11.      Paragraph 11 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 11 and deny Plaintiffs are entitled to the relief requested.

12.      Paragraph 12 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 12.

13.      Paragraph 13 is comprised of legal conclusions and quotations from a section of the U.S.C., which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language appears in the cited sections of the U.S.C., but Westlands Defendants deny each and every remaining allegation in Paragraph 13.

14.      Paragraph 14 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 as to "other contractors," and on that basis deny these allegations. Westlands Defendants otherwise deny every allegation in Paragraph 14.

15.      Westlands Defendants deny each and every allegation in Paragraph 15.

- 4 -

16.     Paragraph 16 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 16.

17.     Paragraph 17 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that venue lies in this judicial district, and deny each and every remaining allegation in Paragraph 17.

18.     Paragraph 18 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit Plaintiffs have sufficiently alleged a justiciable controversy between the parties, and deny each and every remaining allegation in Paragraph 18.

19.     The first sentence of Paragraph 19 is comprised of a legal conclusion to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the TASC was filed on December 1, 2021, and deny each and every remaining allegation in the first sentence of Paragraph 19. The second and third sentences of Paragraph 19 are comprised of allegations regarding Plaintiffs' previous claims for relief, which the Court dismissed as moot without prejudice, and to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that Reclamation approved the 2016 interim contracts on or about February 29, 2016, Reclamation signed the updated Finding of No Significant Impact ("FONSI") thereon based on a revised Environmental Assessment ("EA") on May 31, 2017, Reclamation issued the 2020 EA and signed the 2020 FONSI on or about February 24, 2020, and approved the 2020 interim contracts effective March 1, 2020. Westlands Defendants denies each and every remaining allegation in the second and third sentences of Paragraph 19. With regard to the final sentence of Paragraph 19, Westlands Defendants admit that the repayment contract between the United States and Westlands Water District was executed on February 28, 2020, with an effective date of June 1, 2020, and the United States subsequently executed repayment contracts

- 5 -

WESTLANDS DEFENDANTS' ANSWER TO TASC
*NORTH COAST RIVERS ALLIANCE, ET AL. V. U.S. DEP'T OF INTERIOR., ET AL.*
1:16-CV-00307-DAD-SKO

with Westlands Water Distribution District No. 1 and Westland Water Distribution District No. 2, which subsequently became effective. Westlands Defendants are without sufficient information to admit or deny Plaintiffs' allegations regarding Reclamation's repayment contracts with other contractors named in the TASC, and on that basis deny said allegations.

20. Westlands Defendants deny the first four sentences of Paragraph 20. Westlands Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 20, and on that basis deny each and every remaining allegation in Paragraph 20.

21. Westlands Defendants deny the first sentence of Paragraph 21. The remaining portions of Paragraph 21 are comprised of legal conclusions and quotations from Ninth Circuit decisions, which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit the quoted language is found in the cited cases, but are without sufficient information to admit or deny the remaining allegations in Paragraph 21, and on that basis the allegations deny each and every remaining allegation in Paragraph 21.

22. Westlands Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 22.

23. Westlands Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 23.

## PARTIES

24. Westlands Defendants admit that NORTH COAST RIVERS ALLIANCE is a plaintiff in this matter, but Westlands Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24, and on that basis deny these allegations.

25. Westlands Defendants admit that PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS is a plaintiff in this matter, but Westlands Defendants are

- 6 -

1  without knowledge or information sufficient to form a belief as to the truth or falsity of the
2  remaining allegations in Paragraph 25, and on that basis deny these allegations.

3  26.    Westlands Defendants admit that SAN FRANCISCO CRAB BOAT OWNERS
4  ASSOCIATION, INC. is a plaintiff in this matter, but Westlands Defendants are without
5  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining
6  allegations in Paragraph 26, and on that basis deny these allegations.

7  27.    Westlands Defendants admit that INSTITUTE FOR FISHERIES RESOURCES is a
8  plaintiff in this matter, but Westlands Defendants are without knowledge or information sufficient
9  to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and on that
10 basis deny these allegations.

