Thomas M. Berliner (SBN 83256)
Jolie-Anne S. Ansley (SBN 221526)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: 415 957 3000
Facsimile: 415 957 3001
E-mail:     tmberliner@duanemorris.com
                jsansley@duanemorris.com

Attorneys for Intervenor-Defendant
SAN LUIS WATER DISTRICT

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., and INSTITUTE FOR FISHERIES RESOURCES,<br><br>             Plaintiffs,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>             Defendants,<br><br>WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, and PANOCHE WATER DISTRICT,<br><br>             Intervenor-Defendants. | Case No. 1:16-cv-00307-DAD-SKO<br><br>**INTERVENOR-DEFENDANT SAN LUIS WATER DISTRICT'S ANSWER AND JOINDER IN ANSWER OF INTERVENOR-DEFENDANT AND DEFENDANTS WESTLANDS WATER DISTRICT, ET AL. TO THIRD AMENDED AND SUPPLEMENTAL COMPLAINT** |

On December 1, 2021, Plaintiffs North Coast Rivers Alliance, California Sportfishing

Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab

Board Owners Association, Inc., and Institute for Fisheries Resources (collectively "Plaintiffs") filed

a Third Amended and Supplemental Complaint for Declaratory and Injunctive Relief ("TASC").

In response to the TASC prepared by the Plaintiffs, the North Coast Rivers Alliance, California Sportfishing Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab Boat Owners Association, Inc., and Institute for Fisheries Resources, Intervenor-Defendant San Luis Water District (hereinafter "SLWD") hereby joins in the "Answer" to the TASC filed by the Intervenor-Defendant and Defendants Westlands Water District, et al. ("Westlands Defendants"), except for those responses particular to the SLWD and not Westlands Defendants. Responses particular to the SLWD are set forth below.

**ANSWER**

Pursuant to Federal Rules of Civil Procedure, Rule 7(a)(2), Defendant SLWD enters and asserts defenses to each numbered paragraph of TASC particular to it aside from the answers set forth in the "Answer" herein of Westlands Defendants, in which SLWD otherwise joins. Any allegations express or implied, not otherwise expressly admitted, denied or qualified, are hereby denied.

19. The first sentence of Paragraph 19 is comprised of a legal conclusion to which no response is required. To the extent a response is required, SLWD admits that the TASC was filed December 1, 2021, and denies each and every remaining allegation in the first sentence of Paragraph 19. The second and third sentences of Paragraph 19 are comprised of allegations regarding Plaintiffs' previous claims for relief, which the Court dismissed as moot without prejudice, and to which no response is required. To the extent a response is deemed to be required, SLWD admits that Reclamation approved the 2016 interim contracts on or about February 29, 2016 and that Reclamation signed the updated Finding of No Significant Impact ("FONSI") thereon based on a revised Environmental Assessment ("EA") on May 31, 2017. SLWD is without sufficient information to admit or deny the remaining allegations contained in the second and third sentences of Paragraph 19, and on that basis denies said allegations. With regard to the fourth and final sentence of Paragraph 19, SLWD admits that the repayment contract between the United States and SLWD was executed on December 28, 2020 with an effective date of January 1, 2021. SLWD is without sufficient information to admit or deny the remaining allegations contained in the fourth sentence of Paragraph 19, and on that basis denies said allegations.

38.     SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 38, and on that basis denies said allegations.

102.    SLWD admits the allegations of Paragraph 102, except SLWD denies that the repayment contract was executed on or about December 18, 2021.  SLWD admits that the repayment contract between the United States and SLWD was executed on December 28, 2020 with an effective date of January 1, 2021.

104.    SLWD admits that it is a party to a repayment contract with Reclamation executed on December 28, 2020, which became effective on January 1, 2021.  SLWD is without sufficient information to admit or deny allegations regarding repayment contracts between Reclamation and Westlands Water District or Panoche Water District, and on that basis denies said allegations, and denies each and every remaining allegation in Paragraph 104.

143.    SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 143, and on that basis denies said allegations.

144.    SLWD admits that it participated in meetings with Reclamation and other contractors in 2020.  SLWD is without sufficient information to admit or deny the remaining allegations contained in Paragraph 144, and on that basis denies said allegations.

164.    SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 164, and on that basis denies said allegations.

165.    Paragraph 165 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 165, and on that basis denies said allegations.

166.    Paragraph 166 consists of conclusions of law to which no response is required.  To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 166, and on that basis denies said allegations.

167.    Paragraph 167 consists of conclusions of law to which no response is required.  To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 167, and on that basis denies said allegations.

168.    Paragraph 168 consists of conclusions of law to which no response is required.  To

the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 168, and on that basis denies said allegations.

169. Paragraph 169 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 169, and on that basis denies said allegations.

170. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 170, and on that basis denies said allegations.

171. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 171, and on that basis denies said allegations.

172. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 172, and on that basis denies said allegations.

173. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 173, and on that basis denies said allegations.

174. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 174, and on that basis denies said allegations.

175. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 175, and on that basis denies said allegations.

176. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 176, and on that basis denies said allegations.

177. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 177, and on that basis denies said allegations.

178. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 178, and on that basis denies said allegations.

179. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 179, and on that basis denies said allegations.

180. Paragraph 180 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 180, and on that basis denies said allegations.

181. Paragraph 181 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, San Luis Water District is without sufficient information to admit or deny the allegations contained in Paragraph 181, and on that basis denies said allegations.

182. Paragraph 182 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 182, and on that basis denies said allegations.

183. SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 183, and on that basis denies said allegations.

184. SLWD's responses in its Answer are incorporated herein as this paragraph incorporates generally all prior allegations.

185. Paragraph 185 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD admits that the quoted language appears in the cited regulation, but otherwise SLWD is without sufficient information to admit or deny the remaining allegations contained in Paragraph 185, and on that basis denies said allegations.

186. Paragraph 186 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 186, and on that basis denies said allegations.

187. Paragraph 187 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 187, and on that basis denies said allegations.

188. Paragraph 188 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 188, and on that basis denies said allegations.

189. Paragraph 189 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD admits that the quoted language appears in the cited statute but otherwise SLWD is without sufficient information to admit or deny the remaining allegations contained in Paragraph 189, and on that basis denies said allegations.

190. Paragraph 190 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 190, and on that basis denies said allegations.

191. Paragraph 191 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in Paragraph 191, and on that basis denies said allegations.

192. The first sentence of Paragraph 192 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD is without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 192, and on that basis denies said allegations. The second sentence of Paragraph 192 consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, SLWD denies each and every allegation in the second sentence of paragraph 192.

For all of the reasons articulated herein and in the "ANSWER" to the TASC filed herein by the Westlands Defendants, Intervenor-Defendant SLWD joins in the "ANSWER" to the TASC filed herein by the Westlands Defendants.

Dated: January 12, 2022

**DUANE MORRIS LLP**

By: _____
Thomas M. Berliner
Jolie-Anne S. Ansley
Attorneys for Intervenor-Defendant
SAN LUIS WATER DISTRICT