1   ELIZABETH P. EWENS (SB #213046)
    elizabeth.ewens@stoel.com
2   KRISTEN T. CASTAÑOS (SB #198672)
    kristen.castanos@stoel.com
3   STOEL RIVES LLP
    500 Capitol Mall, Suite 1600
4   Sacramento, CA  95814
    Telephone:  916.447.0700
5   Facsimile:  916.447.4781

6   Attorneys for Defendant
    SAN JUAN WATER DISTRICT
7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                          FRESNO DIVISION

11

12   NORTH COAST RIVERS ALLIANCE,          Case No. 16-cv-307-DAD-SKO
     CALIFORNIA SPORTFISHING
     PROTECTION ALLIANCE, PACIFIC         **DEFENDANT SAN JUAN WATER**
13   COAST FEDERATION OF FISHERMEN'S      **DISTRICT'S ANSWER TO THIRD**
     ASSOCIATIONS, SAN FRANCISCO CRAB     **AMENDED AND SUPPLEMENTAL**
14   BOAT OWNERS ASSOCIATION, INC., and   **COMPLAINT FOR DECLARATORY**
     INSTITUTE FOR FISHERIES RESOURCES,   **AND INJUNCTIVE RELIEF**
15
                    Plaintiffs,
16
         v.
17
     UNITED STATES DEPARTMENT OF THE
18   INTERIOR, UNITED STATES BUREAU OF
     RECLAMATION, CITY OF FOLSOM; CITY
19   OF ROSEVILLE; EAST BAY MUNICIPAL
     UTILITY DISTRICT; PLACER COUNTY
20   WATER AGENCY; SACRAMENTO
     COUNTY WATER AGENCY;
21   SACRAMENTO MUNICIPAL UTILITY
     DISTRICT; SAN JUAN WATER DISTRICT;
22   WESTLANDS WATER DISTRICT
     DISTRIBUTION DISTRICT NO. 1;
23   WESTLANDS WATER DISTRICT
     DISTRIBUTION DISTRICT NO. 2;
24   WESTLANDS WATER DISTRICT
     FINANCING CORPORATION; CITY OF
25   WEST SACRAMENTO; CITY OF SHASTA
     LAKE; MOUNTAIN GATE COMMUNITY
26   SERVICES DISTRICT; SHASTA
     COMMUNITY SERVICES DISTRICT;
27   SHASTA COUNTY WATER AGENCY;
     CITY OF REDDING; 4-M WATER
28   DISTRICT; BELLA VISTA WATER

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -1-                 16-CV-307-DAD-SKO

114196345.4 0075802-00002

1    DISTRICT; COLUSA COUNTY WATER
        DISTRICT; CORNING WATER DISTRICT;
2    CORTINA WATER DISTRICT; DUNNIGAN
        WATER DISTRICT; GLIDE WATER
3    DISTRICT; KANAWHA WATER DISTRICT;
        LA GRANDE WATER DISTRICT; STONY
4    CREEK WATER DISTRICT; CENTERVILLE
        COMMUNITY SERVICES DISTRICT;
5    CENTRAL SAN JOAQUIN WATER
        CONSERVATION DISTRICT; DAVIS
6    WATER DISTRICT; DEL PUERTO WATER
        DISTRICT; GLENN VALLEY WATER
7    DISTRICT; MYERS-MARSH MUTUAL
        WATER COMPANY; ORLAND-ARTOIS
8    WATER DISTRICT; STOCKTON EAST
        WATER DISTRICT; WESTSIDE WATER
9    DISTRICT; BANTA-CARBONA
        IRRIGATION DISTRICT; BYRON
10   BETHANY IRRIGATION DISTRICT;
        EAGLE FIELD WATER DISTRICT;
11   FRESNO SLOUGH WATER DISTRICT;
        HOLTHOUSE WATER DISTRICT; JAMES
12   IRRIGATION DISTRICT; PROBERTA
        WATER DISTRICT; RECLAMATION
13   DISTRICT 1606; THE WEST SIDE
        IRRIGATION DISTRICT; TRANQUILITY
14   IRRIGATION DISTRICT; WEST
        STANISLAUS IRRIGATION DISTRICT;
15   PATTERSON IRRIGATION DISTRICT;
        TRANQUILITY PUBLIC UTILITY
16   DISTRICT; CLEAR CREEK COMMUNITY
        SERVICES DISTRICT; CONTRA COSTA
17   WATER DISTRICT; PACHECO WATER
        DISTRICT; COUNTY OF COLUSA; EL
18   DORADO IRRIGATION DISTRICT; CITY
        OF AVENAL; CITY OF COALINGA; CITY
19   OF HURON; SAN BENITO COUNTY
        WATER DISTRICT; MERCY SPRINGS
20   WATER DISTRICT; CITY OF LINDSAY;
        CITY OF ORANGE COVE; CITY OF
21   TRACY; COUNTY OF FRESNO; COUNTY
        OF MADERA; COUNTY OF TULARE;
22   HILLS VALLEY IRRIGATION DISTRICT;
        INTERNATIONAL WATER DISTRICT;
23   KERN-TULARE WATER DISTRICT;
        LAGUNA WATER DISTRICT; LOWER
24   TULE RIVER IRRIGATION DISTRICT;
        PIXLEY IRRIGATION DISTRICT; THE
25   COELHO FAMILY TRUST; and TRI
        VALLEY WATER DISTRICT,
26

