DANIEL C. CEDERBORG
  County Counsel – State Bar No. 124260
KYLE R. ROBERSON
  Deputy County Counsel – State Bar No. 285735
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California   93721
Telephone: (559) 600-3479
Facsimile: (559) 600-3480
Email: kroberson@fresnocountyca.gov

Attorneys for Defendant, COUNTY OF FRESNO

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., INSTITUTE FOR FISHERIES RESOURCES, | Case No. 1:16-cv-00307 DAD-SKO |
| Plaintiffs, | **DEFENDANT COUNTY OF FRESNO'S ANSWER TO PLAINTIFFS' THIRD AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| UNTIED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES BUREAU OF RECLAMATION, CITY OF FOLSOM; CITY OF ROSEVILLE, EAST BAY MUNICIPAL UTILITY DISTRICT; PLACER COUNTY WATER AGENCY; SACRAMENTO COUNTY WATER AGENCY; SACRAMENTO MUNICIPAL UTILITY DISTRICT; WESTLANDS WATER DISTRICT DISTRIBUTION DISTRICT NO. 1; WESTLANDS WATER DISTRICT DISTRIBUTION DISTRICT NO. 2; WESTLANDS WATER DISTRICT FINANCING CORPORATION; CITY OF WEST SACRAMENTO; | |

1

CITY OF SHASTA LAKE; MOUNTAIN GATE COMMUNITY SERVICES DISTRICT; SHASTA COMMUNITY SERVICES DISTRICT; SHASTA COUNTY WATER AGENCY; CITY OF REDDING; 4-M WATER DISTRICT; BELLA VISTA WATER DISTRICT; COLUSA COUNTY WATER DISTRICT; CORNING WATER DISTRICT; CORTINA WATER DISTRICT; DUNNIGAN WATER DISTRICT; GLIDE WATER DISTRICT; LA GRANDE WATER DISTRICT; STONY CREEK WATER DISTRICT; CENTERVILLE COMMUNITY SERVICES DISTRICT; CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT; DAVIS WATER DISTRICT; DEL PUERTO WATER DISTRICT; GLENN VALLEY WATER DISTRICT; MYERS-MARSH MUTUAL WATER COMPANY; ORLAND-ARTOIS WATER DISTRICT; STOCKTON EAST WATER DISTRICT; WESTSIDE WATER DISTRICT; BANTA-CARBONA IRRIGATION DISTRICT; BYRON BETHANY IRRIGATION DISTRICT; EAGLE FIELD WATER DISTRICT; FRESNO SLOUGH WATER DISTRICT; HOLTHOUSE WATER DISTRICT; JAMES IRRIGATION DISTRICT; PROBERTA WATER DISTRICT; RECLAMATION DISTRICT 1606; THE WEST SIDE IRRIGATION DISTRICT; TRANQUILITY IRRIGATION DISTRICT; WEST STANISLAUS IRRIGATION DISTRICT; PATTERSON IRRIGATION DISTRICT; TRANQUILITY PUBLIC UTILITY DISTRICT; CLEAR CREEK COMMUNITY SERVICES DISTRICT; CONTRA COSTA WATER DISTRICT; COUNTY OF COLUSA; EL DORADO IRRIGATION DISTRICT; CITY OF AVENAL; CITY OF COALINGA; CITY OF HURON; SAN BENITO COUNTY WATER DISTRICT; MERCY SPRINGS WATER DISTRICT; CITY OF LINDSAY; CITY OF ORANGE COVE; CITY OF TRACY; COUNTY OF FRESNO; COUNTY OF MADERA; COUNTY TULARE; HILLS VALLEY IRRIGATION DISTRICT;

COUNTY OF FRESNO'S ANSWER TO THE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT
Case No. 1:16-CV-00307 DAD-SKO

INTERNATIONAL WATER DISTRICT;
LAGUNA WATER DISTRICT; LOWER
TULE RIVER IRRIGATION DISTRICT;
PIXLEY IRRIGATION WATER
DISTRICT; THE COELHO FAMILY
TRUST; and TRI VALLEY WATER
DISTRICT,

