1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   NORTH COAST RIVERS ALLIANCE, *et al*.,        Case No. 1:16-cv-00307-JLT-SKO

12            Plaintiffs,                          **ORDER DENYING MOTION TO**
                                                   **STAY AND IMPOSING CONDITIONS**
13        v.                                       **ON BRIEFING**

14   UNITED STATES DEPARTMENT OF THE
15   INTERIOR, *et al*.,                           (Doc. 205)

16            Defendants,

17   WESTLANDS WATER DISTRICT, *et al*.,

18            Intervenor-Defendants.

19

20                              **<u>INTRODUCTION</u>**

21        Before the Court for decision is a motion to stay filed by the United States Department of the

22   Interior and its member agency, the United States Bureau of Reclamation (collectively, "Federal

23   Defendants" or "Reclamation"). Certain Defendant-Intervenors have indicated their non-opposition to

24   the motion (Docs. 206–209, 211; *see also* Doc. 205 at 2), but Plaintiffs oppose the request (Doc. 210).

25   The Court has also considered Federal Defendants' reply brief (Doc. 213), Plaintiff's supplemental brief

26   (Doc. 215), and Federal Defendants' (Doc. 216) and other Defendants' (Doc. 217) responses thereto.

27   For the reasons set forth below, the motion to stay will be denied, but the Court will require the parties

28   to take steps to avoid briefing that is duplicative of materials already presented in the related case.

                                               1

**PROCEDURAL HISTORY**

As originally filed, this case concerned approval by Reclamation of six interim renewal contracts that authorized delivery of water from March 1, 2016, through February 28, 2018, from federal reclamation facilities to certain water districts served by the federal Central Valley Project ("CVP") ("2016–18 Interim Contracts"). (Doc. 64, First Amended and Supplemental Complaint ("FASC").) The 2016–18 Interim Contracts at issue in the FASC provided water service to Westlands Water District ("Westlands"), Santa Clara Valley Water District ("Santa Clara"), and Pajaro Valley Water Management Agency ("Pajaro") (collectively, "Interim Contractors"). (*See* FASC at ¶ 2.) The 2016–18 Interim Contracts are part of a long line of two-year interim contracts executed in recent years to provide CVP water to contractors with expired long-term water service contracts, pending the anticipated execution of new long-term water service contracts after the completion of appropriate environmental review. *See* Central Valley Project Improvement Act ("CVPIA"), Pub. L. No. 102-575, 106 Stat. 4600 (1992), §§ 3402, 3404.

Plaintiffs, a coalition of environmental organizations led by the North Coast Rivers Alliance, alleged in the FASC's first claim for relief that Federal Defendants issued a deficient Revised Environmental Assessment ("EA") and associated Finding of No Significant Impact ("FONSI") prior to approval of the 2016–18 Interim Contracts, in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. (FASC at ¶¶ 45–65.)[1]

In late February 2019, the Court requested input from the parties addressing the issue of mootness. (Docs. 99, 101.) The backdrop for the mootness inquiry includes the Ninth Circuit's ruling in *Pacific Coast Federation of Fishermen's Associations v. U.S. Department of the Interior*, 655 F. App'x 595, 597 (9th Cir. 2016), which held that challenges to interim contracts like those at issue in this case were not moot, even though the relevant contract period had expired, because "[t]he short duration and serial nature of Reclamation's interim water contracts place plaintiffs' claims within the mootness

---

[1] The second claim for relief in the FASC alleged that Reclamation violated NEPA by failing to prepare an Environmental Impact Statement for the 2016–18 Interim Contracts. (*Id.* at ¶¶ 56–59.) The latter claim was dismissed on March 9, 2018. (Doc. 78.)

exception for disputes capable of repetition yet evading review." *Id*. However, on March 12, 2019, in

response to the Court's request for supplemental briefing, the United States revealed that Reclamation

"no longer intends to pursue the issuance of new long-term water service contracts to Westlands under

the authority of CVPIA § 3404. Rather, based on the authority and direction provided in the 2016

Water Infrastructure Improvements of the Nation ("WIIN") Act, Pub. L. 114-322, § 4011, Reclamation

intends to convert Westlands' existing water service contracts into repayment contracts," which,

according to Reclamation, will not be "subject to the requirements of NEPA." (Doc. 100 at ¶¶ 3–4.)

The Court ordered the United States to file periodic status reports addressing the progress of the process

of converting the contracts. (*See* Doc. 117.)

