TODD KIM, Assistant Attorney General
JEFFREY N. CANDRIAN, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Bar No. 43839 (Colorado)
999 18th St. S. Terrace #370
Denver, CO 80202
jeffrey.candrian@usdoj.gov
Telephone: (303) 844-1382
Fax: (303) 844-1350
Attorney for Defendants U.S. Department of Interior,
Bureau of Reclamation

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORTH COAST RIVERS ALLIANCE, ET AL.,<br><br>                 Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL.,<br><br>                 Defendants, | CASE NO.  1:16-cv-00307-JLT-SKO<br><br>**FEDERAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**HEARING DATE: AUGUST 3, 2023**<br><br>DISTRICT JUDGE JENNIFER L. THURSTON<br><br>MAGISTRATE JUDGE SHEILA K. OBERTO |

**Table of Contents**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT .................................................................................................................. 1

    A.   Plaintiffs' 43 U.S.C. § 423e claim fails. ............................................................... 1

        1.   The plain language of 43 U.S.C. § 423e is inapplicable to the WIIN Act conversions. ................................................................................... 2

        2.   The WIIN Act contracts are valid under 43 U.S.C. § 423e and 43 U.S.C. § 511. ................................................................................................ 3

III. CONCLUSION ............................................................................................................... 4

## Table of Authorities

**Cases**

*Concerned Irrigators v. Belle Fourche Irrigation District*,
    235 F.3d 1139 (8th Cir. 2001) .................................................................................. 3

*Hooks v. Kitsap Tenant Support Servs., Inc.*,
    816 F.3d 550 (9th Cir. 2016) .................................................................................... 3

**Statutes**

43 U.S.C. § 423e ............................................................................................................. 1, 2, 3, 4

43 U.S.C. § 423f ..................................................................................................................... 2, 3

43 U.S.C. § 511 ..................................................................................................................... 1, 3, 4

43 U.S.C. §§ 371(d) .................................................................................................................... 2

Pub. L. No. 114-322 § 4011(a) ................................................................................................... 3

## I. INTRODUCTION

Plaintiffs' Memorandum in Opposition to Defendants' Motions for Summary Judgment ("Opposition or Opp'n Br."), ECF No. 235, confirms that they have withdrawn several claims and that their sole remaining claim is without merit. The Court should grant summary judgment in Federal Defendants' favor on Plaintiffs' third and fourth claims.

## II. ARGUMENT

Plaintiffs expressly withdraw their fourth claim in their Opposition. Opp'n Br. at 8. The Court should therefore grant Federal Defendants' Cross-Motion for Summary Judgment ("Cross-Motion"), ECF No. 230, on this claim. With regard to Plaintiffs' third claim, they have decided to limit that claim to an alleged violation of 43 U.S.C. § 423e. Opp'n Br. at 8. Thus, Plaintiffs have withdrawn their claim that the WIIN Act conversions allegedly violated 43 U.S.C. § 511. As to the 43 U.S.C. § 423e claim, this Court has already found the claim unpersuasive. *Hoopa Valley Tribe v. United States Bureau of Reclamation* (*Hoopa Valley*), 1:20-cv-01814-JLT-EPG, ECF No. 116, at 7, n.7. The statute, on its face, does not apply to the WIIN Act conversions. Moreover, even if 43 U.S.C. § 423e applied to the WIIN Act conversions, the Court's prior analysis confirms that the contracts are valid even if the contractor did not first obtain a state court validation under 43 U.S.C. § 423e or 43 § U.S.C. 511. For these reasons, the Court should grant Federal Defendants' Cross-Motion on Plaintiffs' third claim[1].

**A.   Plaintiffs' 43 U.S.C. § 423e claim fails.[2]**

---

[1] Because Plaintiffs' first two claims have already been briefed in the *Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, No. 1:20-cv-00706-JLT-EPG case, the parties agreed to limit summary judgment briefing in this case to Plaintiffs' third and fourth claims. ECF No. 228, ¶ 4.

[2] Plaintiffs contend that the declarations they filed with their summary judgment brief on May 29, 2018, establish standing for their third claim. Opp'n Br. at 19-20. That is incorrect. The May 29, 2018 declarations concerned the claims at issue in Plaintiffs' first amended complaint, which was filed on September 28, 2017. ECF No. 64. The third claim was not part of the first amended complaint; indeed, Plaintiffs did not assert that claim until their third amended complaint. Compare ECF No. 64 (first amended complaint) to ECF No. 156 (third amended complaint). Nevertheless, and although Plaintiffs cannot rely on the May 29, 2018 declarations to establish standing for their

Plaintiffs argue that Reclamation's WIIN Act conversions with Westlands, and other unnamed contractors, violated 43 U.S.C. § 423e because these contractors did not obtain a state court decree before they entered into WIIN Act conversions with Reclamation. Opp'n Br. at 20-21. This claim fails for two reasons. First, 43 U.S.C. § 423e does not apply to the WIIN Act conversions on its face. And second, even it did, the contracts do not violate 43 U.S.C. § 423e, as Judge Drozd's earlier decision confirms.