11 28.    Westlands Defendants admit that CALIFORNIA SPORTFISHING PROTECTION
12 ALLIANCE is a plaintiff in this matter, but Westlands Defendants are without knowledge or
13 information sufficient to form a belief as to the truth or falsity of the remaining allegations in
14 Paragraph 28, and on that basis deny these allegations.

15 29.    Paragraph 29 is comprised of legal conclusions to which no response is required. To the
16 extent a response is deemed to be required, Westlands Defendants deny each and every allegation
17 in Paragraph 29.

18 30.    Westlands Defendants admit that United States Department of Interior ("Interior") is
19 within the executive branch of the United States Government, is an agency within the meaning of
20 5 U.S.C. § 701(b), and is Reclamation's parent agency; Westlands Defendants deny each and every
21 remaining allegation in Paragraph 30.

22 31.    Westlands Defendants admit that Reclamation is a federal agency within the meaning
23 of 5 U.S.C. § 701(b), is within the Interior, and is responsible for management of the Central Valley
24 Project ("CVP"). Westlands Defendants deny each and every remaining allegation in Paragraph 31.

25 32.    Westlands Defendants are without sufficient information to admit or deny the
26 allegations contained in Paragraph 32, and on that basis deny said allegations.

27

28

33.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 33, and on that basis deny said allegations.

34.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 34, and on that basis deny said allegations.

35.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35, and on that basis deny said allegations.

36.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36, and on that basis deny said allegations.

37.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37, and on that basis deny said allegations.

38.     Westlands Defendants admit that they are California public agencies and that Westlands Water District, Westlands Water District Distribution District No. 1, and Westlands Water District Distribution District No. 2 are parties to various valid repayment contracts with Reclamation executed on February 28, 2020, May 29, 2020, and September 28, 2020, which became effective on June 1, 2020, and October 1, 2020, and that the proceedings regarding validations of these contracts remain ongoing. Westlands Defendants deny each and every remaining allegation in Paragraph 38.

39.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39, and on that basis deny said allegations.

40.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40, and on that basis deny said allegations.

41.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41, and on that basis deny said allegations.

42.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 42, and on that basis deny said allegations.

- 8 -

WESTLANDS DEFENDANTS' ANSWER TO TASC
*NORTH COAST RIVERS ALLIANCE, ET AL. V. U.S. DEP'T OF INTERIOR., ET AL.*
1:16-CV-00307-DAD-SKO

43.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43, and on that basis deny said allegations.

44.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 44, and on that basis deny said allegations.

45.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 45, and on that basis deny said allegations.

46.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 46, and on that basis deny said allegations.

47.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 47, and on that basis deny said allegations.

48.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48, and on that basis deny said allegations.

49.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 49, and on that basis deny said allegations.

50.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 50, and on that basis deny said allegations.

51.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 51, and on that basis deny said allegations.

52.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 52, and on that basis deny said allegations.

53.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53, and on that basis deny said allegations.

54.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 54, and on that basis deny said allegations.

55.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 55, and on that basis deny said allegations.

- 9 -

56.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 56, and on that basis deny said allegations.

57.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 57, and on that basis deny said allegations.

58.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 58, and on that basis deny said allegations.

59.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 59, and on that basis deny said allegations.

60.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 60, and on that basis deny said allegations.

61.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 61, and on that basis deny said allegations.

62.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 62, and on that basis deny said allegations.

63.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 63, and on that basis deny said allegations.

64.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 64, and on that basis deny said allegations.

65.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 65, and on that basis deny said allegations.

66.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 66, and on that basis deny said allegations.

67.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 67, and on that basis deny said allegations.

68.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 68, and on that basis deny said allegations.

- 10 -

69.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 69, and on that basis deny said allegations.

70.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 70, and on that basis deny said allegations.

71.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 71, and on that basis deny said allegations.

72.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 72, and on that basis deny said allegations.

73.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 73, and on that basis deny said allegations.

74.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 74, and on that basis deny said allegations.

75.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 75, and on that basis deny said allegations.

76.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 76, and on that basis deny said allegations.

77.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 77, and on that basis deny said allegations.

78.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 78, and on that basis deny said allegations.

79.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 79, and on that basis deny said allegations.

80.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 80, and on that basis deny said allegations.

81.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 81, and on that basis deny said allegations.