                      Defendants,

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT       -2-       16-CV-307-DAD-SKO

114196345.4 0075802-00002

1  WESTLANDS WATER DISTRICT, SAN
   LUIS WATER DISTRICT, and PANOCHE
2  WATER DISTRICT,

3           Intervenor-Defendants.

4

5           Answering the Third Amended and Supplemental Complaint ("TASC") of Plaintiffs

6  NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION

7  ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN

8  FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., and INSTITUTE FOR

9  FISHERIES RESOURCES ("Plaintiffs"), Defendant, SAN JUAN WATER DISTRICT

10 ("Defendant") admits, denies, and alleges as set forth herein. Any allegations, express or implied,

11 that are not expressly admitted, denied, or qualified are hereby denied.

12                              **<u>INTRODUCTION</u>**

13         1.      Paragraph 1 contains Plaintiffs' characterization of this action and conclusions of

14 law to which no response is required. To the extent a response is required, Defendant admits that

15 Plaintiffs have sued UNITED STATES DEPARTMENT OF THE INTERIOR and UNITED

16 STATES BUREAU OF RECLAMATION (collectively, "Reclamation") for alleged violations of

17 the National Environmental Policy Act ("NEPA") and the Central Valley Project Improvement Act

18 ("CVPIA") and have challenged decisions by Reclamation under the Administrative Procedure Act

19 ("APA"). Defendant denies the remaining allegations in Paragraph 1.

20         2.      Paragraph 2 contains Plaintiffs' characterization of their previous claims for relief,

21 which the Court dismissed as moot without prejudice (Dkt. 151), and previous allegations, to which

22 no response is required. To the extent a response is required, Defendant denies Plaintiffs' previous

23 allegations.

24         3.      Paragraph 3 is comprised of Plaintiffs' characterizations of this Court's Order

25 Granting Motions to Dismiss First Claim for Relief as Moot Without Prejudice and Granting

26 Motion to Compel Joinder of Absent Contractors filed November 1, 2021 (Dkt. 151), which speaks

27 for itself, and therefore requires no response. To the extent a response is required, Defendant admits

28 that this Court previously issued an order dismissing Plaintiffs' First Claim for Relief as moot and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -3-                    16-CV-307-DAD-SKO
114196345.4 0075802-00002

without prejudice. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 3, and on this basis denies these allegations.

4.     Paragraph 4 contains Plaintiffs' characterization of the TASC and their previous, dismissed claim to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs have filed this TASC, and deny the remaining allegations in Paragraph 4.

5.     Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.     Paragraph 6 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7.     Paragraph 7 contains Plaintiffs' characterization of the TASC to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

8.     Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that it has been named and joined as a defendant in this action, but Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 8, and on this basis denies these allegations.

9.     Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10.     Paragraph 10 contains conclusions of law and/or Plaintiffs' characterization of 43 United States Code ("U.S.C.") §§ 423e and 511, which speak for themselves, and therefore requires no response. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.     Paragraph 11 contains conclusions of law and/or Plaintiffs' characterization of 43 C.F.R. §§ 426.22(b) and (d), which speak for themselves, and therefore requires no response. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.     Paragraph 12 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.     Paragraph 13 contains conclusions of law and/or Plaintiffs' characterization of the CVPIA, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -4-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

14.     Paragraph 14 contains conclusions of law to which no response is required. To the extent a response is required, Defendant is without information sufficient to admit or deny the allegations in Paragraph 14 and on this basis denies these allegations.

15.     Defendant denies the allegations in Paragraph 15.

**JURISDICTION AND VENUE**

16.     Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17.     Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, Defendant does not dispute that venue is proper in this Court. Defendant denies the remaining allegations in Paragraph 17.

18.     Paragraph 18 contains conclusions of law to which no response is required. To the extent a response is required, Defendant does not dispute that Plaintiffs have alleged a justiciable controversy between the parties. Defendant denies the remaining allegation in Paragraph 18.

19.     The first sentence in Paragraph 19 contains conclusions of law to which no response is required. To the extent a response is required to the first sentence of Paragraph 19, Defendant is without sufficient information to admit or deny these allegations, and on this basis denies these allegations. Defendant admits that the Court dismissed Plaintiffs' previous claims for relief as moot. Defendant is without sufficient information to admit or deny the remaining allegations in the second and third sentences of Paragraph 19 and on that basis denies the remaining allegations in the second and third sentences of Paragraph 19. As to the final sentence of Paragraph 19, Defendant admits that the repayment contract between the United States and Defendant was executed on February 28, 2020, with an effective date of March 1, 2020. Defendant is without sufficient information to admit or deny Plaintiffs' allegations regarding Reclamation's repayment contracts with other contractors named in the TASC, and on this basis denies these allegations.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 19.

20.     Defendant denies the first four sentences of Paragraph 20. The remaining allegations in Paragraph 20 contain conclusions of law and/or Plaintiffs' characterization of NEPA and the CVPIA, which speak for themselves, and therefore require no response. To the extent a response is

required, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 20, and on this basis denies these allegations.