              Defendants,

WESTLAND WATER DISTRICT, SAN
LUIS WATER DISTRICT, and PANOCHE
WATER DISTRICT,

              Intervenor-Defendants,

      Defendant, COUNTY OF FRESNO ("Defendant") hereby files its Answer to the Third

Amended and Supplemental Complaint for Declaratory and Injunctive Relieve (ECF No. 161,

hereafter "TAC") of Plaintiffs NORTH COAST RIVERS ALLIANCE, CALIFORNIA

SPORTFISHING PROTECTION ALLIANCE, PACIFIC COAST FEDERATION OF

FISHERMEN'S ASSOCIATIONS, SAN FRANCISCO CRAB BOAT OWNERS

ASSOCIATION, INC., and INSTITUTE FOR FISHERIES RESOURCES ("Plaintiffs") as

follows: At this present time, and pending further investigation into the matters alleged herein as

this case progresses, Defendant admits, denies and otherwise alleges and prays as follows:

## **INTRODUCTION**

      1.      Defendant asserts that the allegations contained in paragraph 1 of the TAC do not

require a response because the allegations constitute legal conclusions and consist of Plaintiffs'

characterization of this action. To the extent a response is deemed required, Defendant admits

that Plaintiffs have sued Federal Defendants for alleged violations of the National Environmental

Policy Act ("NEPA"), 42 U.S.C. §4321 *et seq.*; Central Valley Project Improvement Act

("CVPIA"), Public Law No. 102-575, 108 Stat. 4600, Title XXXIV (1992); and Administrative

Procedures Act ("APA"), 5 United States Code ("U.S.C.") §§ 701-706, and that Plaintiffs have

joined contractors as defendants and amended their complaint. Defendant denies that Plaintiffs

are entitled to any relief.

2. Defendant asserts that the allegations contained in paragraph 2 of the FAC contain Plaintiffs' characterization of their previous claim for relief, which the Court dismissed as moot without prejudice (EFC No. 151), and previous allegations, to which no response is required. As to the remaining allegations in paragraph 2, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies said allegations.

3. Defendant asserts that the allegations contained in paragraph 3 of the FAC contain Plaintiffs' characterization of this Court's Order Granting Motions to Dismiss First Claim of Relief as Moot Without Prejudice and Granting Motion to Compel Joinder of Absent Contractors filed November 1, 2021, (EFC No. 151), which speaks for itself, and therefore requires no response. To the extent a response is required, Defendant admits that Plaintiffs filed this TAC. As to the remaining allegations in paragraph 3, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies said allegations.

4. Defendant asserts that the allegations contained in paragraph 4 of the TAC contains Plaintiffs' characterization of the TAC and their previous, dismissed claim to which no response is required. To the extent a response is required, Defendant admits that this Court previously issued an order dismissing Plaintiffs' First Claim for Relief as moot and without prejudice. As to the remaining allegations in paragraph 4, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies said allegations.

5. Defendant asserts that the allegations contained in paragraph 5 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 5, and on that basis, denies said allegations.

6. Defendant asserts that the allegations contained in paragraph 6 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 6, and on that basis, denies said allegations.

///

///

7.        Defendant asserts that the allegations contained in paragraph 7 of the TAC contains Plaintiffs' characterization of the TAC to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 7, and on that basis, denies said allegations.

8.        Defendant asserts that the allegations contained in paragraph 8 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that it has been named and joined as a defendant in this action. As to the remaining allegations in paragraph 8, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies said allegations.

9.        Defendant asserts that the allegations contained in paragraph 9 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 9, and on that basis, denies said allegations.

10.       Defendant asserts that the allegations contained in paragraph 10 of the TAC constitute legal conclusions and Plaintiffs' characterization of 43 U.S.C. §§ 423e and 511, which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 10, and on that basis, denies said allegations.

11.       Defendant asserts that the allegations contained in paragraph 11 of the TAC constitute legal conclusions and Plaintiffs' characterization of 43 U.S.C. §§ 426.22(b) and (d), which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 11, and on that basis, denies said allegations.

12.       Defendant asserts that the allegations contained in paragraph 12 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 12, and on that basis, denies said allegations.

///

13.     Defendant asserts that the allegations contained in paragraph 13 of the TAC constitute legal conclusions and Plaintiffs' characterization of CVPIA, which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 13, and on that basis, denies said allegations.

14.     Defendant asserts that the allegations contained in paragraph 14 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 14, and on that basis, denies said allegations.