On July 8, 2020, Plaintiffs moved to amend their complaint to add claims pertaining to the six

new repayment contracts negotiated under the WIIN Act's provisions ("WIIN Act Repayment

Contracts"). (Doc. 120.) That motion, which was unopposed, was granted. (Doc. 126.) The second

amended complaint ("SAC") did not abandon Plaintiffs' claim against the 2016–18 Interim Contracts

(the pre-conversion water service contracts) but expanded that claim to include challenges to the

environmental review undertaken for more recent Interim Contracts. (Doc. 127 at ¶¶ 62–73 (hereinafter

referred to collectively as the "Interim Contracts").) In addition, Plaintiffs added closely related NEPA

challenges to the WIIN Act Repayment Contracts, along with other related claims. (*See generally*

SAC.)

In October 2020, Federal Defendants and Defendant-Intervenors filed motions to dismiss the

claim in the SAC premised on the Interim Contracts, arguing that claim is moot because the challenged

Interim Contracts no longer exist and that no exception to mootness applies under the circumstances.

(Docs. 130, 131.) In addition, Defendant-Intervenors moved pursuant to Federal Rule of Civil

Procedure 19 to compel joinder of any absent contractors whose WIIN Act Repayment Contracts are

being challenged. (Doc. No. 131-1 at 13–16.)

Meanwhile, several similar though not identical cases concerning WIIN Act Repayment

Contracts were transferred to the undersigned. *See Ctr. for Biological Diversity v. U.S. Bureau of*

*Reclamation*, 1:20-cv-00706-DAD-EPG ("*CBD*"); *Hoopa Valley Tribe v. U.S. Bureau of Reclamation*,

1   1:20-cv-01814-DAD-EPG ("*Hoopa*")[2]. Considering the change of Presidential Administration, the

2   parties to those cases agreed to stay those matters for a time to allow the current Administration an

3   opportunity to analyze its position prior to proceeding in those matters. Similar stays were requested and

4   approved in other, related matters, including *Pacific Coast Federation of Fishermen's Associations v.*

5   *Raimondo*, No. 1: 20-cv-00431-DAD-EPG, and *California Natural Resources Agency v. Raimondo*, No.

6   1:20-cv-00426-DAD-EPG. The Plaintiffs in this case declined to agree to any such stay. As a result, on

7   April 5, 2021, Federal Defendants filed a motion to stay this case through May 12, 2021. (Doc. 141.)

8   Over Plaintiffs' opposition (Doc. 144), the Court granted the requested stay. (Doc. 146.)

9           On November 1, 2021, the Court granted without prejudice the motions to dismiss as moot the

10  claims premised on Interim Contracts and compelled joinder of the absent contractors whose WIIN Act

11  Repayment Contracts are being challenged here. (Doc. 151.) Subsequently, a third amended complaint

12  ("TAC") was filed, and the absent contractors were served and filed answers. (Docs. 156–204). The

13  TAC alleges that: (1) Federal Defendants violated NEPA by failing to prepare an Environmental

14  Impact Statement ("EIS") before converting the original water service contracts into WIIN Act

15  Repayment Contracts; (2) Federal Defendants violated provisions of the CVPIA by failing to prepare

16  an EIS prior to the conversion; (3) Federal Defendants and Westlands violated 43 U.S.C. §§ 432e and

17  511 by failing to ensure that the converted WIIN Act Repayment Contracts were validated in state

18  court; (4) approval of Westlands' WIIN Act Repayment Contract violated various provisions of the

19  CVPIA and other components of federal Reclamation Law. (*See generally* TAC, ¶¶ 139–192.)

20          Throughout late 2021 and early 2022, the parties to *CBD* were briefing cross-motions for

21  summary judgment in that case, addressing the following issues, among others: whether Reclamation

22  acted unlawfully by converting existing water service contracts into WIIN Act Repayment Contracts

23  without first complying with the environmental review processes set forth in NEPA or the consultation

24  processes required by the Endangered Species Act ("ESA"). (*See generally CBD*, Docs. 145, 150.)

25  Those cross motions recently became ripe for decision and were, shortly-thereafter, reassigned to the

26  undersigned. (*See CBD*, Docs. 187–88.)

27

28  [2] *Hoopa* was stayed for an extended period pending ongoing settlement negotiations. (*See Hoopa*, Docs. 83, 84.) However, settlement efforts proved unsuccessful, and the stay was recently lifted. (*See Hoopa*, Doc. 89.)

1   On June 9, 2022, Federal Defendants moved to stay this case until a ruling is issued on the

2   cross-motions in *CBD*. (Doc. 205.)