### 1. The plain language of 43 U.S.C. § 423e is inapplicable to the WIIN Act conversions.

Under Section 423e,

> No water shall be delivered upon the completion of any *new project or new division of a project* until a contract or contracts in form approved by the Secretary of the Interior shall have been made with an irrigation district or irrigation districts organized . . . and the execution of said contract or contracts shall have been confirmed by a decree of a court of competent jurisdiction.

43 U.S.C. § 423e (emphasis added). "Project" is defined as "a Federal irrigation project authorized by the reclamation law," and "division of a project" is defined as "a substantial irrigable area of a project designated as a division by order of the Secretary." 43 § U.S.C. §§ 371(d), (e). Further,

> [t]he purpose of sections 423 to 423g and 610 of this title is the rehabilitation of the several reclamation projects and the insuring of their future success by placing them upon a sound operative and business basis, and the Secretary of the Interior is directed to administer said sections to those ends.

43 U.S.C. § 423f.

Plaintiffs contend Section 423e applies to the WIIN Act conversions pursuant to the following argument: Because the WIIN Act conversions concern the repayment of Central Valley Project ("CVP") construction costs, and because the CVP did not exist when Section 423e was enacted in 1926, the CVP facilities qualify as a "new" project under the statute, which triggers the

---

third claim, Federal Defendants do not contest that Plaintiffs' new declarations filed with their Opposition establish standing for their third claim.

alleged requirement that the contractors needed to obtain state court validations before the WIIN Act conversions could be executed. Opp'n Br. at 22-23.

Plaintiffs' reading is squarely at odds with the plain language of the statute. The WIIN Act conversions are not "new projects" or a "new division of a project." *See Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 562 (9th Cir. 2016) ("instead of speculating as to Congress's intent or second-guessing the wisdom of the statute's plain language, [courts are to] give effect to the unambiguous words Congress actually used"). They are repayment contracts that allow for accelerated repayment of CVP construction costs. *See* WIIN Act, Pub. L. No. 114-322 § 4011(a). Further, this Court has already considered Plaintiffs' argument, and rejected it:

> Nor is Hoopa's citation to 43 U.S.C. § 423e persuasive. (*See* Doc. 104 at 12.) Section 423e provides that '[n]o water shall be delivered upon the completion of any new project or new division of a project until a contract or contracts in form approved by the Secretary of the Interior shall have been made with an irrigation district or irrigation districts organized . . . and the execution of said contract or contracts shall have been confirmed by a decree of a court of competent jurisdiction.' Plaintiff does not even attempt to explain why this language, which applies on its face only to 'any new project or new division of a project' governs the WIIN Act Repayment Contracts.

*Hoopa Valley*, ECF 116 at 7, n.7. Plaintiffs' interpretation also runs contrary to the point of the statute. Congress's goal was to rehabilitate several reclamation projects and to ensure they have a sound "operative and business basis." 43 U.S.C. § 423f. The conversion of certain contacts into repayment contracts, pursuant to a law enacted nearly 100 years after Section 423e was enacted, has no connection to the purpose of Section 423e.

**2.    The WIIN Act contracts are valid under 43 U.S.C. § 423e and 43 U.S.C. § 511.**

Plaintiffs' assertion that Judge Drozd's earlier decision "only address[ed] 43 U.S.C. section 511, and not section 432e," is incorrect. *See* Opp. Br. at 21. Judge Drozd's decision applied to 43 U.S.C. § 423e and 43 U.S.C. § 511. *See* ECF 151 at 11-13. There, Judge Drozd expressly cited 43 U.S.C. § 423e (*id*. at 11), then applied the reasoning in *Concerned Irrigators v. Belle Fourche*

3

*Irrigation District*, 235 F.3d 1139, 1144 (8th Cir. 2001), which concerned 43 U.S.C. § 511 (*id.* at 12), to conclude that the "WIIN Act Repayment Contracts can create legal rights even in the absence of judicial confirmation." *Id.* at 13.  As discussed in Federal Defendants' opening brief (ECF No. 230-1 at 20-21), Federal Defendants have not acted to void their contractual obligations with Westlands (or any other contractor) for lack of state court validation.  Therefore, the contracts remain valid and binding and do not violate 43 U.S.C. § 423e.  Plaintiffs' third claim fails as a matter of law.

## III.   CONCLUSION

For the reasons described above, and those in Federal Defendants' Cross-Motion and the Contractors' Cross-Motion (ECF No. 233), Federal Defendants respectfully request that the Court enter summary judgment in Federal Defendants' favor on Plaintiffs' third and fourth claims.

DATED: July 13, 2023.

> Respectfully submitted,
>
> TODD KIM, Assistant Attorney General
> United States Department of Justice
> Environment & Natural Resources Division
>
> /s/  *Jeffrey N. Candrian*
> JEFFREY N. CANDRIAN
> Attorney for the U.S. Department of the Interior, U.S. Bureau of Reclamation