- 11 -

82.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 82, and on that basis deny said allegations.

83.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 83, and on that basis deny said allegations.

84.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 84, and on that basis deny said allegations.

85.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 85, and on that basis deny said allegations.

86.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 86, and on that basis deny said allegations.

87.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 87, and on that basis deny said allegations.

88.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 88, and on that basis deny said allegations.

89.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 89, and on that basis deny said allegations.

90.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 90, and on that basis deny said allegations.

91.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 91, and on that basis deny said allegations.

92.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 92, and on that basis deny said allegations.

93.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 93, and on that basis deny said allegations.

94.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 94, and on that basis deny said allegations.

95.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 95, and on that basis deny said allegations.

96.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 96, and on that basis deny said allegations.

97.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 97, and on that basis deny said allegations.

98.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 98, and on that basis deny said allegations.

99.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 99, and on that basis deny said allegations.

100.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 100, and on that basis deny said allegations.

101.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 101, and on that basis deny said allegations.

102.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 102, and on that basis deny said allegations.

103.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 103, and on that basis deny said allegations.

104.     Westlands Defendants admit that, with the exception of Westlands Water District Financing Corporation, they are parties to various valid repayment contracts with Reclamation executed on February 28, 2020, May 29, 2020, and September 28, 2020, which became effective on June 1, 2020, and October 1, 2020. Westlands Defendants are without sufficient information to admit or deny the allegations regarding repayment contracts between Reclamation and San Luis Water District or Panoche Water District, and on that basis deny said allegations, and deny each and every remaining allegation in Paragraph 104.

I.    ENVIRONMENTAL SETTING

105.    Paragraph 105 contains Plaintiffs' characterizations of sections of the Federal Register, which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the legal status of certain species and habitats are provided in the Federal Register. Westlands Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 105, and on that basis deny said allegations.

106.    Paragraph 106 is comprised Plaintiffs' characterization of a June 4, 2009 letter from the National Marine Fisheries Service ("NMFS"), which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language in Paragraph 106 is found—without added emphases—in a NMFS letter to Reclamation dated June 4, 2009. Westlands Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 106, and on that basis deny each and every remaining allegation in Paragraph 106.

107.    Paragraph 107 is comprised Plaintiffs' characterization of a December 15, 2008 letter from the United States Fish and Wildlife Service ("FWS"), which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language in Paragraph 107 is found—without added emphases—in the FWS letter to Reclamation dated December 15, 2008. Westlands Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 107, and on that basis deny each and every remaining allegation in Paragraph 107.

108.    Westlands Defendants deny the allegations contained in the first and second sentences of Paragraph 108. Westlands Defendants are without sufficient information to admit or deny the allegations contained in the third sentence of Paragraph 108, and on that basis deny said allegations. Westlands Defendants deny the allegations contained in Paragraph 108.

109. Westlands Defendants deny the allegations contained in Paragraph 109.

110. Paragraph 110 is comprised Plaintiffs' characterization of the FWS Biological Opinion for the 2016 interim contracts, a document that speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found—without any added emphases or bracketed material—in the Biological Opinion. Westlands Defendants deny each and every remaining allegation contained in Paragraph 110.

**CVPIA**

111. Paragraph 111 consists of Plaintiffs' characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found in the cited sections of the CVPIA and deny each and every remaining allegation in Paragraph 111.

112. Paragraph 112 consists of Plaintiffs' further characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 112.

113. Paragraph 113 consists of Plaintiffs' further characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 113.

**SHORT-TERM CONTRACT EAs**

114. Paragraph 114 is comprised of legal conclusions regarding the CVPIA and the Amended Memorandum of Decision in *Pacific Coast Federation of Fishermen's Associations v. United States Department of Interior ("PCFFA")*, 655 Fed. Appx. 595 (9th Cir. 2016), both of which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language appears in the cited portions of the CVPIA and *PCFFA*—not to include added emphases. Westlands Defendants deny each and every remaining allegation of Paragraph 114.

- 15 -

115.     Paragraph 115 is comprised of allegations relating to Plaintiffs' previous claims for relief, which the Court dismissed as moot without prejudice, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that Reclamation issued a FONSI and EA for the 2016 interim renewal contracts and executed those contracts with Intervenor Defendants on February 29, 2016, on bases including but not limited to the FONSI and EA.