21.    Paragraph 21 contains conclusions of law and characterizations of NEPA, the CVPIA, Reclamation Law, and Ninth Circuit cases, which speak for themselves, and therefore requires no response.   To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 21, and on this basis denies these allegations.

22.    To the extent Paragraph 22 contains conclusions of law, no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 22, and on this basis denies these allegations.

23.    To the extent Paragraph 23 contains conclusions of law, no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 23, and on this basis denies these allegations.

**PARTIES**

24.    Defendant admits that Plaintiff NORTH COAST RIVER ALLIANCE is a plaintiff in this matter. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 24, and on this basis denies these allegations.

25.    Defendant admits that Plaintiff PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATION is a plaintiff in this matter. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 25, and on this basis denies these allegations.

26.    Defendant admits that Plaintiff SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., is a plaintiff in this matter. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 26, and on this basis denies these allegations.

27.    Defendant admits that Plaintiff INSTITUTE FOR FISHERIES RESOURCES is a plaintiff in this matter. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 27, and on this basis denies these allegations.

28.    Defendant admits that Plaintiff CALIFORNIA SPORTFISHING PROTECTION

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -6-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

ALLIANCE is a plaintiff in this matter. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 28, and on this basis denies these allegations.

29.     Paragraph 29 contains Plaintiffs' characterization of this action and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.     Defendant admits that UNITED STATES DEPARTMENT OF THE INTERIOR is a federal agency of the United States. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 30, and on this basis denies the remaining allegations in Paragraph 30.

31.     Defendant admits UNITED STATES BUREAU OF RECLAMATION is charged with the duty of managing the Central Valley Project.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 31, and on this basis denies the remaining allegations in Paragraph 31.

32.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 32, and on this basis denies these allegations.

33.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 33, and on this basis denies these allegations.

34.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 34, and on this basis denies these allegations.

35.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 35, and on this basis denies these allegations.

36.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 36, and on this basis denies these allegations.

37.     Defendant admits that it is a California public agency and that it is a party to a repayment contract with Reclamation. The remaining allegations in Paragraph 37 contain characterizations of the repayment contract, which speaks for itself, and therefore no response is required.  To the extent a response is required, Defendant denies the remainder of the allegations in Paragraph 37.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -7-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

38.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 38, and on this basis denies these allegations.

39.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 39, and on this basis denies these allegations.

40.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 40, and on this basis denies these allegations.

41.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 41, and on this basis denies these allegations.

42.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 42, and on this basis denies these allegations.

43.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 43, and on this basis denies these allegations.

44.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 44, and on this basis denies these allegations.

45.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 45, and on this basis denies these allegations.

46.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 46, and on this basis denies these allegations.

47.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 47, and on this basis denies these allegations.

48.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 48, and on this basis denies these allegations.

49.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 49, and on this basis denies these allegations.

50.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 50, and on this basis denies these allegations.

51.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 51, and on this basis denies these allegations.

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -8-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

52.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 52, and on this basis denies these allegations.

53.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 53, and on this basis denies these allegations.

54.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 54, and on this basis denies these allegations.

55.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 55, and on this basis denies these allegations.

56.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 56, and on this basis denies these allegations.

57.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 57, and on this basis denies these allegations.

58.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 58, and on this basis denies these allegations.

59.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 59, and on this basis denies these allegations.

60.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 60, and on this basis denies these allegations.

61.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 61, and on this basis denies these allegations.

62.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 62, and on this basis denies these allegations.

63.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 63, and on this basis denies these allegations.

64.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 64, and on this basis denies these allegations.

65.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 65, and on this basis denies these allegations.

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -9-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

66.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 66, and on this basis denies these allegations.

67.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 67, and on this basis denies these allegations.

68.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 68, and on this basis denies these allegations.

69.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 69, and on this basis denies these allegations.

70.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 70, and on this basis denies these allegations.

71.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 71, and on this basis denies these allegations.

72.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 72, and on this basis denies these allegations.

73.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 73, and on this basis denies these allegations.

74.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 74, and on this basis denies these allegations.

75.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 75, and on this basis denies these allegations.

76.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 76, and on this basis denies these allegations.

77.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 77, and on this basis denies these allegations.

78.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 78, and on this basis denies these allegations.

79.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 79, and on this basis denies these allegations.

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -10-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

80.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 80, and on this basis denies these allegations.

81.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 81, and on this basis denies these allegations.

82.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 82, and on this basis denies these allegations.

83.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 83, and on this basis denies these allegations.

84.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 84, and on this basis denies these allegations.

85.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 85, and on this basis denies these allegations.

86.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 86, and on this basis denies these allegations.

87.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 87, and on this basis denies these allegations.

88.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 88, and on this basis denies these allegations.

89.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 89, and on this basis denies these allegations.

90.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 90, and on this basis denies these allegations.

91.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 91, and on this basis denies these allegations.

92.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 92, and on this basis denies these allegations.

93.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 93, and on this basis denies these allegations.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT

-11-

16-CV-307-DAD-SKO

114196345.4 0075802-00002

94.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 94, and on this basis denies these allegations.

95.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 95, and on this basis denies these allegations.

96.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 96, and on this basis denies these allegations.

97.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 97, and on this basis denies these allegations.

98.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 98, and on this basis denies these allegations.