15.     Defendant denies the allegations in paragraph 15 of the TAC.

## JURISDICTION AND VENUE

16.     Defendant asserts that the allegations contained in paragraph 16 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 16, and on that basis, denies said allegations.

17.     Defendant asserts that the allegations contained in paragraph 17 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations except to admit that venue is proper in this Court.

18.     Defendant asserts that the allegations contained in paragraph 18 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not dispute that Plaintiffs have alleged a justiciable controversy between the parties. Defendant denies the remaining allegations contained in paragraph 18 of the TAC.

19.     Defendant asserts that the allegations contained in paragraph 19 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 19, and on that basis, denies said allegations.

///

20.     Defendant denies the allegations contained in first four sentences of paragraph 20 of the TAC. The remaining allegations in paragraph 20 contain conclusions of law and/or Plaintiffs' characterization of NEPA and the CVPIA, which speak for themselves, and therefore require no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 20, and on that basis, denies said allegations.

21.     Defendant asserts that the allegations contained in paragraph 21 of the TAC constitute legal conclusions and characterizations of NEPA, CVPIA, Reclamation Law, and Ninth Circuit cases, which speaks for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the second sentence of paragraph 21, and on that basis, denies said allegations.

22.     Defendant asserts that the allegations contained in paragraph 22 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 22, and on that basis, denies said allegations.

23.     Defendant asserts that the allegations contained in paragraph 23 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 23, and on that basis, denies said allegations.

## PARTIES

24.     Defendant admits that Plaintiff NORTH COAST RIVER ALLIANCE is a plaintiff in this matter. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 24 of the TAC, and on that basis, denies said allegations.

25.     Defendant admits that Plaintiff PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATION is a plaintiff in this matter. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 25

of the TAC, and on that basis, denies said allegations.

26. Defendant admits that Plaintiff SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., is a plaintiff in this matter. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 26 of the TAC, and on that basis, denies said allegations.

27. Defendant admits that Plaintiff INSTITUTE FOR FISHERIES RESOURCES is a plaintiff in this matter. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 27 of the TAC, and on that basis, denies said allegations.

28. Defendant admits that Plaintiff CALIFORNIA SPORTFISHING PROTECTION ALLIANCE is a plaintiff in this matter. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 28 of the TAC, and on that basis, denies said allegations.

29. Defendant asserts that the allegations in paragraph 29 of the TAC contains Plaintiffs' characterization of this action and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 29.

30. Defendant admits the allegations in paragraph 30 of the TAC insofar that Defendant UNITED STATES DEPARTMENT OF THE INTERIOR is a federal agency. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 30, and on that basis, denies said allegations.

31. Defendant admits the allegations in paragraph 31 of the TAC insofar that Defendant UNITED STATES BUREAU OF RECLAMATION is charged with the duty of managing the Central Valley Project. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 31, and on that basis, denies said allegations.

32. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 32 of the TAC, and on that basis, denies said allegations.

///

33.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 33 of the TAC, and on that basis, denies said allegations.

34.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 34 of the TAC, and on that basis, denies said allegations.

35.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 35 of the TAC, and on that basis, denies said allegations.

36.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 36 of the TAC, and on that basis, denies said allegations.

37.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 37 of the TAC, and on that basis, denies said allegations.

38      Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 38 of the TAC, and on that basis, denies said allegations.

39.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 39 of the TAC, and on that basis, denies said allegations.

40.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 40 of the TAC, and on that basis, denies said allegations.

41.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 41 of the TAC, and on that basis, denies said allegations.

42.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 42 of the TAC, and on that basis, denies said allegations.

43.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 43 of the TAC, and on that basis, denies said allegations.

44.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 44 of the TAC, and on that basis, denies said allegations.

45.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 45 of the TAC, and on that basis, denies said allegations.

46.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 46 of the TAC, and on that basis, denies said allegations.

47.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 47 of the TAC, and on that basis, denies said allegations.

48.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 48 of the TAC, and on that basis, denies said allegations.

49.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 49 of the TAC, and on that basis, denies said allegations.

50.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 50 of the TAC, and on that basis, denies said allegations.

51.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 51 of the TAC, and on that basis, denies said allegations.

52.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 52 of the TAC, and on that basis, denies said allegations.

53.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 53 of the TAC, and on that basis, denies said allegations.

54.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 54 of the TAC, and on that basis, denies said allegations.