3   **ANALYSIS**

4   **A.    Motion to Stay**

5   In deciding whether to issue a stay, the Court applies the standard set forth in *Landis v. North*

6   *American Co*., 299 U.S. 248, 254 (1936). In the context of a *Landis* stay request, courts in the Ninth

7   Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay,"

8   including: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or

9   inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice

10  measured in terms of the simplifying or complicating of issues, proof, and questions of law which could

11  be expected to result from a stay." *Lockyer v Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting

12  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

13  Federal Defendants' arguments in favor of a stay largely boil down to arguments regarding

14  efficiency. They point out that Plaintiffs' first and second claims for relief here roughly mirror the first

15  two claims in *CBD*. (*Compare* TAC, ¶¶ 139–159, *with CBD*, Doc. 25, ¶¶ 131–34, 166–73). Federal

16  Defendants argue that a stay is warranted because "the outcome of the *CBD* motions will directly affect

17  the claims in this case, and has the potential to moot either particular claims at issue here or this entire

18  case" and because "a stay will avoid duplicative briefing on these issues, thus promoting judicial

19  efficiency." (Doc. 205 at 6.) Federal Defendants also contend that a stay will not cause prejudice to

20  Plaintiffs by delaying resolution of the claims in this case. (*Id*.) To the contrary, Federal Defendants

21  argue "the quickest and most efficient way to resolve whether Federal Defendants were required to

22  prepare an EIS and EA before they converted the CVP contracts under the WIIN Act is to let the CBD

23  case move forward on this issue, where summary judgment is already complete." (*Id*.)

24  Plaintiffs oppose the motion, arguing that having both sets of motions briefed and decided at the

25  same time would best promote convenience, efficiency, and economy. (Doc. 210.) Plaintiffs point out

26  that the issues that overlap between this case and *CBD* were first raised in this case in August 2020. (*Id*.

27  at 2.) Moreover, Plaintiffs have agreed to adopt the briefing filed by the plaintiffs in *CBD* on the

28

1  matters covered by the motions pending there. (Doc. 215.)[3]

2        Given that no further briefing will be necessary as to the claims raised in *CBD*, the Court could

3  resolve those claims separately from the remaining claims in this case if it is able (and finds it

4  appropriate) to do so. Yet the Court agrees with Plaintiffs that even if the Court resolves those claims in

5  favor of Federal Defendants, doing so would not necessarily moot the remaining claims in this case,

6  which appear to advance independent challenges to the WIIN Act Repayment Contracts. Moreover, the

7  Court believes it is possible—if not probable—that it will be more efficient *for the Court* to evaluate all

8  the issues in this case simultaneously. This is in part because of the enormous amount of time it takes

9  the Court to become familiar with the basic background issues in any given case of this nature. Finally,

10 given this Court's extraordinarily large caseload and the fact that several other equally complex sets of

11 motions in related water/environmental cases became ripe before the motions in *CBD*, it is likely to be

12 some time before the motions in *CBD* can be taken up by the Court, giving ample time for the

13 remaining claims in this case to be briefed.[4] Therefore, although *the parties* may experience some

14 efficiencies if the stay is granted, the Court finds those efficiencies are overwhelmed by the anticipated

15 *judicial* efficiencies that will be gained by allowing all matters in this case to be decided together.  For

16 all these reasons, the motion to stay will be denied.

17 ///

18 ///

19 ///

20 ///

21 ///

22

23

24 [3]  The Court is puzzled by Federal Defendants' objection (Doc. 216 at 2) to this proposal. Federal Defendants argue that Plaintiffs should have intervened in *CBD* if they wanted to adopt the arguments made in *CBD*. But Plaintiffs are under no obligation to do so; they have asserted their own claims in this case and have a right to litigate them. It is in part to allay

25 *Federal Defendants'* and the Court's efficiency concerns that Plaintiffs are offering to join the briefing from the *CBD* case. Such inter-case joinders are routine in related water cases before this Court and are used with great effect to avoid duplicative

26 briefing. If Federal Defendants are suggesting such joinders are legally impermissible, they should direct the Court's attention to relevant authority indicating as much.

27

28 [4]  The Court understands Federal Defendants' concern that allowing the non-duplicative claims in this case to proceed will delay resolution of *CBD*. Unfortunately, it is likely to be this Court's judicial resource emergency, not the briefing of the remaining claims that delays resolution of the claims in *CBD*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION AND ORDER**

For the reasons set forth above Federal Defendants' motion to stay (Doc. 205) is DENIED on the condition that Plaintiffs abide by their commitment to avoid duplicative briefing on those claims that overlap with the claims in the *CBD* case.

IT IS SO ORDERED.

   Dated:   **August 12, 2022**

UNITED STATES DISTRICT JUDGE