116.     Westlands Defendants admit that on March 4, 2016, Plaintiffs filed their initial complaint in this case.

117.     Paragraph 117 contains Plaintiffs' characterizations of the Amended Memorandum of Decision in *PCFFA,* which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that on July 25, 2016, the Ninth Circuit Court of Appeals issued an Amended Memorandum of Decision in *PCFFA,* and that the language quoted by Plaintiffs appears in the decision. Westlands Defendants deny each and every remaining allegation in the second sentence of Paragraph 117.

118.     Westlands Defendants admit the allegations contained in Paragraph 118.

119.     Westlands Defendants admit the allegations contained in Paragraph 119.

120.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 120, and on that basis deny said allegations.

121.     Westlands Defendants admit the allegations contained in Paragraph 121.

122.     Westlands Defendants deny the allegations contained in Paragraph 122.

123.     Westlands Defendants deny the allegations contained in Paragraph 123.

124.     Westlands Defendants deny the allegations contained in Paragraph 124.

125.     Westlands Defendants deny the allegations contained in Paragraph 125.

126.     Paragraph 126 contains Plaintiffs' allegations regarding "the latest round of interim contracts," which is vague as to which interim contracts Plaintiffs refer. Thus, Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 126, and on that basis deny said allegations.

127.    Paragraph 127 contains Plaintiffs' allegations regarding "the latest round of interim contracts," which is vague as to which interim contracts Plaintiffs refer. Thus, Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 127, and on that basis deny said allegations.

**LONG-TERM CONTRACT ENVIRONMENTAL REVIEW**

128.    Paragraph 128 is comprised of Plaintiffs' characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language appears in the cited portions of the CVPIA, and deny each and every remaining allegation in Paragraph 128.

129.    Paragraph 129 contains Plaintiffs' allegations regarding "a Programmatic Environmental Impact Statement ('PEIS') in October 1999," which is vague as to which PEIS Plaintiffs are referring, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that Reclamation and FWS published the Central Valley Project Improvement Act: Final Programmatic Environmental Impact Statement ("PEIS") in October 1999. Westlands Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 129, and on that basis deny said allegations.

130.    The first sentence of Paragraph 130 contains Plaintiffs' allegations regarding "that NEPA review" but it is vague to which "NEPA review" Plaintiffs are referring, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants are without sufficient information to admit or deny the allegations contained the first sentence of Paragraph 130, and on that basis deny said allegations. The second sentence of Paragraph 130 contains Plaintiffs' allegations regarding "long-term contracts" are vague as to which long-term contracts Plaintiffs are referring, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants are without sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 130, and on that basis deny said allegations. Westlands Defendants deny the allegations in the third sentence of Paragraph 130.

- 17 -

**THE WIIN ACT**

131.    Westlands Defendants admit that the Water Infrastructure Improvements for the Nation Act ("WIIN Act") was enacted on December 16, 2016 and that certain provisions expired on December 16, 2021, but Westlands Defendants deny that the WIIN Act in its entirety expired on December 16, 2021.

132.    Paragraph 132 consists of Plaintiffs' characterizations of the WIIN Act, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found in the cited section of the WIIN Act, but note that the section 4013 of the WIIN Act states that "[t]his subtitle shall expire on the date that is 5 years after the date of its enactment, with the exception of—(1) section 4004, which shall expire 10 years after the date of its enactment; and (2) projects under construction in sections 4007, 4009(a), and 4009(c)," and accordingly deny each and every remaining allegation in Paragraph 132.

133.    Paragraph 133 consists of Plaintiffs' characterizations of the WIIN Act, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found in the cited section of the WIIN Act, but note that section 4013 of the WIIN Act states that "[t]his subtitle shall expire on the date that is 5 years after the date of its enactment, with the exception of—(1) section 4004, which shall expire 10 years after the date of its enactment; and (2) projects under construction in sections 4007, 4009(a), and 4009(c)," and accordingly deny each and every remaining allegation in Paragraph 133.