99.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 99, and on this basis denies these allegations.

100.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 100, and on this basis denies these allegations.

101.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 101, and on this basis denies these allegations.

102.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 102, and on this basis denies these allegations.

103.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 103, and on this basis denies these allegations.

104.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 104, and on this basis denies these allegations.

## **BACKGROUND**

### **I.     Environmental Setting**

105.     Defendant denies the first, second, ninth, tenth and eleventh sentences of Paragraph 105.  The remaining allegations in Paragraph 105 contain Plaintiffs' characterization of sections of the Federal Register, which speak for themselves, and therefore require no response. To the extent

/ / /

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT

-12-

16-CV-307-DAD-SKO

114196345.4 0075802-00002

1   a response is required, Defendant is without sufficient information to admit or deny the allegations

2   in Paragraph 105, and on this basis denies these allegations.

3       106.    Paragraph 106 contains Plaintiffs' characterization of a June 4, 2009 letter from the

4   National Marine Fisheries Service ("NMFS") to Reclamation, which speaks for itself, and therefore

5   requires no response.   To the extent a response is required, Defendant is without sufficient

6   information to admit or deny the allegations in Paragraph 106, and on this basis denies these

7   allegations.

8       107.    Paragraph 107 contains Plaintiffs' characterization of a December 15, 2008

9   Biological Opinion issued by the United States Fish and Wildlife Services ("FWS"), which speaks

10  for itself, and therefore requires no response. To the extent a response is required, Defendant is

11  without sufficient information to admit or deny the allegations in Paragraph 107, and on this basis

12  denies these allegations.

13      108.    Defendant denies the allegations in the second and fourth sentences of Paragraph

14  108. Defendant is without sufficient information to admit or deny the remaining allegations in

15  Paragraph 108, and on this basis denies these allegations.

16      109.    Defendant denies the allegations in Paragraph 109.

17      110.    Defendant denies the first sentence of Paragraph 110. The remainder of Paragraph

18  110 contains Plaintiffs' characterization of FWS's Biological Opinion for the 2016 interim

19  contracts, which speaks for itself, and therefore requires no response. To the extent a response is

20  required, Defendant is without sufficient information to admit or deny the remaining allegations in

21  Paragraph 110, and on this basis denies these allegations.

22                          **II.    CVPIA**

23      111.    Paragraph 111 contains Plaintiffs' characterization of the CVPIA, which speaks for

24  itself, and therefore requires no response. To the extent a response is required, Defendant is without

25  sufficient information to admit or deny the allegations in Paragraph 111, and on this basis denies

26  these allegations.

27      112.    Paragraph 112 contains Plaintiffs' characterization of the CVPIA, which speaks for

28  itself, and conclusions of law, and therefore requires no response. To the extent a response is

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -13-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

1  required, Defendant is without sufficient information to admit or deny the allegations in Paragraph
2  112, and on this basis denies these allegations.

3      113.    Paragraph 113 contains Plaintiffs' characterization of the CVPIA, which speaks for
4  itself, and conclusions of law, and therefore requires no response. To the extent a response is
5  required, Defendant is without sufficient information to admit or deny the allegations in Paragraph
6  113, and on this basis denies these allegations.

7  **III.    Short-Term Contract EAs**

8      114.    Paragraph 114 contains legal conclusions and Plaintiffs' characterization of the
9  CVPIA and the Ninth Circuit's Amended Memorandum of Decision in *Pacific Coast Federation*
10  *of Fishermen's Associations v. United States Department of Interior ("PCFFA")*, 655 Fed. Appx.
11  595, 598 (9th Cir. 2016), which speak for themselves, and therefore requires no response. To the
12  extent a response is required, Defendant is without sufficient information to admit or deny the
13  allegations in Paragraph 114, and on this basis denies these allegations.

14      115.    Paragraph 115 contains allegations relating to Plaintiffs' previous claims for relief,
15  which the Court dismissed as moot without prejudice, and therefore requires no response.  To the
16  extent a response is required, Defendant is without sufficient information to admit or deny the
17  allegations in Paragraph 115, and on this basis denies these allegations.

18      116.    Defendant admits that on March 4, 2016, Plaintiffs filed a complaint challenging
19  Reclamation's issuance of the 2016 Finding of No Significant Impact ("FONSI") and
20  Environmental Assessment ("EA").

21      117.    Paragraph 117 contains Plaintiffs' characterization of the Amended Memorandum
22  of Decisions in *PCFFA*, which speaks for itself, and therefore requires no response. To the extent
23  a response is required, Defendant is without sufficient information to admit or deny the allegations
24  in Paragraph 117, and on this basis denies these allegations in paragraph 117.

25      118.    Defendant is without sufficient information to admit or deny the allegations in
26  Paragraph 118, and on this basis denies these allegations.

27      119.    Defendant is without sufficient information to admit or deny the allegations in
28  Paragraph 119, and on this basis denies these allegations.

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT    -14-    16-CV-307-DAD-SKO

114196345.4 0075802-00002

120.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 120, and on this basis denies these allegations.

121.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 121, and on this basis denies these allegations.

122.    Paragraph 122 contains conclusions of law and/or Plaintiffs' characterizations of the 2016 EA and FONSI, which speak for themselves, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 122, and on this basis denies these allegations.