55.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 55 of the TAC, and on that basis, denies said allegations.

56.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 56 of the TAC, and on that basis, denies said allegations.

57.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 57 of the TAC, and on that basis, denies said allegations.

58.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 58 of the TAC, and on that basis, denies said allegations.

59.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 59 of the TAC, and on that basis, denies said allegations.

60.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 60 of the TAC, and on that basis, denies said allegations.

61. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 61 of the TAC, and on that basis, denies said allegations.

62. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 62 of the TAC, and on that basis, denies said allegations.

63. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 63 of the TAC, and on that basis, denies said allegations.

64. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 64 of the TAC, and on that basis, denies said allegations.

65. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 65 of TAC, and on that basis, denies said allegations.

66. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 66 of the TAC, and on that basis, denies said allegations.

67. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 67 of the TAC, and on that basis, denies said allegations.

68. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 68 of the TAC, and on that basis, denies said allegations.

69. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 69 of the TAC, and on that basis, denies said allegations.

70. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 70 of the TAC, and on that basis, denies said allegations.

71. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 71 of the TAC, and on that basis, denies said allegations.

72. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 72 of the TAC, and on that basis, denies said allegations.

73. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 73 of the TAC, and on that basis, denies said allegations.

74. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 74 of the TAC, and on that basis, denies said allegations.

75. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 75 of the TAC, and on that basis, denies said allegations.

76. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 76 of the TAC, and on that basis, denies said allegations.

77. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 77 of the TAC, and on that basis, denies said allegations.

78. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 78 of the TAC, and on that basis, denies said allegations.

79. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 79 of the TAC, and on that basis, denies said allegations.

80. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 80 of the TAC, and on that basis, denies said allegations.

81. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 81 of the FAC, and on that basis, denies said allegations.

82. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 82 of the TAC, and on that basis, denies said allegations.

83. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 83 of the TAC, and on that basis, denies said allegations.

84. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 84 of the TAC, and on that basis, denies said allegations.

85. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 85 of the TAC, and on that basis, denies said allegations.

86. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 86 of the FAC, and on that basis, denies said allegations.

87. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 87 of the TAC, and on that basis, denies said allegations.

88. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 88 of the TAC, and on that basis, denies said allegations.

89.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 89 of the TAC, and on that basis, denies said allegations.

90.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 90 of the TAC, and on that basis, denies said allegations.

91.     Defendant admits the allegations contained in paragraph 91 of the TAC and avers that Defendant is contracted to receive up to 3,000 acre-feet of water service.

92.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 92 of the TAC, and on that basis, denies said allegations.

93.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 93 of the TAC, and on that basis, denies said allegations.

94.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 94 of the TAC, and on that basis, denies said allegations.

95.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 95 of the TAC, and on that basis, denies said allegations.

96.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 96 of the TAC, and on that basis, denies said allegations.

97.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 97 of the TAC, and on that basis, denies said allegations.

98.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 98 of the TAC, and on that basis, denies said allegations.

99.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 99 of the TAC, and on that basis, denies said allegations.

100.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 100 of the TAC, and on that basis, denies said allegations.

101.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 101 of the TAC, and on that basis, denies said allegations.

102.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 102 of the TAC, and on that basis, denies said allegations.

103. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 103 of the TAC, and on that basis, denies said allegations.

104. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 104 of the TAC, and on that basis, denies said allegations.

## BACKGROUND

### I. Environmental Setting

105. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 105 of the TAC, and on that basis, denies said allegations

106. Defendant asserts that the allegations contained in paragraph 106 of the TAC contains Plaintiffs' characterization of a June 4, 2009 letter from the National Marine Fisheries Services ("NMFS") to Reclamation, which speaks for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 106, and on that basis, denies said allegations.

107. Defendant asserts that the allegations contained in paragraph 107 of the TAC contains Plaintiffs' characterization of a December 15, 2008 Biological Opinion issued by the United States Fish and Wildlife ("FWS"), which speaks for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 107, and on that basis, denies said allegations.

108. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 108 of the TAC, and on that basis, denies said allegations.

109. Defendant denies the allegations in paragraph 109 of the TAC.

110. Defendant asserts that the allegations in paragraph 110 of the TAC contains Plaintiffs' characterization of FWS's Biological Opinion for the 2016 interim contracts, which speaks for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 110, and on that basis, denies said allegations.