134.    Paragraph 134 consists of Plaintiffs' characterizations of the WIIN Act, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language appears in the cited sections of the WIIN Act and the U.S.C. Westlands Defendants deny each and every remaining allegation in Paragraph 134.

135.    Paragraph 135 consists of Plaintiffs' characterizations of federal statutes, which speak for themselves, thus no response is required. To the extent a response is deemed to be required,

- 18 -

Westlands Defendants admit that the quoted language appears in the cited statutory section. Westlands Defendants deny each and every remaining allegation in Paragraph 135.

136.    Paragraph 136 consists of Plaintiffs' characterizations of the WIIN Act and Reclamation law, which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 136.

137.    Paragraph 137 consists of Plaintiffs' characterizations of the WIIN Act, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found in the cited sections of the WIIN Act. Westlands Defendants deny each and every remaining allegation in Paragraph 137.

138.    The first sentence of Paragraph 138 consists of Plaintiffs' characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands denies the allegations in the first sentence of Paragraph 138. The second and third sentences of Paragraph 138 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in the second and third sentences of Paragraph 138.

## RESPONSES TO CLAIMS FOR RELIEF

## II.    RESPONSES TO FIRST CLAIM FOR RELIEF

139.    Westlands Defendants incorporate their responses from Paragraphs 1 through 138 as though fully set forth herein.

140.    Paragraph 140 is comprised of Plaintiffs' characterizations of NEPA, constituting conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants each and every allegation in the first sentence of Paragraph 140. Westlands Defendants are without sufficient information to admit or deny the allegations contained in the second and third sentences of Paragraph 140, and on that basis deny said allegations.

141.    Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 141, and on that basis deny said allegations.

142.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 142, and on that basis deny said allegations.

143.     With regard to the first sentence of Paragraph 143, Westlands Defendants admit that, with the exception of Westlands Water District Financing Corporation, they are parties to various valid repayment contracts executed with Reclamation. Westlands Defendants are without sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 143, and on that basis deny said allegations. With regard to the third sentence of Paragraph 143, Westlands Defendants admit Westlands Water Distribution District No. 1 and Westlands Water Distribution District No. 2 executed with Reclamation four contracts that converted their prior water service contracts to repayment contracts on May 29, 2020.

144.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 144, and on that basis deny said allegations.

145.     Paragraph 145 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny Plaintiffs' allegations.

146.     Paragraph 146 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants each and every allegation in Paragraph 146.

147.     Paragraph 147 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the Delta is part of one of the largest estuaries in the United States, that it supplies freshwater, and that it supplies irrigation water. Westlands Defendants deny each and every remaining allegation in Paragraph 147.

148.     Paragraph 148 consists of conclusions of law regarding the cited sections of the Code of Federal Regulations and Ninth Circuit decisions, each of which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the terms quoted are found in the cited section of the C.F.R. Westlands Defendants deny Plaintiffs' characterizations of *Ocean Advocates v. U.S. Army Corps of Engineers*, 402 F.3d 846,

865 (9th Cir. 2005), which was published in 2005, not 2004. Paragraph 148 alleges that "*any* one" (emphasis original) of ten sub-factors "is sufficient to require an EIS." In fact, the *Ocean Advocates* court provided: "We have held that one of these factors *may be* sufficient to require preparation of an EIS in *appropriate circumstances*." *Ocean Advocs.*, 402 F.3d at 865 (emphases added). Westlands Defendants deny each and every remaining allegation in Paragraph 148.

149.    Paragraph 149 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that under the WIIN Act, Reclamation lacks discretion to decline to convert an existing water service contract into a repayment contract upon the request of a contractor. Westlands Defendants deny each and every remaining allegation in Paragraph 149.

150.    Westlands denies the first two sentences of Paragraph 150. The remaining portion of Paragraph 150 consists of citations to cases, each of which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found in the cited case. Westlands Defendants deny each and every remaining allegation in Paragraph 150.