123.    Paragraph 123 contains conclusions of law and/or Plaintiffs' characterizations of the 2016 EA and FWS's 2016 Biological Opinion, which speak for themselves, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 123, and on this basis denies these allegations.

124.    Paragraph 124 contains conclusions of law and/or Plaintiffs' characterizations of the 2016 EA and Amended Memorandum of Decision in *PCFFA*, which speak for themselves, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 124, and on this basis denies these allegations.

125.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 125, and on this basis denies these allegations.

126.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 126, and on this basis denies these allegations.

127.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 127, and on this basis denies these allegations.

### IV.    Long-Term Contract Environmental Review

128.    Paragraph 128 contains conclusions of law and/or Plaintiffs' characterizations of the CVPIA, which speaks for itself, and therefore requires no response. To the extent a response is

/ / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -15-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

1    required, Defendant is without sufficient information to admit or deny the allegations in Paragraph

2    128, and on this basis denies these allegations.

3         129.    Paragraph 129 contains Plaintiffs' characterization of a "Programmatic

4    Environmental Impact Statement ("PEIS")," completed by Reclamation in October 1999, NEPA,

5    and the CVPIA, which speak for themselves, and therefore requires no response. To the extent a

6    response is required, Defendant is without sufficient information to admit or deny the allegations

7    in Paragraph 129, and on this basis denies these allegations.

8         130.    The first and second sentences of Paragraph 130 contain Plaintiffs' allegations

9    regarding "that NEPA review" and "the long-term contracts," respectively, which are both vague

10   references, and therefore require no response. The second sentence in Paragraph 130 also contains

11   conclusions of law and Plaintiffs' characterization of the CVPIA, which speaks for itself, and

12   therefore requires no response. To the extent a response is required, Defendant is without sufficient

13   information to admit or deny the allegations in Paragraph 130, and on this basis denies these

14   allegations. Defendant is without sufficient information to admit or deny the allegations in the final

15   sentence of Paragraph 130, and on that basis denies the allegations.

16                              **V.    The WIIN Act**

17        131.    Paragraph 131 contains a statement of law regarding the enactment and expiration

18   of the Water Infrastructure Improvement for the Nation Act ("WIIN Act") to which no response is

19   required. To the extent a response is required, Defendant admits that the WIIN Act was enacted

20   December 16, 2016.  Except as expressly admitted, Defendant denies the allegations in Paragraph

21   131.

22        132.    Paragraph 132 contains conclusions of law and/or Plaintiffs' characterization of the

23   WIIN Act, which speaks for itself, and therefore requires no response. To the extent a response is

24   required, Defendant is without sufficient information to admit or deny the allegations in Paragraph

25   132, and on this basis denies these allegations.

26        133.    Paragraph 133 contains conclusions of law and/or Plaintiffs' characterization of the

27   WIIN Act, which speaks for itself, and therefore requires no response. To the extent a response is

28   / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -16-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

1  required, Defendant is without sufficient information to admit or deny the allegations in Paragraph
2  133, and on this basis denies these allegations.

3        134.    Paragraph 134 contains conclusions of law and/or Plaintiffs' characterization of the
4  WIIN Act, which speaks for itself, and therefore requires no response. To the extent a response is
5  required, Defendant is without sufficient information to admit or deny the allegations in Paragraph
6  134, and on this basis denies these allegations.

7        135.    Paragraph 135 contains conclusions of law and/or Plaintiffs' characterization of a
8  federal statute, 43 U.S.C. §390mm, which speaks for itself, and therefore requires no response. To
9  the extent a response is required, Defendant is without sufficient information to admit or deny the
10  allegations in Paragraph 135, and on this basis denies these allegations.

11        136.    Paragraph 136 contains conclusions of law and/or Plaintiffs' characterization of the
12  WIIN Act and 43 U.S.C. §390mm, which speak for themselves, and therefore requires no response.
13  To the extent a response is required, Defendant is without sufficient information to admit or deny
14  the allegations in Paragraph 136, and on this basis denies these allegations.

15        137.    Paragraph 137 contains conclusions of law and/or Plaintiffs' characterization of the
16  WIIN Act, which speaks for itself, and therefore requires no response. To the extent a response is
17  required, Defendant is without sufficient information to admit or deny the allegations in Paragraph
18  137, and on this basis denies these allegations.

19        138.    Defendant denies the last sentence of Paragraph 138. The remaining allegations in
20  Paragraph 138 contain conclusions of law and/or Plaintiffs' characterization of the CVPIA and
21  NEPA, which speak for themselves, and therefore require no response. To the extent the remaining
22  allegations in Paragraph 138 require a response, Defendant is without sufficient information to
23  admit or deny the allegations, and on this basis denies these allegations.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -17-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

1

## FIRST CLAIM FOR RELIEF

2

### (Violation of National Environmental Policy Act –
### Failure to Prepare an EIS for Repayment Contracts)

3

4

### (Against All Defendants)

5       139.    Defendant incorporates its responses from Paragraphs 1 through 138 as though fully

6    set forth herein.

7       140.    The first sentence of Paragraph 140 contains conclusions of law and/or Plaintiffs'

8    characterization of NEPA, which speaks for itself, and therefore requires no response. To the extent

9    a response is required, Defendant denies the allegations in the first sentence of Paragraph 140.