14

## II. CVPIA

111.     Defendant asserts that the allegations in paragraph 111 of the TAC contains Plaintiffs' characterization of the CVPIA, which speaks for itself, and therefore no response is necessary. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 111, and on that basis, denies said allegations.

112.     Defendant asserts that the allegations in paragraph 112 of the TAC contains Plaintiffs' characterization of the CVPIA, which speaks for itself, and therefore no response is necessary. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 112, and on that basis, denies said allegations.

113.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 113, and on that basis, denies said allegations.

## III. Short-Term Contracts EAs

114.     Defendant asserts that the allegations in paragraph 114 of the TAC contains legal conclusions and Plaintiffs' characterization of the CVPIA and the Ninth Circuit's Amended Memorandum of Decision in *Pacific Coast Federation of Fishermen's Associations v. United States Department of Interior ("PCFFA")*, 655 Fed. Appx. 595, 598 (9th Cir. 2016), which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 114, and on that basis, denies said allegations.

115.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 115 of the TAC, and on that basis, denies said allegations.

116.     Defendant admits the allegations in paragraph 116 of the TAC.

117.     Defendant asserts that the allegations in paragraph 117 of the TAC contains Plaintiffs' characterization of the *PCFFA*, which speak for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 117, and on that basis, denies

said allegations.

118.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 118 of the TAC, and on that basis, denies said allegations.

119.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 119 of the TAC, and on that basis, denies said allegations.

120.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 120 of the TAC, and on that basis, denies said allegations.

121.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 121 of the TAC, and on that basis, denies said allegations.

122.    Defendant asserts that the allegations in paragraph 122 of the TAC contains legal conclusions and Plaintiffs' characterization of 2016 EA and FONSI, which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 122, and on that basis, denies said allegations.

123.    Defendant asserts that the allegations in paragraph 123 of the TAC contains legal conclusions and Plaintiffs' characterization of 2016 EA and FWS's 2016 Biological Opinion, which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 123, and on that basis, denies said allegations.

124.    Defendant asserts that the allegations in paragraph 124 of the TAC contains legal conclusions and Plaintiffs' characterization of 2016 EA and Amended Memorandum of Decision in *PCFFA*, which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 124, and on that basis, denies said allegations.

125.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 125 of the TAC, and on that basis, denies said allegations.

126.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 126 of the TAC, and on that basis, denies said allegations.

127.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 127 of the TAC, and on that basis, denies said allegations.

### IV.    Long-Term Contract Environmental Review

128.    Defendant asserts that there are no factual allegations contained in paragraph 128 of the TAC, only statements of the law and/or legal conclusions, to which no response is required. To the extent this paragraph paraphrases, mis-states or inaccurately quotes the law, the actual legal provisions speak for themselves.

129.    Defendant asserts that the allegations in paragraph 129 of the TAC contains legal conclusions and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 129, and on that basis, denies said allegations.

130.    Defendant asserts that the allegations in paragraph 130 of the TAC contains legal conclusions and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 130, and on that basis, denies said allegations.

### V.    <u>The WIIN Act</u>

131.    Defendant asserts that there are no factual allegations contained in paragraph 131 of the FAC, only statements of the law and/or legal conclusions, to which no response is required. Defendant admits that the Water Infrastructure Improvements of the Nation Act ("WIIN Act") was enacted December 16, 2016. Defendant denies the remaining allegations in paragraph 131.

132.    Defendant asserts that paragraph 132 of the TAC contains conclusions of law and Plaintiffs' characterization of the WIIN Act, which speaks for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 132, and on that basis, denies said allegations.

133.    Defendant asserts that paragraph 133 of the TAC contains conclusions of law and Plaintiffs' characterization of the WIIN Act, which speaks for itself, and therefore requires no

response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 133, and on that basis, denies said allegations.

134. Defendant asserts that paragraph 134 of the TAC contains conclusions of law and Plaintiffs' characterization of the WIIN Act, which speaks for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 134, and on that basis, denies said allegations.

135. Defendant asserts that paragraph 135 of the TAC contains conclusions of law and Plaintiffs' characterization of 43 U.S.C § 390mm, which speaks for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 135, and on that basis, denies said allegations.