151.    Paragraph 151 consists of citations to cases and federal statutes, each of which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language cited from the case *Stand Up for California*—not to include Plaintiffs' edits—is found in that case. However, Plaintiffs' quotations to *Westlands Water Dist. v. Nat. Res. Def. Council*, 43 F.3d 457, 460 (9th Cir. 1994), are inaccurate, and Westlands Defendants therefore deny Plaintiffs' allegations relating to this case. Westlands Defendants admit that the quoted language in the seventh sentence is found in the cited section of the WIIN Act ((a)(2), not (a)(1)). Westlands Defendants deny each and every remaining allegation in Paragraph 151.

152.    Paragraph 152 consists of Plaintiffs' citation to the case *Stand Up for California*, which speaks for itself, thus no response is required. To the extent a response is deemed to be required,

- 21 -

Westlands Defendants admit that the cited language from *Stand Up for California* appears in the decision. Westlands Defendants deny each and every remaining allegation in Paragraph 152.

153.     Paragraph 153 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny Plaintiffs' allegations.

154.     Paragraph 154 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny Plaintiffs' allegations.

**I.      RESPONSES TO SECOND CLAIM FOR RELIEF (CVPIA)**

155.     Westlands Defendants incorporate their responses from Paragraphs 1 through 154 as though fully set forth herein.

156.     The first two sentences of Paragraph 156 consist of Plaintiffs' characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found in the cited sections of the CVPIA. Westlands Defendants deny each and every remaining allegation in the first two sentences of Paragraph 156.

157.     The first sentence of Paragraph 157 consists of Plaintiffs' characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants deny that the citation to CVPIA § 3404(c) is accurate, and on that basis deny any allegations therefrom. Westlands Defendants deny each and every allegation in Paragraph 157.

158.     Paragraph 158 consists of conclusions of law regarding the WIIN Act and the CVPIA, federal statutes which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found in the cited section of the WIIN Act. Westlands Defendants deny each and every remaining allegation in Paragraph 158.

159.	Paragraph 159 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation in Paragraph 159.

## II.	RESPONSES TO THIRD CLAIM FOR RELIEF (43 U.S.C. §§ 423e, 511)

160.	Westlands Defendants incorporate their responses from Paragraphs 1 through 159 as though fully set forth herein.

161.	Paragraph 151 consists of Plaintiffs' characterization of 43 U.S.C. § 511, a federal statute that speaks for itself, thus no responses is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language is found in the cited section of the U.S.C. Westlands Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 161, and on that basis deny said allegations.

162.	Paragraph 162 consists of Plaintiffs' characterization of 43 U.S.C. § 423e, a federal statute that speaks for itself, thus no response is required. To the extent a response is deemed to be required, Plaintiffs misquote the section of the U.S.C. cited in Paragraph 162, an on that basis, Westlands Defendants deny the allegations contained in Paragraph 162.

163.	Paragraph 163 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 163, and on that basis deny said allegations.

164.	Paragraph 164 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that Westlands Water District filed a Complaint for Validation Judgment and a Motion for Validation of Contract in Fresno County Superior Court, and that the Superior Court denied the Motion for Validation of Contract by a Minute Order filed March 16, 2020, and deny each and every remaining allegation of Paragraph 164.

- 23 -

165.     Paragraph 165 consists of Plaintiffs' characterization of an order from the Fresno County Superior Court, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit the quoted language appears in the court order, notwithstanding bracketed changes, and deny each and every remaining allegation in Paragraph 165.

166.     Paragraph 166 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation of Paragraph 166.

167.     Paragraph 167 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation of Paragraph 167.

168.     Paragraph 168 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation of Paragraph 168.

169.     Paragraph 169 consists of Plaintiffs' conclusions of law and citation to the case *Barcellos & Wolfsen, Inc. v. Westlands Water Dist.*, 491 F. Supp. 263, (E.D. Cal. 1980) which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language appears in the cited section of *Barcellos & Wolfsen, Inc.*, and deny each and every remaining allegation in Paragraph 169.

170.     Westlands Defendants admit that on May 26, 2020, Westlands' General Manager Thomas Birmingham sent a letter to Ernest Conant, Regional Director of the Bureau of Reclamation. Paragraph 176 consists of Plaintiffs' characterization of the May 26, 2020 letter, which speaks for itself, thus no further response is required. To the extent a further response is deemed to be required, Westlands Defendants deny each and every remaining allegation of Paragraph 170, except as admitted in Westlands Defendants' response to Paragraph 171, set forth below and incorporated here by reference.