10    Defendant is without sufficient information to admit or deny the allegations in the second and third

11    sentences of Paragraph 140, and on this basis denies these allegations.

12       141.    Defendant is without sufficient information to admit or deny the allegations in

13    Paragraph 141, and on this basis denies these allegations.

14       142.    Defendant is without sufficient information to admit or deny the allegations in

15    Paragraph 142, and on this basis denies these allegations.

16       143.    Defendant is without sufficient information to admit or deny the allegations in

17    Paragraph 143, and on this basis denies these allegations.

18       144.    Defendant admits that it is a party to a valid repayment contract with Reclamation.

19    Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph

20    144, and on this basis denies these allegations.

21       145.    Paragraph 145 contains conclusions of law to which no response is required. To the

22    extent a response is required, Defendants deny the allegations in Paragraph 145.

23       146.    Paragraph 146 contains conclusions of law to which no response is required. To the

24    extent a response is required, Defendants deny the allegations in Paragraph 146.

25       147.    Paragraph 147 contains conclusions of law to which no response is required. To the

26    extent a response is required, Defendants admit the Delta is an estuary of the West Coast of the

27    United States and that it supplies freshwater and irrigation water.  Defendant is without sufficient

28    / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                   -18-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

1    information to admit or deny the remaining allegations in Paragraph 147, and on this basis denies

2    these allegations.

3          148.    Paragraph 148 contains conclusions of law and Plaintiffs' characterization of federal

4    regulations and the Ninth Circuit's opinion in *Ocean Advocates v. U.S. Army Corps of Engineers*,

5    402 F.3d 846, 865 (9th Cir. 2004), which speak for themselves, and therefore requires no response.

6    To the extent a response is required, Defendant is without sufficient information to admit or deny

7    the allegations in Paragraph 148, and on this basis denies these allegations.

8          149.    Paragraph 149 contains conclusions of law and/or Plaintiffs' characterization of the

9    WIIN Act and NEPA, which speak for themselves, and therefore requires no response. To the extent

10   a response is required, Defendant is without sufficient information to admit or deny the allegations

11   in Paragraph 149.

12         150.    The first and second sentences of Paragraph 150 contain Plaintiffs' characterization

13   of Reclamation's arguments, which speak for themselves, and therefore require no response. The

14   remaining sentences in Paragraph 150 contain conclusions of law and Plaintiffs' characterization

15   and citations to federal cases, which speak for themselves, and therefore require no response. To

16   the extent a response is required, Defendant is without sufficient information to admit or deny the

17   allegations in Paragraph 150, and on this basis denies these allegations.

18         151.    The first four sentences in Paragraph 151 contain Plaintiffs' characterization and

19   citations to federal cases, which speak for themselves, and therefore require no response. The last

20   sentence in Paragraph 151 contains conclusions of law and Plaintiffs' characterization of federal

21   law, which speak for themselves, and therefore requires no response. To the extent a response is

22   required, Defendant is without sufficient information to admit or deny the allegations in Paragraph

23   151, and on this basis denies these allegations.

24         152.    Paragraph 152 contains conclusions of law and/or Plaintiffs' characterization of a

25   Ninth Circuit case and the WIIN Act, which speak for themselves, and therefore requires no

26   response. To the extent a response is required, Defendant denies the allegations in Paragraph 152.

27         153.    Paragraph 153 contains conclusions of law and/or Plaintiffs' characterization of

28   / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -19-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

NEPA, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant denies the allegations in Paragraph 153.

154.    Paragraph 154 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 154.

## SECOND CLAIM FOR RELIEF

**(Violation of Central Valley Project Improvement Act –
Failure to Prepare an EIS for Repayment Contracts)**

**(Against All Defendants)**

155.    Defendant incorporates its responses from Paragraphs 1 through 154 as though fully set forth herein.

156.    Paragraph 156 contains conclusions of law and/or Plaintiffs' characterization of the CVPIA, Reclamation's 1999 Programmatic EIS, and NEPA, which speak for themselves, and therefore requires no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 156.

157.    The first sentence of Paragraph 157 contains Plaintiffs' characterization of the CVPIA, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in the first sentence, and on this basis denies these allegations. Defendant is without sufficient information to admit or deny the allegations in the second and third sentences of Paragraph 157, and on this basis denies these allegations.  Defendant denies the remaining allegations in Paragraph 157.

158.    Paragraph 158 contains conclusions of law and/or Plaintiffs' characterization of the WIIN Act and the CVPIA, which speak for themselves, and therefore requires no response. To the extent a response is required, Defendant denies the allegations in Paragraph 158.

159.    Paragraph 159 contains conclusions of law and/or Plaintiffs' characterization of the CVPIA and the APA, which speak for themselves, and therefore requires no response. To the extent a response is required, Defendant denies the allegations in Paragraph 159.

/ / /

/ / /

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                -20-                16-CV-307-DAD-SKO

114196345.4 0075802-00002

## THIRD CLAIM FOR RELIEF

### (Violation of 43 U.S.C. §§ 423e and 511 Requiring Validation Judgments for CVP Water Contracts)

### (Against Reclamation and Westlands Water District)

160.     Defendant incorporates its responses from Paragraphs 1 through 159 as though fully set forth herein.

161.     Paragraph 161 contains Plaintiffs' characterization of 43 U.S.C. § 511, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 161, and on this basis denies these allegations.