136. Defendant asserts that paragraph 136 of the TAC contains conclusions of law and Plaintiffs' characterization of the WIIN Act and 43 U.S.C § 390mm, which speaks for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 136, and on that basis, denies said allegations.

137. Defendant asserts that paragraph 137 of the TAC contains conclusions of law and Plaintiffs' characterization of the WIIN Act, which speaks for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 137, and on that basis, denies said allegations.

138. Defendant denies the allegations contained in the last sentence of paragraph 138 of the TAC. The remaining allegations contain conclusions of law and/or Plaintiffs' characterization of the CVPIA and NEAP, which speak for themselves, and therefore require no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 138, and on that basis, denies

said allegations.

**FIRST CLAIM FOR RELIEF**

**(Violation of National Environmental Policy Act-
Failure to Prepare an EIS for Repayment Contracts)**

**(Against All Defendants)**

139.     Defendant incorporates by reference its responses to paragraphs 1 through 138 as though fully set forth herein.

140.     Defendant asserts that the allegations contained in paragraph 140 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 140, and on that basis, denies said allegations.

141.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 141 of the TAC, and on that basis, denies said allegations.

142.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 142 of the TAC, and on that basis, denies said allegations.

143.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 143 of the TAC, and on that basis, denies said allegations.

144.     Defendant admits that it is a party to a valid repayment contract with Reclamation.  Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 144 of the TAC, and on that basis, denies said allegations.

145.     Defendant asserts that the allegations contained in paragraph 145 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 145, and on that basis, denies said allegations.

146.     Defendant asserts that the allegations contained in paragraph 146 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 146, and on that basis, denies said allegations.

147.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 147 of the TAC, and on that basis, denies said allegations

148.     Defendant asserts that the allegations in paragraph 148 of the TAC contains legal conclusions and Plaintiffs' characterization of the 40 C.F.R. § 1508.27 and the Ninth Circuit's opinion in *Ocean Advocates v. U.S. Army Corps. of Engineers,* 402 F.3d 846, 865 (9th Cir. 2004), which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 148, and on that basis, denies said allegations.

149.     Defendant asserts that the allegations in paragraph 149 of the TAC contains legal conclusions and Plaintiffs' characterization of the WIIN Act and NEAP, which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 149, and on that basis, denies said allegations.

150.     Defendant asserts that the allegations in paragraph 150 of the TAC contains Plaintiffs' characterization of Reclamation's arguments, which no response is necessary; and Plaintiffs' conclusions of law and characterization of federal case law, which speak for themselves, and therefore requires no response.  To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 150, and on that basis, denies said allegations.

151.     Defendant asserts that the allegations in paragraph 151 of the TAC contains Plaintiffs' conclusions of law and characterization of federal case law, which speak for themselves, and therefore requires no response.  To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 151, and on that basis, denies said allegations.

152.     Defendant asserts that the allegations in paragraph 152 of the TAC contains Plaintiffs' conclusions of law and characterization of the WIIN Act and federal case law, which speak for themselves, and therefore requires no response.  To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations

contained in paragraph 152, and on that basis, denies said allegations.

153.    Defendant asserts that the allegations in paragraph 153 of the TAC contains Plaintiffs' conclusions of law and characterization of the NEPA, which speak for itself, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 153, and on that basis, denies said allegations.

154.    Defendant asserts that the allegations in paragraph 154 of the TAC contains Plaintiffs' conclusions of law, which requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 154, and on that basis, denies said allegations.

## SECOND CLAIM FOR RELIEF

### (Violation of Central Valley Project Improvement Act-
### Failure to Prepare an EIS for Repayment Contracts)

### (Against All Defendants)

155.    Defendant incorporates by reference its responses to paragraphs 1 through 154 as though fully set forth herein.

156.    Defendant asserts that the allegations in paragraph 156 of the TAC contains Plaintiffs' conclusions of law and characterization of the CVIPA and NEPA which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 156, and on that basis, denies said allegations.

157.    Defendant asserts that the allegations in paragraph 157 of the TAC contains Plaintiffs' conclusions of law and characterization of the CVIPA and NEPA which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 157, and on that basis, denies said allegations.

158.    Defendant asserts that the allegations in paragraph 158 of the TAC contains Plaintiffs' conclusions of law and characterization of the WIIN Act and CVIPA, which speak for

themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 158, and on that basis, denies said allegations.