- 24 -

171.     Paragraph 171 consists of Plaintiffs' further characterizations of the May 26, 2020 letter from Mr. Birmingham to Mr. Conant, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language appears in the May 26, 2020 letter, and deny each and every remaining allegation in Paragraph 171.

172.     Paragraph 172 consists of Plaintiffs' further characterizations of the May 26, 2020 letter from Mr. Birmingham to Mr. Conant, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation of Paragraph 172.

173.     Westlands Defendants deny each and every allegation in Paragraph 173, except to admit that the quoted language appears in the May 26, 2020 letter.

174.     Paragraph 174 consists of Plaintiffs' further characterizations of the May 26, 2020 letter from Mr. Birmingham to Mr. Conant, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation of Paragraph 174.

175.     Paragraph 175 consists of Plaintiffs' further characterizations of the May 26, 2020 letter from Mr. Birmingham to Mr. Conant, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language appears in the May 28, 2020 letter. Westlands Defendants deny each and every remaining allegation of Paragraph 175.

176.     Westlands Defendants deny each and every allegation in Paragraph of 176, except to admit that the quoted language appears in the May 28, 2020 letter.

177.     Westlands Defendants deny each and every allegation of Paragraph in 177, except to admit that the quoted language appears in the May 28, 2020 letter.

178.     Westlands Defendants admit that Westlands Water District filed a Renewed Motion for Validation Judgment in Fresno County Superior Court on September 17, 2021, and that the Fresno County Superior Court issued a Minute Order adopting its tentative ruling on the motion on October

- 25 -

26, 2021. Paragraph 178 consists of Plaintiffs' characterizations of the Minute Order, which speaks for itself, thus no further response is required. To the extent a further response is deemed to be required, Westlands Defendants admit that the quoted language appears in the October 26, 2021 Tentative Ruling, and deny each and every remaining allegation in Paragraph 178.

179.    Westlands Defendants admit Westlands Water Distribution District No. 1 and Westlands Water Distribution District No 2 filed Complaints for Validation Judgement in Fresno County Superior Court on March 18, 2020, that each distribution districts filed Motions for Entry of Validation Judgment on September 24, 2021, and that the Fresno County Superior Court issued a Minute Order adopting its tentative ruling on the motions on November 5, 2021. Paragraph 179 consists of Plaintiffs' characterizations of the Minute Order, which speaks for itself, thus no further response is required. To the extent a further response is deemed to be required, Westlands Defendants admit that the quoted language appears in that court's October 25, 2021 Tentative Rulings, and deny each and every remaining allegation in Paragraph 179.

180.    Paragraph 180 is comprised of Plaintiffs' characterizations of 5 U.S.C. § 706, a federal statute which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that, with the exception of Westlands Water District Financing Corporation, they are parties to various valid repayment contracts executed with Reclamation, and deny each and every allegation in Paragraph 180.

181.    Paragraph 181 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the repayment contract between the United States and Westlands Water District was executed on February 28, 2020, with an effective date of June 1, 2020, and the United States subsequently executed repayment contracts with Westlands Water Distribution District No. 1 and Westland Water Distribution District No. 2, which subsequently became effective, and deny each and every remaining allegation in Paragraph 181.

182.     Paragraph 182 is comprised of legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that, with the exception of Westlands Water District Financing Corporation, they are parties to various valid repayment contracts executed with Reclamation, and deny each and every remaining allegation in Paragraph 182.

183.     Westlands Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 183, and on that basis deny said allegations.

### III.     RESPONSES TO FOURTH CLAIM FOR RELIEF (RECLAMATION LAW)

184.     Westlands Defendants incorporate their responses from Paragraphs 1 through 183 as though fully set forth herein.

185.     Paragraph 185 is comprised of Plaintiffs' characterizations of federal regulations, which speak for themselves, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that quoted language appears in the cited regulations, and deny each and every allegation of Paragraph 185.