162.     Paragraph 162 contains Plaintiffs' characterization of 43 U.S.C. § 423e, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 162, and on this basis denies these allegations.

163.     The first sentence in Paragraph 163 contains conclusions of law to which no response is required. The remaining allegations in Paragraph 163 contain Plaintiffs' characterization of 43 U.S.C. § 511 and a Memorandum of the Office of the Solicitor dated July 9, 1984, which speak for themselves, and therefore require no response. To the extent the allegations in Paragraph 163 require a response, Defendant is without sufficient information to admit or deny the allegations in Paragraph 163, and on this basis denies these allegations.

164.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 164, and on this basis denies these allegations.

165.     Paragraph 165 contains Plaintiffs' characterization of the Honorable Alan Simpson's March 16, 2020 Minute Order, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 165, and on this basis denies these allegations.

166.     Paragraph 166 contains conclusions of law to which no response is required. To the

/ / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT

-21-

16-CV-307-DAD-SKO

114196345.4 0075802-00002

1    extent a response is required, Defendant is without sufficient information to admit or deny the

2    allegations in Paragraph 166, and on this basis denies these allegations.

3            167.    Paragraph 167 contains conclusions of law to which no response is required. To the

4    extent a response is required, Defendant is without sufficient information to admit or deny the

5    allegations in Paragraph 167, and on this basis denies these allegations.

6            168.    Paragraph 168 contains conclusions of law to which no response is required. To the

7    extent a response is required, Defendant is without sufficient information to admit or deny the

8    allegations in Paragraph 168, and on this basis denies these allegations.

9            169.    Paragraph 169 contains conclusions of law to which no response is required. To the

10   extent a response is required, Defendant is without sufficient information to admit or deny the

11   allegations in Paragraph 169, and on this basis denies these allegations.

12           170.    Defendant is without sufficient information to admit or deny the allegations in

13   Paragraph 170, and on this basis denies these allegations.

14           171.    Defendant is without sufficient information to admit or deny the allegations in

15   Paragraph 171, and on this basis denies these allegations.

16           172.    Defendant is without sufficient information to admit or deny the allegations in

17   Paragraph 172, and on this basis denies these allegations.

18           173.    Defendant is without sufficient information to admit or deny the allegations in

19   Paragraph 173, and on this basis denies these allegations.

20           174.    Defendant is without sufficient information to admit or deny the allegations in

21   Paragraph 174, and on this basis denies these allegations.

22           175.    Defendant is without sufficient information to admit or deny the allegations in

23   Paragraph 175, and on this basis denies these allegations.

24           176.    Defendant is without sufficient information to admit or deny the allegations in

25   Paragraph 176, and on this basis denies these allegations.

26           177.    Defendant is without sufficient information to admit or deny the allegations in

27   Paragraph 177, and on this basis denies these allegations.

28           178.    The third sentence of Paragraph 178 contains Plaintiffs' characterization of the

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -22-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

1  Honorable D. Tyler Tharpe's Minute Order dated October 26, 2021, which speaks for itself, and

2  therefore requires no response. To the extent a response is required, Defendant is without sufficient

3  information to admit or deny the allegations in third sentence of Paragraph 178, and on this basis

4  denies these allegations. Defendant is without sufficient information to admit or deny the remaining

5  allegations in Paragraph 178, and on this basis denies these allegations.

6       179.    The fifth sentence of Paragraph 179 contains Plaintiffs' characterization of the

7  Honorable Kimberly A. Gaab's Minute Order filed November 5, 2021, which speaks for itself, and

8  therefore requires no response. To the extent a response is required, Defendant is without sufficient

9  information to admit or deny the allegations in the fifth sentence of Paragraph 179, and on this basis

10  denies these allegations. Defendant is without sufficient information to admit or deny the remaining

11  allegations in Paragraph 179, and on this basis denies these allegations.

12       180.    Paragraph 180 contains conclusions of law and/or Plaintiffs' characterization of the

13  APA, 5 U.S.C. § 706, which speaks for itself, and therefore requires no response. To the extent a

14  response is required, Defendant is without sufficient information to admit or deny the allegations

15  in Paragraph 180, and on this basis denies these allegations.

16       181.    Paragraph 181 contains conclusions of law and/or Plaintiffs' characterization of

17  the 43 U.S.C. §§ 423e and 511, which speak for themselves, and therefore requires no response. To

18  the extent a response is required, Defendant is without sufficient information to admit or deny the

19  allegations in Paragraph 181, and on this basis denies these allegations.

20       182.    Paragraph 182 contains conclusions of law to which no response is required. To the

21  extent a response is required, Defendant is without sufficient information to admit or deny the

22  allegations in Paragraph 182, and on this basis denies these allegations.

23       183.    Defendant is without sufficient information to admit or deny the allegations in

24  Paragraph 183, and on this basis denies these allegations.

25  / / /

26  / / /

27  / / /

28  / / /

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT

-23-

16-CV-307-DAD-SKO

114196345.4 0075802-00002

**FOURTH CLAIM FOR RELIEF**

**(Violation of Reclamation Law Requirements for CVP Water Contracts)**

**(Against All Defendants)**

184.     Defendant incorporates its responses from Paragraphs 1 through 183 as though fully set forth herein.

185.     Paragraph 185 contains conclusions of law and/or Plaintiffs' characterization of federal regulations, which speak for themselves, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 185, and on this basis denies these allegations.