159. Defendant asserts that the allegations in paragraph 159 of the TAC contains Plaintiffs' conclusions of law, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 159, and on that basis, denies said allegations.

### THIRD CLAIM FOR RELIEF

**(Violation of 43 U.S.C. §§ 423e and 551 Requiring -
Validation Judgments for CVP Water Contracts)**

**(Against All Defendants)**

160. Defendant incorporates by reference its responses to paragraphs 1 through 159 as though fully set forth herein.

161. Defendant asserts that the allegations in paragraph 161 of the TAC contains Plaintiffs' conclusions of law and characterization of 43 U.S.C. § 511, which speak for itself and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 161 and on that basis, denies said allegations.

162. Defendant asserts that the allegations in paragraph 162 of the TAC contains Plaintiffs' conclusions of law and characterization of 43 U.S.C. § 423e, which speak for itself and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 162 and on that basis, denies said allegations.

163. Defendant asserts that the allegations in paragraph 163 of the TAC contains Plaintiffs' conclusions of law and characterization of the Memorandum of the Office of Solicitor dated July 19, 1984, and 43 U.S.C. § 423e, which speak for themselves and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 163 and on that basis, denies

said allegations.

164.     Defendant asserts that the allegations in paragraph 164 of the TAC contains Plaintiffs' characterization of the certain state court proceedings where the proceedings, records, and orders; and the Minute Order filed on March 16, 2020, in Fresno County Superior Court Case No. 19CECG03887 and attached Exhibit 1 to the TAC speak for themselves, and therefore no requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 164, and on that basis, denies said allegations.

165.     Defendant asserts that the allegations in paragraph 165 of the TAC contains Plaintiffs' characterization of the certain state court proceedings where the proceedings, records, and orders; and the Minute Order filed on March 16, 2020, in Fresno County Superior Court Case No. 19CECG03887 and attached Exhibit 1 to the TAC speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 165, and on that basis, denies said allegations.

166.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 166 of the TAC, and on that basis, denies said allegations.

167.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 167 of the TAC, and on that basis, denies said allegations.

168.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 168 of the TAC, and on that basis, denies said allegations.

169.     Defendant asserts that the allegations contained in paragraph 169 of the TAC constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 169, and on that basis, denies said allegations.

170.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 170 of the TAC, and on that basis, denies said allegations.

///

171. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 171 of the TAC, and on that basis, denies said allegations.

172. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 172 of the TAC, and on that basis, denies said allegations.

173. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 173 of the TAC, and on that basis, denies said allegations.

174. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 174 of the TAC, and on that basis, denies said allegations.

175. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 175 of the TAC, and on that basis, denies said allegations.

176. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 176 of the TAC, and on that basis, denies said allegations.

177. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 177 of the TAC, and on that basis, denies said allegations.

178. Defendant asserts that the allegations in paragraph 178 of the TAC contains Plaintiffs' characterization of the certain state court proceedings where the proceedings, records, and orders; and the Minute Order filed on October 26, 2021, in Fresno County Superior Court Case No. 19CECG03887 and attached Exhibit 4 to the TAC speak for themselves, and therefore no requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 178 and on that basis, denies said allegations.

179. Defendant asserts that the allegations in paragraph 179 of the TAC contains Plaintiffs' characterization of the certain state court proceedings where the proceedings, records, and orders; and the Minute Order filed on March 18, 2020 in Fresno County Superior Court Case Nos. 20CECG01011 and 20CECG01012 attached Exhibit 5 to the TAC speak for themselves, and therefore no requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 179 and on that basis, denies said allegations.

180.     Defendant asserts that the allegations in paragraph 180 of the TAC contains Plaintiffs' conclusions of law and/or characterization of the APA, 5 U.S.C. § 706, which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 180, and on that basis, denies said allegations.

181.     Defendant asserts that the allegations in paragraph 181 of the TAC contains Plaintiffs' conclusions of law and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 181, and on that basis, denies said allegations.

182.     Defendant asserts that the allegations in paragraph 182 of the TAC contains Plaintiffs' conclusions of law and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 182, and on that basis, denies said allegations.

183.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 183 of the TAC, and on that basis, denies said allegations.