186.     Westlands Defendants deny each and every allegation contained in Paragraph 186.

187.     Westlands Defendants deny each and every allegation contained in Paragraph 187.

188.     Westlands Defendants deny each and every allegation contained in Paragraph 188.

189.     Paragraph 189 is comprised of Plaintiffs' legal conclusions and characterizations of a federal statute, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants admit that the quoted language appears in the cited statute, and deny each and every remaining allegation of Paragraph 189.

190.     Paragraph 190 is comprised of Plaintiffs' legal conclusions and characterizations of the CVPIA, which speaks for itself, thus no response is required. To the extent a response is deemed to be required, Westlands Defendants deny each and every allegation of Paragraph 190.

1    191.    Paragraph 191 is comprised of legal conclusions to which no response is required. To

2    the extent a response is deemed to be required, Westlands Defendants deny each and every

3    allegation of Paragraph 191.

4    192.    Paragraph 192 is comprised of legal conclusions to which no response is required. To

5    the extent a response is deemed to be required, Westlands Defendants deny each and every

6    allegation of Paragraph 192.

7                        **RESPONSE TO PRAYER FOR RELIEF**

8        Westlands Defendants deny that Plaintiffs are entitled to any of the relief that they seek in

9    their Prayer for Relief, or any relief whatsoever.

10                            **AFFIRMATIVE DEFENSES**

11       Westlands Defendants allege the following affirmative defenses as applicable to any and

12   all of Plaintiffs' claims for relief. Westlands Defendants do not assume the burden of proof on

13   any issues for which the burden of proof is on the Plaintiffs.

14                        **FIRST AFFIRMATIVE DEFENSE**

15                            (Failure to State a Claim)

16       As for a First Affirmative Defense, Westlands Defendants allege that the TASC fails to state

17   a claim upon which relief can be granted.

18                       **SECOND AFFIRMATIVE DEFENSE**

19                                (Laches)

20       As for a Second Affirmative Defense, Westlands Defendants allege that the TASC, either

21   in whole or in part, is barred by the doctrine of laches.

22

23

24

25

26

- 28 -

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As for a Third Affirmative Defense, Westlands Defendants allege that Plaintiffs have failed to exhaust the required administrative remedies necessary in order to prevail upon any of the causes of action alleged in the TASC.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

As for a Fourth Affirmative Defense, Westlands Defendants allege that Plaintiffs, by their acts and omissions and otherwise, are estopped from asserting the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

As for a Fifth Affirmative Defense, Westlands Defendants allege that Federal law does not authorize a private right of action against Federal Defendants in this matter.

## SIXTH AFFIRMATIVE DEFENSE

### (Impairment of Contract)

As for a Sixth Affirmative Defense, Westlands Defendants allege that the relief Plaintiffs seek is unlawful because it would result in an impairment of Defendants' contracts.

## SEVENTH AFFIRMATIVE DEFENSE

### (Vagueness)

As for a Seventh Affirmative Defense, Westlands Defendants allege that Plaintiffs' claims for relief as pled in the Complaint are vague and uncertain.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As for an Eighth Affirmative Defense, Westlands Defendants allege that Plaintiffs' claims are barred by principles of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Rescission as an Improper Remedy)

As for a Ninth Affirmative Defense, Westlands Defendants allege that Plaintiffs' claims seeking rescission is barred by applicable law.

## RESERVATION OF RIGHT

Westlands Defendants reserve the right to assert additional affirmative defenses should they become aware of any such additional defenses during the course of discovery in this action.

## <u>CONCLUSION</u>

WHEREFORE, Westlands Defendants respectfully request that the Court deny all of Plaintiffs' requests for relief, dismiss the TASC with prejudice, award Westlands Defendants their costs and attorneys' fees to the extent provided for by law, and grant Westlands Defendants such other relief as the Court deems appropriate.

Dated: January 12, 2022

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
MARK C. SMITH
ORRICK, HERRINGTON & SUTCLIFFE LLP


_____/s/ Cynthia J. Larsen_____
CYNTHIA J. LARSEN
*Attorneys for Intervenor Defendant Westlands*
*Water District, and Defendants Westlands Water*
*District Distribution District No. 1, Westlands*
*Water District Distribution District No. 2, and*
*Westlands Water District Financing*
*Corporation*

- 30 -

4159-5957-3300