186.     Paragraph 186 contains conclusions of law and citation to a U.S. Department of the Interior feasibility report, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 186, and on this basis denies these allegations.

187.     Paragraph 187 contains conclusions of law to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 187, and on this basis denies these allegations.

188.     Paragraph 188 contains conclusions of law to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 188, and on this basis denies these allegations.

189.     Paragraph 189 contains conclusions of law and/or Plaintiffs' characterization of the Coordinated Operations Act of 1986, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 189, and on this basis denies these allegations.

190.     Paragraph 190 contains conclusions of law and/or Plaintiffs' characterization of the CVPIA, which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 190, and on this basis denies these allegations.

191.     Paragraph 191 contains conclusions of law and/or Plaintiffs' characterization of 33

Stoel Rives LLP
Attorneys At Law
Sacramento

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT                    -24-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

1  U.S.C. § 1342, which speaks for itself, and therefore requires no response. To the extent a response
2  is required, Defendant is without sufficient information to admit or deny the allegations in
3  Paragraph 191, and on this basis denies these allegations.

4       192.    Paragraph 192 contains conclusion of law to which no response is required. To the
5  extent a response is required, Defendant is without sufficient information to admit or deny the
6  allegations in the first sentence of Paragraph 192, and on this basis denies these allegations, and
7  Defendant denies the allegations in the second sentence of Paragraph 192.

8  **PRAYER FOR RELIEF**

9       Defendant denies that Plaintiffs are entitled to any of the relief that they seek in their Prayer
10  for Relief, or to any relief whatsoever.

11  **AFFIRMATIVE DEFENSES**

12  **FIRST AFFIRMATIVE DEFENSE**

13  **(Failure to State a Claim)**

14       As for a First Affirmative Defense, Defendant alleges that the TASC fails to state a claim
15  upon which relief can be granted.

16  **SECOND AFFIRMATIVE DEFENSE**

17  **(Laches)**

18       As for a Second Affirmative Defense, Defendant alleges that the TASC, either in whole or
19  in part, is barred by the doctrine of laches.

20  **THIRD AFFIRMATIVE DEFENSE**

21  **(Failure to Exhaust Administrative Remedies)**

22       As for a Third Affirmative Defense, Defendant alleges that Plaintiffs have failed to exhaust
23  the required administrative remedies necessary in order to prevail upon any of the causes of action
24  alleged in the TASC.

25  **FOURTH AFFIRMATIVE DEFENSE**

26  **(Estoppel)**

27       As for a Fourth Affirmative Defense, Defendant alleges that Plaintiffs, by their acts and

28  / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT

-25-

16-CV-307-DAD-SKO

114196345.4 0075802-00002

omissions and otherwise, are estopped, either in whole or in part, from asserting the matters alleged in the TASC.

### FIFTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

As for a Fifth Affirmative Defense, Defendant alleges that Federal law does not authorize a private right of action against Reclamation in this matter.

### SIXTH AFFIRMATIVE DEFENSE

### (Impairment of Contract)

As for a Sixth Affirmative Defense, Defendant alleges that the relief Plaintiffs seek is unlawful because it would result in an impairment of Defendant's contract.

### SEVENTH AFFIRMATIVE DEFENSE

### (Vagueness)

As for a Seventh Affirmative Defense, Defendant alleges that Plaintiffs' claims for relief as pled in the TASC are vague and uncertain.

### EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As for an Eighth Affirmative Defense, Defendant alleges that Plaintiffs' claims are barred by principles of waiver.

### NINTH AFFIRMATIVE DEFENSE

### (Rescission as an Improper Remedy)

As for a Ninth Affirmative Defense, Defendant alleges that Plaintiffs' claims seeking rescission are barred by applicable law.

### TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As for a Tenth Affirmative Defense, Defendant alleges that the TASC, either in whole or in part, is barred by the applicable statute of limitations.

/ / /

/ / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT          -26-                    16-CV-307-DAD-SKO

114196345.4 0075802-00002

1

**RESERVATION OF RIGHT**

2      Defendant reserves the right to assert additional affirmative defenses should they become

3  aware of any such additional defenses during the course of discovery in this action.

4

**PRAYER FOR RELIEF**

5      WHEREFORE, Defendant prays for judgment as follows:

6      1.      That Plaintiffs take nothing by reason of their TASC, and that judgment be entered

7  in favor of Defendant.

8      2.      That Defendant be awarded costs, including attorney fees, to the extent provided

9  by law.

10     3.      That Defendant be awarded such other and further relief as the Court deems just and

11  proper.

12

13  DATED:  March 7, 2022

STOEL RIVES LLP

14

15

By:  */s/ Elizabeth P. Ewens*

16  ELIZABETH P. EWENS
KRISTEN T. CASTAÑOS

17  Attorneys for Defendant
SAN JUAN WATER DISTRICT

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT

-27-

16-CV-307-DAD-SKO

114196345.4 0075802-00002