## FOURTH CLAIM FOR RELIEF

### (Violation of Reclamation Law Requirements for CVP Water Contracts)

### (Against All Defendants)

184.     Defendant incorporates by reference its responses to paragraphs 1 through 183 as though fully set forth herein.

185.     Defendant asserts that the allegations in paragraph 185 of the TAC contains Plaintiffs' conclusions of law and/or characterization of the 43 C.F.R. §§ 426.22(b) and (d), which speak for themselves, and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 185, and on that basis, denies said allegations.

186.     Defendant asserts that the allegations in paragraph 186 of the TAC contains Plaintiffs' conclusions of law and therefore requires no response. To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the

allegations contained in paragraph 186, and on that basis, denies said allegations.

187.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 187 of the TAC, and on that basis, denies said allegations.

188.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 188 of the TAC, and on that basis, denies said allegations.

189.     Defendant asserts that the allegations in paragraph 189 of the TAC contains Plaintiffs' conclusions of law and therefore requires no response.  To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 189, and on that basis, denies said allegations.

190.     Defendant asserts that the allegations in paragraph 190 of the TAC contains Plaintiffs' conclusions of law and therefore requires no response.  To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 190, and on that basis, denies said allegations.

191.     Defendant asserts that the allegations in paragraph 191 of the TAC contains Plaintiffs' conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 191, and on that basis, denies said allegations.

192.     Defendant asserts that the allegations in paragraph 192 of the TAC contains Plaintiffs' conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 192, and on that basis, denies said allegations.

## **RESPONSE TO PRAYER FOR RELIEF**

The allegations contained in Plaintiffs' Prayer for Relief require no response. To the extent that the Prayer for Relief requires a response to any allegations contained therein, Defendant denies each. Defendant further denies that Plaintiffs are entitled to any relief from Defendant, including the relief that Plaintiffs request paragraphs 1 through 8 of their Prayer for Relief.

///

///

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and first affirmative defense, Defendant alleges that the TAC fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and second affirmative defense, Defendant alleges that the TAC, either in whole or in part, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and third affirmative defense, Defendant alleges that Plaintiffs have failed to exhaust the required administrative remedies necessary to prevail upon any of the causes of action alleged in the TAC.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a separate and fourth affirmative defense, Defendant alleges that Plaintiffs lack standing to bring claims against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

As a separate and fifth affirmative defense, Defendant alleges that Plaintiffs have no authorized private right of action against Defendants in this matter.

## SIXTH AFFIRMATIVE DEFENSE

### (Impairment of Contract)

As a separate and sixth affirmative defense, Defendant alleges that the relief Plaintiffs seek is unlawful because it would result in an impairment of Defendant's contract.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Vagueness)

As a separate and seventh affirmative defense, Defendant alleges that Plaintiffs' claims for relief as pled in the Complaint are vague and uncertain.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

As a separate and eighth affirmative defense, Defendant alleges that because of their own acts and/or omissions, Plaintiffs have waived any right which they may have had to recover, and/or are estopped from recovering any relief sought against Defendant.

## NINETH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and nineth affirmative defense, Defendant alleges that the TAC, either in whole or in part, is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Improper Remedy)

As a separate and tenth affirmative defense, Defendant alleges that Plaintiffs' claims seeking rescission are barred by applicable law.

## <u>RESERVATION OF RIGHT</u>

Defendant reserves the right to assert additional affirmative defenses that may be pertinent to Plaintiffs' claims if additional facts may become known or based on legal developments.

///
///
///
///
///
///
///
///

COUNTY OF FRESNO'S ANSWER TO THE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT
Case No. 1:16-CV-00307 DAD-SKO

## **PRAYER OF RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. The TAC be dismissed, with prejudice and in its entirety;

2. Plaintiffs take nothing by reason of their TAC, and that judgment be entered in favor of Defendant;

3. Defendant be awarded costs, including attorney fees, if appropriate; and

4. Defendant be awarded such other and further relief as the Court deems just and proper.


Dated: March 25, 2022                    Respectfully submitted,


                                          DANIEL C. CEDERBORG
                                          County Counsel


                         By:     /s/ Kyle R. Roberson
                                 Kyle R. Robeson, Deputy County Counsel
                                 Attorneys for Defendant, County of Fresno

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 25, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court through its CM/ECF system, which automatically transmits notifications to, and effects service upon, all counsel subscribed to receive notice of filings in this action.

By:

_____
Vincent Soliz
Paralegal